UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS  INSTITUTE, INC.,

Plaintiff,

v.

ACQUIRED LEARNING, INC., JUDEANN
STIPE, DEAN NOVOSAT, CLARK
EDWARDS, SAGE ADVICE, LTD., and
CARL LEINBACH,

Defendants.

FILED
IN CLERK'S OFFICE

2005 SEP 14  P 2: 07

US DISTRICT COURT
DISTRICT OF MASS.

# 05  CA  11857  JLT

Civil Action No.

RECEIPT # 66886
AMOUNT $ 250.00
SUMMONS ISSUED 6
LOCAL RULE 4.1 ⌐
WAIVER FORM ⌐
MCF ISSUED
BY DPTY. CLK. M.P.
DATE 9/14/05

## COMPLAINT

The plaintiff, American Graphics Institute, Inc., for its complaint against the

defendants, Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage

Advice, Ltd, and Carl Leinbach states that:

## NATURE OF ACTION

MAGISTRATE JUDGE ⎯⎯⎯⎯ LTS

1.    This is an action for violation of 18 U.S.C. §1030(a)(4) and

§1030(a)(5), trade secret misappropriation, tortious interference with business advantage,

unfair competition, breach of duty of loyalty, violation of 15 U.S.C. §1125(a)(1), and

conversion.  Plaintiff is seeking injunctive relief as well as monetary damages.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over these claims pursuant to 28 U.S.C.

§§1331 and 1332(a)(1),(c).  This Court has venue under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

3. Plaintiff, American Graphics Institute, Inc. ("AGI"), is a Massachusetts corporation established under the laws of the Commonwealth of Massachusetts, with its principal place of business in this District, and is actively engaged in the business of providing consulting services and training courses related to computers, software, and electronic and print publishing.

4. Plaintiff has been in this business since 1995 when it was co-founded by Christopher and Jennifer Smith. From 1995-2000, plaintiff was known by the name Cyber Solutions, Inc. ("Cyber"). In 2000, Cyber changed its name to AGI.

5. Upon information and belief, defendant, Acquired Learning, Inc. ("ALI"), is a Pennsylvania corporation that transacts business in this District, with a mailing address of 1861 Charter Lane Suite 105, Lancaster, Pennsylvania. Defendant ALI is in the business of providing consulting services and training courses related to computers, software, and electronic and print publishing.

6. Upon information and belief, defendant, Judeann Stipe, is an individual who resides at 1696 Pioneer Road, Lancaster, Pennsylvania, and is employed by defendant ALI as its sales manager.

7. Upon information and belief, defendant, Dean Novosat, is an individual with a mailing address of 1514 Quarry Lane, Lancaster, Pennsylvania, and is a founder of the defendant corporation ALI.

8. Upon information and belief, defendant, Clark Edwards, is an individual with a mailing address of 495 North Oak Street, Lititz, Pennsylvania, and is a

2

founder of defendant corporation ALI.

9. Upon information and belief, defendant, Sage Advice, Ltd., ("Sage Advice") is organized in Pennsylvania, with a mailing address of 1514 Quarry Lane, Lancaster, PA 17603, and Dean Novosat operates the defendant corporation Sage Advice, Ltd.

10. Upon information and belief, defendant, Carl Leinbach, is an individual with a mailing address of 857 Clay Avenue, Langhorne, PA 19047. Defendant Leinbach is a former consultant and instructor to plaintiff AGI.

11. Defendant ALI refers to itself in trade and commerce as "ALI."

12. Defendant ALI has training locations throughout the country and its main location is at AGI's former location in Lancaster, Pennsylvania at 1861 Charter Lane, Lancaster, Pennsylvania 17605.

## FACTS

**Defendants' Improper Activities**

13. Defendants Judeann Stipe and Clark Edwards are former employees of plaintiff, AGI. Defendant Dean Novosat is a former consultant to AGI. Judeann Stipe left AGI on or about June or July 2004, and Clark Edwards left AGI on or about June 2002. Upon information and belief, Judeann Stipe, Clark Edwards and Dean Novosat formed the defendant corporation, ALI, on July 19, 2004.

14. On June 21, 2004, while defendant Stipe was still employed by AGI, an AGI customer contacted defendant Judeann Stipe for the purpose of scheduling training to be provided by AGI. Defendant Stipe did not enter this customer confirmation

3

with AGI.

15. Ten days after defendant Stipe resigned from AGI, she contacted this same AGI customer and thereafter discussed new pricing options and dates for the scheduled training with defendant ALI. Defendant ALI issued two invoices totaling $8,700 for the training it provided to this AGI customer.

16. Upon information and belief, defendants ALI, Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, and Carl Leinbach copied AGI's proprietary content from AGI's servers in Woburn, Massachusetts, including AGI's customer information and business information onto defendants' computers, and used AGI's proprietary content to solicit customers.

17. Defendants ALI, Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, and Carl Leinbach did not seek or obtain the permission prior to copying AGI's proprietary content from AGI's servers in Woburn, Massachusetts. Plaintiff has not granted ALI, Judeann Stipe, Dean Novosat, or Clark Edwards such permission.

18. Upon information and belief, defendants ALI, Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, and Carl Leinbach misappropriated and used, to AGI's detriment, confidential customer information from AGI's customer lists, which constitute AGI's trade secrets.

19. The information contained in AGI's customer lists contains information not generally available to the public. The customer lists include information such as the names, addresses, phone numbers and e-mail addresses of customer contacts. The lists also include information on the software systems, training plans, software

4

upgrade plans, software versions being used by each customer as well as other technical information.

20.    The information contained in AGI's customer list is stored in AGI database systems, including its customer database system and its customer scheduling database in Woburn, Massachusetts.

21.    AGI has confidentiality and non-disclosure agreements with many of its clients. These agreements preclude dissemination of the information stored in AGI's database systems.

22.    On multiple dates in July and August 2004, defendant Judeann Stipe and other employees of ALI and Sage Advice used forged or otherwise wrongfully obtained passwords to access AGI's secured, password protected servers located in Woburn, Massachusetts. They accessed AGI's secured servers in Woburn, Massachusetts from Stipe's home in Lancaster, Pennsylvania and from Novasat's consulting company, Sage Advice, and misappropriated more than 22,500 customer names, including more than 14,000 email records.

### Count I: Computer Fraud and Abuse – 18 U.S.C. § 1030(a)(4) By ALI, Stipe, Edwards, Novosat, and Sage Advice

23.    AGI incorporates by reference all the allegations of paragraphs 1 through 22, inclusive.

24.    Upon information and belief, on numerous occasions, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice knowingly accessed AGI's protected computer(s) without authorization and with the intent to defraud.

25.    Upon information and belief, defendant Stipe, acting on behalf of

defendant ALI, knowingly exceeded authorized access to AGI's protected computer(s) and downloaded trade secrets and confidential business information.

26.   Upon information and belief, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice have conspired with each other and embarked on a course of conduct to compete with AGI by misdirecting customers who would otherwise purchase courses or publications offered by AGI.  By knowingly accessing AGI's protected computer(s) in Massachusetts without authorization or by exceeding authorized access, defendants acted in furtherance of the scheme to misdirect customers and defraud AGI.

27.   The information obtained by defendants as a result of their wrongful access of AGI's computer(s) in Massachusetts includes AGI's valuable trade secrets, confidential business information, and other proprietary information.

28.   Because of this breach to AGI's password protected database systems, AGI has suffered losses for: (1) responding to the offense; (2) conducting damage assessment; and (3) restoring the system to its condition prior to the offense. These losses have far exceeded $5,000.

29.   AGI has also suffered harm to its reputation, goodwill, and business relationships as a result of defendants' actions.

30.   Defendants ALI, Stipe, Edwards, Novosat, and Sage Advice's wrongful conduct has also caused, and continues to cause, substantial and irreparable injury and damage to AGI in an amount not capable of determination and, unless restrained, will cause further irreparable injury, leaving AGI with no adequate remedy at law.

6

31.    Upon information and belief, defendants ALI, Stipe, Edwards,

Novosat, and Sage Advice have willfully engaged in, and are willfully engaging in, the

acts complained of with oppression, fraud, and malice, and in conscious disregard of the

rights of AGI. Plaintiff is, therefore, entitled to the maximum damages allowable.

## Count II: Computer Fraud and Abuse – 18 U.S.C. § 1030(a)(5)
## By ALI, Stipe, Edwards, Novosat and Sage Advice

32.    AGI incorporates by reference all the allegations of paragraphs 1

through 31, inclusive.

33.    Upon information and belief, on numerous occasions, defendants

ALI, Stipe, Edwards, Novosat, and Sage Advice intentionally accessed AGI's protected

computer(s) in Massachusetts without authorization.

34.    Upon information and belief, defendant Stipe, acting on behalf of

defendant ALI, knowingly exceeded authorized access to AGI's protected computer(s)

and downloaded trade secrets and confidential business information.

35.    Upon information and belief, defendants ALI, Stipe, Edwards,

Novosat, and Sage Advice have conspired with each other and embarked on a course of

conduct to compete with AGI by misdirecting customers who would otherwise purchase

courses or publications offered by AGI. By knowingly accessing AGI's protected

computer(s) in Massachusetts without authorization or by exceeding authorized access,

defendants acted in furtherance of the scheme to misdirect customers and defraud AGI.

36.    The information obtained by defendants as a result of their wrongful

access of AGI's computer(s) in Massachusetts includes AGI's valuable trade secrets,

confidential business information, and other proprietary information.

7

37.     As a result of this conduct, defendants ALI, Stipe, Edwards,

Novosat, and Sage Advice have caused losses to plaintiff AGI aggregating more than $ 5,000.

38.     Because of this breach to AGI's password protected database systems, AGI has suffered losses for: (1) responding to the offense; (2) conducting damage assessment; and (3) restoring the system to its condition prior to the offense.

39.     AGI has also suffered harm to its reputation, goodwill, and business relationships as a result of defendants' actions.

40.     Defendants ALI, Stipe, Edwards, Novosat, and Sage Advice's wrongful conduct has also caused, and continues to cause, substantial and irreparable injury and damage to AGI in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving AGI with no adequate remedy at law.

41.     Upon information and belief, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of AGI. Plaintiff is, therefore, entitled to the maximum damages allowable.

## Count III: Common Law Misappropriation of AGI's Trade Secrets By All Defendants

42.     Plaintiff incorporates by reference all the allegations of paragraphs 1 through 41, inclusive.

43.     AGI's customer information in its customer list comprises data that is secret management information and is essential to the operation of AGI's business.

8

44. AGI's customer information is kept confidential by means of secured, restricted access databases in Massachusetts. The databases can only be accessed by specific employees who have special software and know both the location of the database and the password to access that database.

45. Upon information and belief, the defendants have actively participated with each other to misappropriate AGI's trade secrets in its confidential customer list and confidential customer scheduling database, and AGI has been damaged thereby.

46. Upon information and belief, the defendants have conspired with each other and embarked on a course of conduct to compete with AGI by misappropriating AGI's confidential proprietary customer information to solicit customers who would otherwise purchase courses or publications offered by AGI.

47. Upon information and belief, as part of this scheme of conduct to compete with AGI, the defendants have improperly retained the benefit of AGI's confidential proprietary customer information without compensating AGI for its value.

48. Upon information and belief, as a direct and proximate result of their wrongful conduct, defendants have realized and continue to realize profits and other benefits rightfully belonging to AGI. Accordingly, AGI seeks an award of all profits derived by defendants ALI, Stipe, Edwards, Novosat, and Sage Advice as a result of their wrongful conduct.

49. Defendants' wrongful conduct has also caused, and continues to cause, substantial and irreparable injury and damage to AGI in an amount not capable of

determination, and, unless restrained, will cause further irreparable injury, leaving AGI with no adequate remedy at law.

50.   Upon information and belief, defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of AGI. Plaintiff is, therefore, entitled to the maximum damages allowable.

## Count IV: Trade Secret Misappropriation – Mass. G.L. ch. 93, §42 By All Defendants

51.   AGI incorporates by reference all the allegations of paragraphs 1 through 50, inclusive.

52.   Upon information and belief, each of the defendants has actively participated with each other to misappropriate and convert AGI's trade secrets and proprietary confidential information by their wrongful disclosure and use of those trade secrets and proprietary confidential information in violation of Mass. G.L. ch. 93, §42, and AGI has been damaged thereby.

53.   Upon information and belief, defendants have conspired with each other and embarked on a course of conduct to compete with AGI by misappropriating AGI's confidential proprietary customer information to solicit customers that would otherwise purchase courses or publications offered by AGI.

54.   Upon information and belief, as part of this scheme of conduct to compete with AGI, defendants have improperly retained the benefit of AGI's confidential proprietary customer information without compensating AGI for its value.

55.   Upon information and belief, as a direct and proximate result of their

10

wrongful conduct, defendants have realized and continue to realize profits and other benefits rightfully belonging to AGI. Accordingly, AGI seeks an award of all profits derived by defendants as a result of their wrongful conduct.

56. Defendants' wrongful conduct has also caused, and continues to cause, substantial and irreparable injury and damage to AGI in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving AGI with no adequate remedy at law.

57. Upon information and belief, defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of AGI. Plaintiff is, therefore, entitled to the maximum damages allowable.

## Count V: Tortious Interference With Business Advantage
## By Defendants Acquired Learning, Stipe, Edwards, Novosat, and Sage Advice

58. AGI incorporates by reference all the allegations of paragraphs 1 through 57, inclusive.

59. AGI had and continues to have business relationships with its customers and anticipates a reasonable expectancy of financial benefit to be derived from its business relationships with its customers.

60. Defendants ALI, Stipe, Edwards, Novosat, and Sage Advice had knowledge of AGI's relationships with its customers.

61. Upon information and belief, defendant Stipe knowingly and willfully made sales for her new competing company, defendant ALI, using AGI's resources.

11

62. Upon information and belief, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice interfered with AGI's business relationships by improperly obtaining information from AGI's confidential customer information from its customer database and AGI's confidential customer scheduling database in Massachusetts.

63. Upon information and belief, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice acted with the intent of steering business away from AGI to ALI.

64. Upon information and belief, AGI's loss of its business advantage with said customers is a direct result of defendants ALI, Stipe, Edwards, Novosat, and Sage Advice's conduct.

65. Upon information and belief, as a direct and proximate result of their wrongful conduct, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice have realized and continue to realize profits and other benefits rightfully belonging to AGI. Accordingly, AGI seeks an award of all profits derived by defendants ALI, Stipe, Edwards, Novosat, and Sage Advice as a result of their wrongful conduct.

66. Defendants ALI, Stipe, Edwards, Novosat, and Sage Advice's wrongful conduct has also caused, and continues to cause, substantial and irreparable injury and damage to AGI in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving AGI with no adequate remedy at law.

67. Upon information and belief, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice have willfully engaged in, and are willfully engaging in, the

12

acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of AGI. Plaintiff is, therefore, entitled to the maximum damages allowable.

### Count VI: Breach of Common Law Duty of Loyalty By Stipe

68.    AGI incorporates by reference all the allegations of paragraphs 1 through 67, inclusive.

69.    Defendant Stipe was a key AGI employee prior to her resignation.

70.    While defendant Stipe was employed by AGI, defendant Stipe used AGI resources to make sales for her new competing company, defendant ALI.

71.    Defendant Stipe has breached her common law duty of loyalty to AGI by her foregoing conduct, including her misuse and misappropriation of AGI's confidential information during her employment at AGI that was entrusted to her while she was employed at AGI, and by her otherwise acting adversely to AGI's interests as alleged hereinabove.

72.    Upon information and belief, while employed by AGI, defendant Stipe has embarked on a course of conduct to compete with AGI by misdirecting customers that would otherwise purchase courses or publications offered by AGI. As part of this scheme of misdirecting customers, defendant Stipe has misappropriated AGI's proprietary content, in undertaking a venture to compete with AGI.

73.    AGI has been damaged by defendant Stipe's breaches of her duty of loyalty to AGI.

74.    Upon information and belief, while employed by AGI, defendant Stipe willfully engaged in the acts complained of with oppression, fraud, and malice, and

13

in conscious disregard of the rights of AGI. Plaintiff is, therefore, entitled to the
maximum damages allowable.

## Count VII: Common Law Unfair Competition
### By ALI, Stipe, Edwards, Novosat and Sage Advice

75.    Plaintiff incorporates by reference all the allegations of paragraphs 1
through 74, inclusive.

76.    Upon information and belief, defendants ALI, Stipe, Edwards,
Novosat and Sage Advice have conspired with each other and embarked on a course of
conduct to compete with AGI by misdirecting customers that would otherwise purchase
courses or publications offered by AGI.

77.    Upon information and belief, as part of this scheme of unfair
competition, defendants ALI, Stipe, Edwards, Novosat and Sage Advice have
misappropriated AGI's proprietary content, including AGI's confidential customer
information, in undertaking a venture to compete with AGI.

78.    Upon information and belief, this misappropriation and use of AGI's
confidential customer information and other proprietary content has created a likelihood
of consumer confusion.

79.    Upon information and belief, defendant ALI operates from the same
location previously occupied by plaintiff AGI. This is likely to lead to consumer
confusion.

80.    Upon information and belief, defendants business name, ALI, is
strikingly similar to plaintiff's business name, AGI, and is likely to lead to consumer
confusion.

14

81.    As a direct and proximate result of their wrongful conduct, defendants have realized and continue to realize profits and other benefits rightfully belonging to AGI. Accordingly, plaintiff AGI seeks an award of all profits derived by defendants as a result of their wrongful conduct.

82.    Defendants ALI, Stipe, Edwards, Novosat and Sage Advice's wrongful conduct has also caused, and continues to cause, substantial and irreparable injury and damage to AGI in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving plaintiff AGI with no adequate remedy at law.

83.    Upon information and belief, defendants ALI, Stipe, Edwards, Novosat and Sage Advice have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of plaintiff AGI. AGI is, therefore, entitled to the maximum damages allowable.

84.    Defendants' aforesaid acts constitute unfair competition with AGI under common law of the various states, including Massachusetts, and result in the unjust enrichment of defendants.

### Count VIII: Unfair Competition -- Mass. G.L. ch. 93A, §11
### By ALI, Stipe, Edwards, Novosat and Sage Advice

85.    AGI incorporates by reference all the allegations of paragraphs 1 through 84, inclusive.

86.    At all relevant times, both AGI and defendants ALI, Stipe, Edwards, Novosat and Sage Advice, have been engaged in trade or commerce.

87.    Upon information and belief, defendants ALI, Stipe, Edwards,

15

Novosat and Sage Advice have conspired with each other and embarked on a course of conduct to compete with AGI by misdirecting customers who would otherwise purchase courses or publications offered by AGI. As part of this scheme of unfair competition, defendants have misappropriated AGI's proprietary content, including AGI's confidential customer information, in undertaking a venture to compete with AGI.

88.    Upon information and belief, as part of this scheme of conduct to compete with AGI by misdirecting customers, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice have improperly retained the benefit of AGI's proprietary content without compensating AGI for its value.

89.    The conduct described above occurred primarily and substantially in Massachusetts. The database systems from which the information was misappropriated is located in Woburn, Massachusetts.

90.    Upon information and belief, as a direct and proximate result of their wrongful conduct, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice have realized and continue to realize profits and other benefits rightfully belonging to AGI. Accordingly, AGI seeks an award of all profits derived by defendants ALI, Stipe, Edwards, Novosat, and Sage Advice as a result of their wrongful conduct.

91.    Defendants ALI, Stipe, Edwards, Novosat, and Sage Advice's wrongful conduct has also caused, and continues to cause, substantial and irreparable injury and damage to AGI in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving AGI with no adequate remedy at law.

16

92.    Upon information and belief, defendants ALI, Stipe, Edwards,
Novosat, and Sage Advice's foregoing conduct constitutes unfair competition with AGI,
and unfair or deceptive acts and practices, in violation of Mass. G.L. ch. 93A, §11, and
AGI has been damaged thereby.

93.    Upon information and belief, defendants ALI, Stipe, Edwards,
Novosat, and Sage Advice's foregoing unfair competition and their use and employment
of the foregoing unfair and deceptive acts or practices was willful and knowing.

94.    Upon information and belief, defendants ALI, Stipe, Edwards,
Novosat, and Sage Advice have willfully engaged in, and are willfully engaging in, the
acts complained of with oppression, fraud, and malice, and in conscious disregard of the
rights of AGI. Plaintiff is, therefore, entitled to the maximum damages allowable.

### Count IX: Federal Unfair Competition (15 U.S.C. § 1125(a)(1)) By ALI

95.    AGI incorporates by reference all the allegations of paragraphs 1
through 94, inclusive.

96.    Plaintiff has been operating under the name AGI for approximately
five years. During that time, plaintiff AGI has become highly respected and accumulated
good will in association with its name.

97.    Upon information and belief, defendant ALI has embarked on a
course of conduct to compete with AGI by misdirecting customers that would otherwise
purchase courses or publications offered by AGI.

98.    Upon information and belief, as part of this scheme of misdirecting
customers, defendant ALI has misappropriated AGI's proprietary content, including

17

AGI's confidential customer information, in undertaking a venture to compete with AGI.

99.    Upon information and belief, this misappropriation and use of AGI's confidential customer information and other proprietary content has created a likelihood of consumer confusion.

100.    Upon information and belief, defendant ALI operates from the same location previously occupied by plaintiff AGI, offering services identical to those of AGI, using a business name, ALI, that is strikingly similar to plaintiff's business name, AGI, and using instructors and employees formerly associated with AGI. This is likely to lead to consumer confusion.

101.    Upon information and belief, Defendant ALI has used the AGI's course titles and course descriptions on defendant ALI's website and on defendant ALI's advertising materials. This is likely to lead to customer confusion.

102.    As a direct and proximate result of their wrongful conduct, defendants have realized and continue to realize profits and other benefits rightfully belonging to AGI. Accordingly, plaintiff AGI seeks an award of all profits derived by defendants as a result of their wrongful conduct.

103.    Defendant ALI's wrongful conduct has caused, and continues to cause, substantial and irreparable harm to AGI's reputation, goodwill, and business relationships.

## Count X: Common Law Conversion
## By ALI, Stipe, Edwards, Novosat and Sage Advice

104.    AGI incorporates by reference all the allegations of paragraphs 1 through 103, inclusive.

18

105. Defendants ALI, Stipe, Edwards, Novosat and Sage Advice intentionally and wrongfully exercised dominion over the AGI's customer list and confidential business information.

106. As a result of defendants ALI, Stipe, Edwards, Novosat and Sage Advice's intentional and wrongful exercise of dominion, AGI has suffered loss of goodwill, loss of reputation, and loss of business advantage.

107. Upon information and belief, as a direct and proximate result of their wrongful conduct, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice have realized and continue to realize profits and other benefits rightfully belonging to AGI. Accordingly, AGI seeks an award of all profits derived by defendants ALI, Stipe, Edwards, Novosat, and Sage Advice as a result of their wrongful conduct.

108. Defendants ALI, Stipe, Edwards, Novosat, and Sage Advice's wrongful conduct has also caused, and continues to cause, substantial and irreparable injury and damage to AGI in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving AGI with no adequate remedy at law.

109. Upon information and belief, defendants ALI, Stipe, Edwards, Novosat, and Sage Advice have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of AGI. Plaintiff is, therefore, entitled to the maximum damages allowable.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff AGI respectfully requests judgment against defendants as follows:

(a)    ordering defendants to remove all copies of AGI's proprietary content and confidential customer information from defendants' computer files, hard drives, servers, diskettes, backups, and course materials;

(b)    ordering defendants to deliver up for destruction unauthorized materials, including all discs, drives or other storage or print media, that contain unauthorized copies of AGI's proprietary content and confidential customer information;

(c)    ordering defendants to account for and pay to AGI all profits wrongfully derived by defendants through their use of AGI's proprietary content and confidential customer information, and their willful unfair competition;

(d)    determining and awarding AGI its damages and injunctive relief as for as set forth in 18 U.S.C. 1030(g) for defendants' deliberate and willful violation of 18 U.S.C. § 1030(a)(4) as alleged in Count I of the complaint;

(e)    determining and awarding AGI its damages and injunctive relief as set forth in 18 U.S.C. 1030(g) for defendants' deliberate and willful violation of 18 U.S.C. § 1030(a)(5) as alleged in Count II of the complaint;

(f)    determining and awarding AGI its damages and injunctive relief for defendants' deliberate and willful misappropriation of trade secrets as alleged in Count III of the complaint;

(g)     determining and awarding AGI its damages, statutory double damages and injunctive relief for defendant's deliberate and willful misappropriation of trade secrets in violation of Mass. G.L. ch. 93, §42 as alleged in Count IV of the complaint;

(h)     determining and awarding AGI its damages and injunctive relief for defendants' deliberate and willful tortious interference with AGI' business advantage as alleged in Count V of the complaint;

(i)     determining and awarding AGI its damages for defendant Stipes' deliberate and willful breach of the duty of loyalty under the common law of Massachusetts as alleged in Count VI of the complaint;

(j)     determining and awarding AGI its damages for defendants' deliberate and willful unfair competition and conscious disregard of the rights of AGI as alleged in Count VII of the complaint;

(k)     determining and awarding AGI its damages and awarding statutory treble damages for defendants' deliberate and willful violation of Mass. G.L. ch. 93A, §11 as alleged in Count VIII of the complaint;

(l)     determining and awarding AGI its damages as set forth in 15 U.S.C. § 1117(a) for defendants' deliberate and willful violation of 15 U.S.C. §1125(a)(1) as alleged in Count IX of the complaint;

(m)     determining and awarding AGI its damages for defendants' deliberate and willful conversion of AGI's property as alleged in Count X of the complaint;

21

(n)     awarding AGI its cost of suit and attorneys' fees;

(o)     enjoining defendants and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therewith, from further computer fraud, unfair competition, trade secret misappropriation and unauthorized use of AGI's proprietary content and confidential customer information; and

(p)     granting AGI such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff AGI hereby demands a jury trial on all issues so triable in this action.

AMERICAN GRAPHICS  INSTITUTE, INC.

By their attorneys,

Dated: September 14, 2005

John L. DuPré    (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:  (978) 341-0136

#572114

22

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
American Graphics Institute, Inc.

**DEFENDANTS**
Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd. and Carl Leimbach

**(b)** County of Residence of First Listed Plaintiff     Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     Lancaster, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hamilton, Brook, Smith & Reynolds, P.C., 530 Virginia Road, PO Box 9133, Concord MA 01742-9133 (978)341-0036

Attorneys (If Known)
Drohan, Hughes, Tocchio & Morgan, P.C.

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

| | |
|---|---|
| ❏ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ❏ 2 U.S. Government Defendant | ❏ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**05 CA 11857 JLT**

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | | | Under Equal Access |
| | Employment | | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | | | ❏ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ❏ 440 Other Civil Rights | | | |

**PERSONAL INJURY**
❏ 362 Personal Injury - Med. Malpractice
❏ 365 Personal Injury - Product Liability
❏ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
❏ 370 Other Fraud
❏ 371 Truth in Lending
❏ 380 Other Personal Property Damage
❏ 385 Property Damage Product Liability

**PRISONER PETITIONS**
❏ 510 Motions to Vacate Sentence
Habeas Corpus:
❏ 530 General
❏ 535 Death Penalty
❏ 540 Mandamus & Other
❏ 550 Civil Rights
❏ 555 Prison Condition

## V. ORIGIN    (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from another district (specify) | ❏ 6 Multidistrict Litigation | ❏ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. § 1030(a)(4) and 18 U.S.C. § 1125(a)(1)
Brief description of cause: This is an action for misappropriation of trade secrets; computer fraud in (continued below)

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
To be determined

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  9/14/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

(cause continued): violation of 18 U.S.C. § 1030(a)(4); common law unfair competition; unfair competition under 15 U.S.C. § 1125(a)(1); breach of duty of loyalty; violation of Mass. G.L. ch. 93A § 11; tortious interference with business advantage; common law conversion. Damages and injunctive relief are sought against the Defendants.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) ___ American Graphics Institute, Inc. v. Acquired Learning, Inc. ___

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___    I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_    II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ___    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

    ___    IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 630, 640, 690, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

    ___    V.    150, 152, 153.

**05 CA 11857 JLT**

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    ___ American Graphics Institute and Christopher Smith v. Acquired Learning, Inc., System Solution Inc, Judeann Stipe, Dean Novosat, Clark Edwards, and Richard Wein    Civil Action No. 04-12611-JLT ___

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES ☐        NO ☒*

*Similar claims are currently pending against some of the same defendants in Civil Action No. 04-12611-JLT
5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                          YES ☐        NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                  N/A    YES ☐        NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES ☐        NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                          YES ☒        NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division  ☒          Central Division  ☐          Western Division  ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

                                                  N/A

          Eastern Division  ☐          Central Division  ☐          Western Division  ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                          YES ☐        NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ Giovanna H. Fessenden _____
ADDRESS _____ 530 Virginia Road, P.O. Box 9133, Concord, MA 01742 _____
TELEPHONE NO. _____ (978)341-0036 _____

(#573437v1<iManage> -Filing category form  -5/2/05)