UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, INC.
    Plaintiff

v.

ACQUIRED LEARNING, INC.,
ET. AL.
    Defendants

**05 CA 11857 JLT**

DECLARATION OF MICHAEL SILVERMAN

    I, Michael Silverman, declare that the facts set forth below are personally known to me and that if called as a witness in this case I could and would testify thereto as follows:

    1. I am a citizen of the Commonwealth of Massachusetts and am currently employed by Typefi, Inc., a developer of electronic publishing software. In my capacity as the Vice President of Sales and Marketing for Typefi I work with publishers and vendors providing services and technologies to publishers. I have previously held sales management positions at other companies providing services and equipment to publishers, and I have also worked as a sales consultant.

    2. In my professional career prior to joining Typefi, Inc. and in my current capacity I have worked with Christopher Smith and Jennifer Smith, the founders of American Graphics Institute. I consider both Christopher and Jennifer to be experts in electronic publishing software. I know first-hand of the many books they have authored, and the respect they and their firm have earned over more than ten years.

    3. I have previously worked as an independent consultant for American Graphics Institute, assisting them with their sales and marketing strategy.

4. In my experience as a sales manager in the electronic publishing industry, customer lists are valuable property. If they contain historical sales data, or data about customer inquiries or preferences, they are useful as a sales tool in determining which customers to call upon and where to direct sales efforts.

5. Businesses that use electronic publishing software are generally reluctant to provide detailed information to persons outside their firm regarding the software they use, the versions they use, the number of software users, their training needs, their plans to upgrade software, and the person responsible for decisions regarding these events and activities. This information is often considered confidential or sensitive.

6. A comprehensive customer list compiled by a training provider over ten years in business, such as AGI, is an invaluable asset, especially because much of this information is closely guarded by most client companies.

7. Information about software systems being used, training plans, software upgrade plans, software versions being used and other technical information is very difficult to obtain and typically would only be provided to an organization or individual that has established a great deal of trust and good will with a client.

8. As I have worked in the publishing industry for more than a decade, and I personally know and work with many publishers, I am aware that Christopher Smith and Jennifer Smith and their company, AGI, command a high level of respect among users of electronic publishing software.

9. It is my experience that many users of electronic publishing software and many firms and organizations using electronic publishing software are inclined to provide sensitive business critical

information to Christopher Smith, Jennifer Smith and AGI while they would be reluctant to provide this information to other individuals. In my experience having worked with AGI as a consultant, the information that clients would provide to the Smith's or AGI is much greater than any person could ever obtain simply by calling a company or searching publicly available information.

10. If a customer list compiled over ten years by persons as prominent as the Smith's or their business, AGI, were to be taken and used continuously by a competitor it would have an irreversible negative impact on the original owner of the list and its negative financial impact may be immeasurable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this 31st day of August, 2005 in Ashland, Massachusetts.

Michael Silverman