UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, INC.
    Plaintiff

v.

ACQUIRED LEARNING, INC.,
ET. AL.
    Defendants

DECLARATION OF CYNDIE SHAFFSTALL

I, Cyndie Shaffstall, declare that the facts set forth below are personally known to me and that if called as a witness in this case I could and would testify thereto as follows:

1. I am a citizen of the State of Colorado and am currently contracted by Quark, Inc., a developer of electronic publishing software located in Denver, CO, and owner of ThePowerXChange, LLC, a software-distribution company. In my capacity as the director of QuarkAlliance programs for Quark, Inc., I develop and maintain relationships with Quark, Inc.'s training and other partners. American Graphics Institute (AGI) is a member of the QuarkAlliance program, as are other firms that provide services competitive to those offered by AGI.

2. In my professional career prior to joining Quark, Inc., and in my current capacity, I have worked with Christopher Smith and Jennifer Smith, the founders of American Graphics Institute. I, and others in this industry, consider both Christopher and Jennifer to be experts in electronic-publishing software. Their prominence as authors of many books, lecturers, and advisors to many significant publishing organizations has earned them a high degree of respect within the industry. I have personally suggested them as speakers at national and international trade events because of their prominence, expertise, and



the respect they command among publishers.

     3. Businesses that use electronic publishing software are generally reluctant to provide information to persons outside their firm regarding the software they use, the versions they use, the number of software users, their training needs, their plans to upgrade software, and the persons responsible for decisions regarding these events and activities. A comprehensive customer list compiled by a training provider over ten years in business, such as AGI, is a tangible asset, especially so since much of this information is closely guarded by most companies. Information such as this is very difficult to obtain and would only be provided to an organization that has established a great deal of trust and goodwill in the publishing industry.

     4. As I know and work with many prominent publishers, I am aware that Christopher Smith and Jennifer Smith and their company, AGI, command a high level of respect among users of electronic-publishing software. It is my experience that many users of electronic-publishing software and many firms and organizations using electronic-publishing software are inclined to provide sensitive, business-critical information to Christopher Smith, Jennifer Smith, and AGI, while they would be reluctant to provide this information to an individual without their prominence and respect. Simply put, the information that a business would provide to the Smiths or AGI is much greater than any person could ever obtain simply by calling a company or searching publicly available information.

5. If a customer list compiled over ten years by persons as prominent as the Smiths or their business, AGI, were to be taken and used by a competitor, it would have an un-reversible, negative impact on the original owner of the list and its negative financial impact may be immeasurable.



I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and accurate.

Executed this __26__ day of August 2005 in __Lakewood__, Colorado.

_____

Cyndie Shaffstall

