UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC.<br>Plaintiff,<br><br>v.<br><br>ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH<br>Defendants. | C.A. No. 05-11857-JLT |

**AFFIDAVIT OF CLARK EDWARDS IN OPPOSITION TO MOTION FOR PRELIMINARY INJUCNTION**

I, Clark Edwards, hereby depose and state as follows, based on my personal knowledge and my review of documents:

1. I am President and co-owner of Defendant Acquired Learning, Inc. ("Acquired Learning"), which is a Pennsylvania company engaged in the business of providing computer consulting services and computer training. I submit this affidavit in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction.

2. From September 2000 through March 2, 2002, I was employed as the Finance Manager, and at times referred to as the CFO and or Treasurer, at America Graphics Institute, Inc. ("AGI") and, before that, at CyberSolutions, Inc. ("CyberSolutions"), another business venture of Plaintiff Christopher Smith ("Smith"). Around the time that I started, CyberSolutions was ending its business and operations, and AGI essentially took over the work that CyberSolutions had been doing with SSI and others.

3. In April or May of 2004, a full two years after my employment ended with the Plaintiff, I was contacted by a friend of seven years, Dean Novosat, and he explained to me that

AGI Training would be closing their office in Lancaster, Pennsylvania. We thought that this closing would result in a "hole" in the training field in the South central Pennsylvania area. Mr. Novosat and I decided that we would pursue opening a classroom facility.

4. Acquired Learning, Incorporated was formed by and only by Dean Novosat and Clark Edwards. Plaintiff continues to assert that Judeann Stipe was involved in the formation of Acquired Learning Incorporated. Judeann Stipe was not involved in the creation or formation of Acquired Learning Incorporated and has no ownership thereof.

5. Judeann Stipe began working as an employee of Acquired Learning Incorporated in September 2004, in the capacity of Sales Manager.

6. Plaintiff states that their system was accessed from a specific IP address 68.82.227.55.and that confidential information consisting of a customer data base was downloaded. Plaintiff is well aware of the ownership of said IP address and has failed to disclose to the court the ownership of said address in their request for Preliminary Injunction. See Stipe Affidavit.

7. I, Clark Edwards and Acquired Learning Incorporated have never owned, used, or otherwise accessed any information from the IP address 68.82.227.55 Plaintiff identifies. See Stipe Affidavit.

8. The Plaintiff has asked for relief without identifying just whom Acquired Learning Incorporated should not contact.

9. The Plaintiff states that they have amassed an extensive customer list and make claims of value and confidentiality. The Plaintiff has and is currently marketing their "valued" customer list for sale to the general public on two different web sites.

- 3 -

10.  The Plaintiff engaged a forensic company to analyze the Plaintiffs computer systems to determine if the Plaintiffs computer systems had been comprised. Elysium Digital LLC, the forensic company engaged by the Plaintiff states clearly in their report that no "hacking" had occurred, yet Plaintiff continues to assert and allege this has taken place.

11.  Based upon these facts, I, Clark Edwards ask for all the charges and allegations against us be dropped by the court.

12.  The Plaintiff has a repetitive habit of suing past employees of AGI. We can no longer afford to defend ourselves from the frivolous nature of this and other actions taken by the Plaintiff.

13.  I ask the court to show mercy on me, Acquired Learning Incorporated and all named defendants and dismiss all charges.

Signed this 17th day of October 2005 under the pains and penalties of perjury.

*Clark Edwards* (signature)
Clark Edwards