C.A. No. 05-11857-JLT

## Affadavit of Carl Leinbach

1. I reside at 857 Clay Avenue, Langhorne, Pennsylvania.
2. I provide services for software training as a free-lance trainer.
3. In my role as free-lance trainer I provided services for training firms including, Plaintiff, American Graphic Institute, Inc. ("AGI").
4. I have no written or other contract with the parties to this litigation.
5. As a freelancer, I have never entered into a non-compete and/or non-disclosure agreement with the parties of this litigation.
6. I have in the past provided services as a freelance trainer for American Graphic Institute (AGI), Inc.
7. From November 2000 through September 2001 I was employed on a full-time basis by AGI, in its Blue Bell, Pennsylvania facility.
8. After September 2001 I left full-time employment with AGI, but continued to provide services to AGI on a contracting basis.
9. After September 2001 I provided services to other companies than AGI on a contacting basis.
10. As a trainer doing business for AGI, I was required to have contact with customers of AGI.
11. As a trainer doing business for AGI, I was provided with scheduling software and secure login information to access AGI's customer scheduling database.
12. AGI's customer scheduling database, contained information including but not limited to contact persons, their contact information and scheduling information for services provided to customer of AGI.
13. I was provided access to AGI's scheduling software until the Summer of 2004.
14. While providing services on behalf of AGI I was permitted and encouraged to examine my scheduled training sessions utilizing the scheduling software of AGI.
15. In order to access the scheduling software of AGI I was provided an access code/password for entry into the system that was stored in the preferences of the program, and automatically executed upon launching the program..
16. Upon the conclusion of my scheduled training on behalf of AGI it was not possible for me to access the scheduling software of the company.
17. In my role as a freelance trainer for AGI I provided services to a customer of AGI identified as Harley-Davidson.
18. The programs in which I provided services to Harley-Davidson on behalf of AGI, were in Premiere Pro levels I and II, After Effects and Photoshop Levels I and II.
19. The services I provided to Harley-Davidson on behalf of AGI, were completed during the Summer and Fall of 2004.
20. It was my understanding that AGI was in the process of leaving the Lancaster location in the Spring or Summer of 2004.
21. While providing services on behalf of AGI, I became acquainted with Defendant, Judeann Stipe who at one time was also providing services for AGI.
22. During the Summer of 2004 I became aware that Defendant, Judeann Stipe became involved in a business relationship with a training company identified as Defendant, Acquired Learning, Inc.
23. At the time of my last class with Harley-Davidson, Inc. in Lancaster, AGI

24. maintained very limited if any support staff and the facility was generally empty.
25. While providing services on behalf of AGI to employees of Harley-Davidson I became acquainted with a student from Harley-Davidson who provided me his business card.
25. The employee of Harley-Davidson who provided his business card offered to provide a personal guided tour of a Harley-Davison facility in York, Pennsylvania.
26. The relationship developed between myself and the individual from Harley-Davidson was personal in nature.
27. During my final training session(s) on behalf of AGI to Harley-Davidson students, one of the students asked if I could identify the instructor assigned to the Illustrator Training to occur in the future.
28. Of my own volition upon receiving the request for the identity of the instructor for the Illustrator Training Session for Harley-Davidson, I attempted to access the scheduling software of AGI to provide the information requested.
29. I was unable to access the scheduling software of AGI to identify the instructor of the Illustrator Session scheduled to occur at some date in the future.
30. Apparently my access to AGI's scheduling software was revoked when the main office was moved to Woburn, Massachusetts.
31. Defendant, Judeann Stipe, was personally aware that I had received a business card from the employee of Harley-Davidson.
32. I received an e-mail from Defendant, Judeann Stipe in August of 2004 requesting contact information from Harley-Davidson from the business card she knew I had in my posession..
33. Within a few days of attempting to access the scheduling software of AGI, I was contacted by Defendant, Judeann Stipe who sought the information set forth herein above.
34. I was aware that I could not access the scheduling software of AGI to provide Defendant, Judeann Stipe with the contact information requested.
35. Even though I could not access AGI's scheduling information I recalled that Harley-Davidson had an Illustrator Training session remaining with AGI.
36. I indicated to Defendant, Judeann Stipe that someone from Harley-Davidson (not the main contact) mentioned in passing something about obtaining Flash training in the future.
37. I provided the information contained on the business card from the employee of Harley-Davidson to Defendant, Judeann Stipe.
38. The information provided was the following: "Dale Toomey, dale.toomey@harley-davidson.com, 1425 Eden Road, York, Pennsylvania 17402, phone 717 852-6713.
39. It was my recollection that the contact for Harley-Davidson to AGI according to my previous experience on behalf of AGI (and in their sscheduling software) was not the same individual identified to Defendant, Judeann Stipe, but rather a female whose name I can not recollect.
40. I do not recollect Defendant, Judeann Stipe requesting additional information from me beyond that identified herein above.

41. At the present time I do not provide services to any of the parties to this litigation.
42. Presently I am self-employed as photographer and as a digital studio consultant to the photographic industry.

Signed under the pains and penalties of perjury.

_____         October 11, 2005
Carl S. Leinbach                        Date