UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH,<br><br>    Defendants. | Civil Action No. 05-11857-JLT |

**PLAINTIFF AMERICAN GRAPHICS INSTITUTE'S
OBJECTION TO DEFENDANTS JUDEANN STIPE AND DEAN NOVOSAT'S
REQUESTS TO SET ASIDE DEFAULT**

Plaintiff American Graphics Institute, Inc. ("AGI") hereby opposes the requests to set aside default made by Defendants Judeann Stipe and Dean Novosat. Default has already been entered against two other Defendants, Acquired Learning, Inc. and Sage Advice, Ltd., in this matter. Further, in the papers that Defendants have filed, they have not presented a meritorious defense. In fact, Defendant Stipe admits that she did access AGI's customer database, which is a violation of 18 U.S.C. §1030(a). Thus, the efforts of Defendants Judeann Stipe and Dean Novosat to avoid the default process against them is simply a tactic to postpone the inevitable.

An entry of default may be set aside upon a showing of "good cause" See Fed. R. Civ. P. 55(c); see also Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004). The party seeking to set aside the default bears the burden of demonstrating

good cause for the removal of a default.  See KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003).

There is no precise formula for determining whether the defaulting party has met its burden of demonstrating good cause and each case must necessarily turn on its own unique circumstances.  See KPS & Assocs., 318 F.3d at 12.  In making its determination, factors that the Court may consider include: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion to set aside entry of default.  See KPS & Assocs., 318 F.3d at 12-13; see also, United States v. $ 23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) (discussing that the relevant factors of the good cause standard are "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.").  Depending upon the situation, the Court may exercise its discretion when according dispositive weight to one of the familiar factors or other relevant equitable factors.  See KPS & Assocs., 318 F.3d at 12-13.

Here, the Defendants failed to appear at the December 5, 2005 hearing on the Plaintiff's Motion for Preliminary Injunction.  As a result, an Entry of Default was entered against Defendants Stipe, Novosat, Edwards and Leinbach on that date.  See Entry of Default, entered December 5, 2005.  An Entry of Default had previously been entered against Defendants Acquired Learning, Inc. and Sage Advice, Ltd. on November 8, 2005.

By way of non-notarized letters addressed to the Court, both Defendants Stipe and Novosat now request that the Court "have the Notice of Default lifted." In each of the virtually identical letters, Defendants submit that they were not notified of the December 5 Hearing by opposing counsel or the Court and, therefore, had no way to know that their presence at the hearing was mandatory. Defendants further state that if they had been "notified properly" then they would have attended the hearing. Defendants also note that they appear in this matter pro se.

Despite these assertions, the circumstances in this case support a denial of the Defendants' request to set aside the Default. First, the nature of the Defendants' explanation for their failure to appear based on of lack of notice is dubious. In their letters, the Defendants do <u>not</u> state that they were completely unaware that a hearing was to take place on the above matter. Rather, they rest on the assertion that they were unaware that their "presence was mandatory" at the hearing. The fact that the Defendants assert that they represent themselves in this matter presents a further contradiction. If the Defendants knew that a hearing on the Motion for Preliminary Injunction was to take place, and they were aware that no one would appear on their behalf to defend them in this matter, it is curious that they would be able to assume that their presence was not mandatory.

Moreover, both Defendants Stipe and Novosat have counsel of record in a related case in this Court, Civil Action No. 04-12611-JLT, Attorney Jason Morgan. Attorney Morgan formally accepted service of the Complaint and the Motion for Preliminary Injunction on behalf of Defendants Stipe and Novosat in the instant matter. The related case was also scheduled for hearing on December 5, 2005, before this Court, and

3

Attorney Morgan appeared on behalf of the Defendants on that matter. At the commencement of the hearing on the preliminary injunction in the instant matter, Attorney Morgan spoke on behalf of the Defendants, however, he did not enter an appearance in the case. Despite Attorney Morgan's efforts, the Defendants were defaulted.

Further evidence countering the Defendants' lack of notice excuse appears in Defendant Novosat's December 15, 2005 letter to the Court. In that letter, he indicates that traveling to Boston to attend hearings before this Court would present "extreme personal and financial hardship." He further requests a change of venue based on the fact that the Defendants are located in Pennsylvania.[1] Whether or not Defendant Novosat's failure to appear was based on his financial considerations is relevant to whether he willfully failed to appear on December 5, 2005. Defendant Novosat's unsupported statement is insufficient to set aside his default.

Although another relevant factor in considering whether the Defendants have met their burden of demonstrating good cause is that the Defendants appear pro se, this factor alone is not dispositive. Both Stipe and Novosat have individually filed pro se affidavits in this matter, and were well aware of how to contact the Court. Moreover, between this matter and the related copyright matter in Civil Action No. 04-12611-JLT, Defendants Stipe and Novosat have had three separate firms deal with Plaintiff's counsel and have had ample exposure to the legal processes in this Court. Defendants addresses are entered in the record for this case, and the publicly available docket provided clear notice of the hearing.

---

[1] The ability of defendants to request a change of venue in this case has long since been waived. See Rule 12(h)(1) Fed. R. Civ. P.

4

Finally, in determining whether to set aside the entry default, it is respectfully submitted that the Court should consider that the Defendants have not presented a meritorious defense. See KPS & Assocs., 318 F.3d at 14. Among other things, Defendant Stipe's telling admission that she did access the AGI customer database, which is in violation of 18 U.S.C. § 1030(a), demonstrates the futility of continuing this matter further. See e.g., Plaintiff AGI's Supplemental Memorandum in Support of its Motion for Preliminary Injunction, filed November 22, 2005. Setting aside the default, therefore, would only prolong the inevitable finding of liability against the Defendants on this and the other counts of the Complaint and put Plaintiff to the additional burden and exposure of preparing for and appearing at a second hearing before this Court on the Motion for Preliminary Injunction. In addition, there is nothing in the Defendants' submission that would allow the Court or Plaintiff's counsel to conclude, with a strong level of confidence, that the Defendants would appear at any future hearing that the Court may schedule.

## CONCLUSION

For the above-stated reasons, the Defendants have not met their burden of demonstrating good cause to set aside entry of default against them. As such, entry of default against Defendants Judeann Stipe and Dean Novosat is proper. Plaintiffs therefore respectfully request that the Court deny Defendants Judeann Stipe and Dean Novosat's Motion to Set Aside Default.

AMERICAN GRAPHICS INSTITUTE, INC.

By its attorneys,

Dated: December 22, 2005

/s/ Giovanna H. Fessenden
John L. DuPré   (BBO No. 549659)
David J. Brody   (BBO No. 058200)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:   (978) 341-0136

CERTIFICATE OF SERVICE

I, Giovanna Fessenden, hereby certify that on December 22, 2005, service of the foregoing was made on all defendants by mail.

/s/ Giovanna H. Fessenden
Giovanna H. Fessenden

593990