UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC.<br>Plaintiff,<br><br>v.<br><br>ACQUIRED LEARNING, INC., JUDEANN<br>STIPE, DEAN NOVOSAT, CLARK<br>EDWARDS, SAGE ADVICE LTD. and<br>CARL LEINBACH,<br>Defendants. | Civil Action No. 05-11857 JLT |

## AFFIDAVIT OF JUDEANN STIPE IN OBJECTION TO PLAINTIFF AMERICAN GRAPHIC INSTITUTES OBJECTION TO DEFENDANTS REQUEST TO SET ASIDE DEFAULT

I, Judeann Stipe, hereby oppose the objection of Plaintiff American Graphics

Institute to set aside the default based upon the following facts:

1. Default has already been filed against Acquired Learning, Inc because

Acquired Learning, Inc. is no longer in business.

2. There is good cause for the removal of default since I was never notified either

by telephone, email, fax, or letter, that a hearing had been scheduled. If I had been

notified that a hearing was to be held, I could have represented myself, or hired counsel

to represent me at the hearing. This, in itself, is sufficient reason to remove the default.

3. I was totally unaware that a hearing had been scheduled and I was unaware that

I needed to be present at any such hearings.

4. In Plaintiff's affidavit "Plaintiff American Graphic Institute's Objection to

Defendants Judeann Stipe and Dean Novosat's Request to Set Aside Default", page three

and four incorrectly states that Attorney Jason Morgan represents me in this case. This is

false. Attorney Morgan informed AGI's counsel that he no longer represented me in this matter both via phone and email in November 2005. Morgan has already contacted Plaintiff's counsel to correct this inaccurate information.

5. My admission to accessing the AGI database in no way reflects that I did this with malice or to steal any confidential records. In fact, I have presented evidence as to why this was done and AGI's computer expert acknowledged no wrong doing or damage was done on my part. I have submitted evidence to support both dates that I accessed the database, July 12 & 14, was to obtain information of non payment of my commissions owed to me. As a matter of fact, I was still assisting Jennifer Smith with the transition of my accounts and was in communication with her via phone and email until mid August. AGI never took away my computer access privileges or passwords as was previously stated. I simply did no wrongdoing in this case, which a trial would prove.

6. Plaintiff suggests that I have had 3 different legal firms deal with them on this matter as well as Civil Action NO. 04-12611-JLT. This is untrue. To date, I have had 3 firms dealing with the case listed above, but never have been represented for the current case. If the court investigates, they will find this to be true.

7 Plaintiff suggests that setting aside the default would only prolong the inevitable finding of liability against me. This is simply untrue. As it stands, I have proof that will exonerate me from all charges brought against me and if it goes to court, I would be found innocent.

## CONCLUSION

For the above stated reasons, Defendant Judeann Stipe demonstrates good cause for removal of default. Since there was no notice given to Defendant of any hearing, whether mandatory or not, the default judgment must be lifted.

Signed under the pains and penalties of perjury.

Judeann Stipe

Dated January 5, 2005