UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, INC.,

    Plaintiff,

v.

ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH,

    Defendants.

Civil Action No. 05-11857-JLT

## DEFAULT JUDGMENT AGAINST DEFENDANTS ACQUIRED LEARNING, INC. AND SAGE ADVICE, LTD.

    Tauro, D.J.

Defendants Acquired Learning, Inc. and Sage Advice, Ltd. having failed to plead or otherwise defend in this action and their defaults having been entered,

Now, upon application of plaintiff and affidavits demonstrating that neither defendant Acquired Learning, Inc. nor Sage Advice, Ltd. is an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred damages as a result of defendants' actions.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     This Court has jurisdiction over the defendants, and over the subject matter of this action.

2.     The plaintiff American Graphics Institute, Inc. ("AGI") owns and controls trade secrets and confidential customer information in its customer lists and customer databases it maintains on a protected computer system ("Customer

Information"), which is essential to the operation of AGI's business. AGI's Customer Information constitutes protected trade secrets under Massachusetts law and defendants disclaim any and all right, claim, title, and interest in the trade secrets.

3. At all relevant times, AGI had and continues to have economically beneficial business relationships with its customers, including but not limited to Education Testing Systems, Inc. and Adobe Systems, Inc., and anticipates a reasonable expectancy of financial benefit to be derived from its business relationships with its customers.

4. Plaintiff AGI has been operating under the name AGI for approximately five years. During that time, AGI has become highly respected and accumulated good will in association with its name.

5. Defendants Dean Novosat and Clark Edwards operate Acquired Learning, Inc. ("Acquired"). Judeann Stipe is a former employee of Acquired. Defendant Dean Novosat is a former consultant to Plaintiff AGI, and also operates Sage Advice, Ltd. ("Sage Advice"). Defendant Clark Edwards is the former treasurer of AGI.

6. Agents of defendants Acquired and Sage Advice on numerous occasions in July of 2004, intentionally accessed AGI's protected computers in Massachusetts without authorization, and obtained information including AGI's valuable trade secrets, confidential business information, and other proprietary information, including AGI's Customer Information thereby causing losses and harm to AGI in excess of $5,000, including but not limited to, harm to AGI's reputation, goodwill, and business

2

relationships. Such actions by defendants Acquired and Sage Advice constitute violations of 18 U.S.C. § 1030.

7. Defendants Acquired and Sage Advice beginning in the year 2004 and continuing through 2005, willfully misappropriated AGI's Customer Information and used that Customer Information to solicit customers who would otherwise purchase courses or publications offered by AGI, all in competition with AGI, and AGI has been damaged thereby. Defendants Acquired and Sage Advice at all relevant times, had knowledge of AGI's relationships with its customers and interfered with AGI's business relationships by improperly obtaining AGI's Customer Information and using that Customer Information to steer business away from AGI to defendants, and as a direct result of such acts, AGI suffered losses of its advantageous business relationship with its customers.

8. As a direct and proximate result of the above acts, defendants Acquired and Sage Advice have realized and retained profits and other benefits rightfully belonging to AGI and has caused, and are in a position to continue to cause, substantial and irreparable harm to AGI's reputation, goodwill, and business relationships.

9. Based on the alleged foregoing stipulated facts, the Court hereby orders and enjoins defendants Acquired and Sage Advice and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination with them:

    a. From accessing or attempting to access AGI's computer systems, and from using directly or indirectly any information they obtained, learned or derived from accessing AGI's computer systems in the past;

    b. From making any use, either directly or indirectly, of AGI's Customer Information, including without limitations initiating any contact with any persons, businesses, entities, agents, or anyone else associated with AGI's customers;

    c. From making any use, either directly or indirectly, of AGI's Customer Information, including without limitations initiating contact with any persons, businesses, entities, agents, or anyone else associated with AGI; and

    d. To deliver to counsel of record for AGI forthwith all copies of AGI's Customer Information in his or her or its possession, custody or control, including without limitation any and all information contained in computer files, diskettes, backups, course materials, and marketing materials.

10. Pursuant to Fed. R. Civ. P. 55(b)(2), the Court shall conduct hearings as it deems necessary and proper for the purpose of:

    a. determining and awarding AGI its damages and injunctive relief as set forth in 18 U.S.C. 1030(g) for defendants' deliberate and willful violation of 18 U.S.C. § 1030(a)(4) as alleged in Count I of the complaint;

    b. determining and awarding AGI its damages and injunctive relief as set forth in 18 U.S.C. 1030(g) for defendants' deliberate and willful violation of 18 U.S.C. § 1030(a)(5) as alleged in Count II of the complaint;

    c. determining and awarding AGI its damages and injunctive relief for defendants' deliberate and willful misappropriation of trade secrets as alleged

    in Count III of the complaint;

d. determining and awarding AGI its damages and statutory double damages for defendant's deliberate and willful misappropriation of trade secrets in violation of Mass. G.L. ch. 93, §42 as alleged in Count IV of the complaint;

e. determining and awarding AGI its damages for defendants' deliberate and willful tortious interference with AGI' business advantage as alleged in Count V of the complaint;

f. determining and awarding AGI its damages for defendants' deliberate and willful unfair competition and conscious disregard of the rights of AGI as alleged in Count VII of the complaint;

g. determining and awarding AGI its damages and awarding statutory treble damages for defendants' deliberate and willful violation of Mass. G.L. ch. 93A, §11 as alleged in Count VIII of the complaint;

h. determining and awarding AGI its damages as set forth in 15 U.S.C. § 1117(a) for defendants' deliberate and willful violation of 15 U.S.C. §1125(a)(1) as alleged in Count IX of the complaint;

i. determining and awarding AGI its damages for defendants' deliberate and willful conversion of AGI's property as alleged in Count X of the complaint; and

j. awarding AGI its cost of suit and attorneys' fees.

11.     This Court hereby sets a time period of ninety (90) days for the plaintiff American Graphics Institute, Inc. to conduct discovery on the above referenced damages and amount of damages.

ENTERED this 29 day of June, 2006, at Boston, Massachusetts.

_____
United States District Judge

634341