UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, INC.,

    Plaintiff,

v.

ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH,

    Defendants.

Civil Action No. 05-11857-JLT

## PRELIMINARY INJUNCTION

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the defendants, and over the subject matter of this action.

2. The plaintiff American Graphics Institute, Inc. ("AGI") owns and controls trade secrets and confidential customer information in its customer lists and customer databases it maintains on a protected computer system ("Customer Information"), which is essential to the operation of AGI's business. AGI's Customer Information constitutes protected trade secrets under Massachusetts law and defendants disclaim any and all right, claim, title, and interest in the trade secrets.

3. At all relevant times, AGI had and continues to have economically beneficial business relationships with its customers, including but not limited to Education Testing Systems, Inc. and Adobe Systems, Inc., and anticipates a reasonable expectancy of financial benefit to be derived from its business relationships with its customers.

1

4. Plaintiff AGI has been operating under the name AGI for approximately five years. During that time, AGI has become highly respected and accumulated good will in association with its name.

5. Defendants Dean Novosat and Clark Edwards operated Acquired Learning, Inc. ("Acquired"). Judeann Stipe is a former employee of Acquired. Defendant Dean Novosat is a former consultant to Plaintiff AGI, and operates Sage Advice, Ltd. ("Sage Advice"). Defendant Clark Edwards is the former treasurer of AGI.

6. Defendants, on numerous occasions in July of 2004, intentionally accessed AGI's protected computers in Massachusetts without authorization, and obtained information including AGI's valuable trade secrets, confidential business information, and other proprietary information, including AGI's Customer Information thereby causing losses and harm to AGI in excess of $5,000, including but not limited to, harm to AGI's reputation, goodwill, and business relationships. Such actions by defendants constitute violations of 18 U.S.C. § 1030.

7. Defendants, beginning in the year 2004 and continuing through 2005, willfully misappropriated AGI's Customer Information and used that Customer Information to solicit customers who would otherwise purchase courses or publications offered by AGI, all in competition with AGI, and AGI has been damaged thereby. Defendants, at all relevant times, had knowledge of AGI's relationships with its customers and interfered with AGI's business relationships by improperly obtaining AGI's Customer Information and using that Customer Information to steer business away from AGI to defendants, and as a direct result of such acts, AGI suffered losses of its advantageous business relationship with its customers.

8. As a direct and proximate result of the above acts, defendants have realized and have retained profits and other benefits rightfully belonging to AGI and have caused, and are in a

position to continue to cause, substantial and irreparable harm to AGI's reputation, goodwill, and business relationships.

9. Based on the alleged foregoing, the Court hereby orders and enjoins each of the defendants and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination with them:

   a. From accessing or attempting to access AGI's computer systems, and from using directly or indirectly any information they obtained, learned or derived from accessing AGI's computer systems in the past;

   b. From making any use, either directly or indirectly, of AGI's Customer Information, including without limitation, initiating contact for the purpose of conducting business related to training services in electronic and print publishing from any persons, businesses, entities, agents, or anyone else associated with AGI's customers who are listed in the attached Appendix A; and

   c. To deliver to counsel of record for AGI forthwith all copies of AGI's Customer Information in his or her or its possession, custody or control, including without limitation any and all information contained in computer files, diskettes, backups, course materials, and marketing materials.

10. This Court retains jurisdiction over the parties to enforce this Judgment and Injunction. To the extent not otherwise resolved by this Judgment and Injunction, any remaining claims in this action are dismissed.

ENTERED this 29 day of June, 2006, at Boston, Massachusetts.

United States District Judge

591221_1.DOC

Appendix A

- Adobe Systems, Inc.
- Educational Testing Services, Inc.
- Gannett
- Geisinger Health Plan
- Grey Advertising
- Hachette Filipacchi
- Hasbro
- Havas
- Hearst
- Highmark Blue Cross Blue Shield
- Houghton Mifflen
- Lancaster Newspapers, Inc.
- Managing Editor, Inc.
- Martha Stewart Living
- Omnimedia
- National Geographic
- New York Daily News
- New York Times Company
- News Corporation
- Omnicom
- Publicis Groupe
- Reader's Digest
- Rodale
- TBWA (including, but not limited to Chiat Day, World Health, LLNS)
- Time Warner, including all magazine titles published by Time (including, but not limited to, Fortune Magazine, People Magazine, Entertainment Weekly)
- Taunton, Inc.
- U.S. Government Printing Office
- Walt Disney Company
- WPP (including, but not limited to, Ogilvy & Mather, Young & Rubicam)