UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, INC.,

    Plaintiff,

v.

ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH,

    Defendants.

Civil Action No. 05-11857-JLT

## NOTICE OF DEFAULT JUDGMENT AGAINST CLARK EDWARDS

To: Acquired Learning, Inc.
1861 Charter Lane, Suite 105
Lancaster, PA 17601

Sage Advice, Ltd.
1514 Quarry Lane
Lancaster, PA 17603

Ms. Judeann Stipe
1696 Pioneer Road
Lancaster, PA 17602

Mr. Dean Novosat
1514 Quarry Lane
Lancaster, PA 17603-2467

Mr. Clark Edwards
495 North Oak Street
Lititz, PA 17543

1

Notice is hereby given that the attached Order issued for Default Judgment against Clark Edwards in the above-captioned case.

        AMERICAN GRAPHICS INSTITUTE, INC.

        By their attorneys,

Dated: July 13, 2006
        /s/ Giovanna H. Fessenden
        John L. DuPré  (BBO No. 549659)
        David J. Brody  (BBO No. 058200)
        Giovanna H. Fessenden (BBO No. 654681)
        Hamilton, Brook, Smith & Reynolds, P.C.
        530 Virginia Road
        P.O. Box 9133
        Concord, Massachusetts 01742-9133
        Telephone:  (978) 341-0036
        Facsimile:  (978) 341-0136

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by First Class U.S. Mail and/or e-mail to those indicated as non registered participants on July 13, 2006.

        /s/ Giovanna H. Fessenden
        Giovanna H. Fessenden

636278_1.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, INC.,

    Plaintiff,

v.

ACQUIRED LEARNING, INC., JUDEANN
STIPE, DEAN NOVOSAT, CLARK
EDWARDS, SAGE ADVICE, LTD., and
CARL LEINBACH,

    Defendants.

Civil Action No. 05-11857-JLT

## DEFAULT JUDGMENT AGAINST DEFENDANT CLARK EDWARDS

Tauro, D.J.

    Defendant Clark Edwards having failed to plead or otherwise defend in this action and their defaults having been entered,

    Now, upon application of plaintiff and affidavits demonstrating that defendant Clark Edwards is an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred damages as a result of defendant's actions.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.    This Court has jurisdiction over the defendant, and over the subject matter of this action.

    2.    The plaintiff American Graphics Institute, Inc. ("AGI") owns and controls trade secrets and confidential customer information in its customer lists and customer databases it maintains on a protected computer system ("Customer Information"), which

is essential to the operation of AGI's business. AGI's Customer Information constitutes protected trade secrets under Massachusetts law and defendant disclaim any and all right, claim, title, and interest in the trade secrets.

3. At all relevant times, AGI had and continues to have economically beneficial business relationships with its customers, including but not limited to Education Testing Systems, Inc. and Adobe Systems, Inc., and anticipates a reasonable expectancy of financial benefit to be derived from its business relationships with its customers.

4. Plaintiff AGI has been operating under the name AGI for approximately five years. During that time, AGI has become highly respected and accumulated good will in association with its name.

5. Defendants Dean Novosat and Clark Edwards operated Acquired Learning, Inc. ("Acquired"). Defendant Clark Edwards is the former treasurer of AGI.

6. By and through his agent, defendant Clark Edwards on numerous occasions in July of 2004, intentionally accessed AGI's protected computers in Massachusetts without authorization, and obtained information including AGI's valuable trade secrets, confidential business information, and other proprietary information, including AGI's Customer Information thereby causing losses and harm to AGI in excess of $5,000, including but not limited to, harm to AGI's reputation, goodwill, and business relationships. Such actions of the defendant Clark Edwards caused AGI to sustain a loss of money, securities and other tangible property with intrinsic value. These actions by defendant Clark Edwards constitute violations of 18 U.S.C. § 1030.

7. By and through his agent, defendant Clark Edwards beginning in the year 2004 and continuing through 2005, willfully misappropriated AGI's Customer Information and used that Customer Information to solicit customers who would otherwise purchase courses or publications offered by AGI, all in competition with AGI, and AGI has been damaged thereby. Defendant Clark Edwardsd at all relevant times, had knowledge of AGI's relationships with its customers and interfered with AGI's business relationships by improperly obtaining AGI's Customer Information and using that Customer Information to steer business away from AGI to defendant Clark Edward's corporation, Acquired, and as a direct result of such acts, AGI suffered losses of its advantageous business relationship with its customers.

8. As a direct and proximate result of the above acts, defendant Clark Edward has realized and retained profits and other benefits rightfully belonging to AGI and has caused, and is in a position to continue to cause, substantial and irreparable harm to AGI's reputation, goodwill, and business relationships.

9. Based on the alleged foregoing stipulated facts, the Court hereby orders and enjoins defendant Clark Edwards and his respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination with him:

   a. From accessing or attempting to access AGI's computer systems, and from using directly or indirectly any information he obtained, learned or derived from accessing AGI's computer systems in the past;

b. From making any use, either directly or indirectly, of AGI's Customer Information, including without limitations initiating any contact with any persons, businesses, entities, agents, or anyone else associated with AGI's customers;

c. From making any use, either directly or indirectly, of AGI's Customer Information, including without limitations initiating contact with any persons, businesses, entities, agents, or anyone else associated with AGI; and

d. To deliver to counsel of record for AGI forthwith all copies of AGI's Customer Information in his or her possession, custody or control, including without limitation any and all information contained in computer files, diskettes, backups, course materials, and marketing materials.

ENTERED this *10* day of *July*, 2006, at Boston, Massachusetts.

_____
United States District Judge

634763

4