UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS  INSTITUTE, INC., | |
| Plaintiff, | Civil Action No. 05-11857 JLT |
| v. | |
| ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD. and CARL LEINBACH, | |
| Defendants. | |

**REPORT ON STATUS OF SETTLEMENT**
**NEGOTIATIONS AND REQUEST FOR SHOW CAUSE HEARING**

The Plaintiff, American Graphics Institute, Inc. (AGI), in accordance with the Court's June 29, 2006 Order, sets forth the following report regarding the status of settlement negotiations with Defendants Judeann Stipe and Dean Novosat.  Unfortunately at this time, AGI must report that negotiations have broken down irretrievably because of Defendants' dilatory tactics, threats of bankruptcy, and pattern of strained negotiation through their use of phantom counsel.  Accordingly, AGI further respectfully requests that this Court order the Defendants Judeann Stipe and Dean Novosat to appear and show cause as to why default should not enter against them pursuant to Rule 55 of the Federal Rules of Civil Procedure.

On June 29, 2006, AGI appeared before the Court for a Motion Hearing/Status Conference related to AGI's pending Motion for Preliminary Injunction and Motion for Default Judgment as to Defendants Acquired Learning, Inc., and Sage Advice, Ltd.  At that time, the Court entered a

judgment of default against Defendants Acquired Learning, Inc., Sage Advice, Ltd., and Clark Edwards. The Court also entered an Order for Preliminary Injunction against all Defendants.

With respect to the remaining Defendants in the action, Judeann Stipe and Dean Novosat, counsel for AGI indicated that the parties were in the course of settlement negotiations and expected to resolve the matter promptly. Accordingly, the Court did not enter default or hold a teleconference, rather, the Court ordered the parties to report back to the Court regarding the status of settlement negotiations by September 27, 2006.

Subsequent to the June 29 hearing, AGI continued good faith negotiations with Defendants Stipe and Novosat. AGI negotiated with Defendants Stipe and Novosat about the terms of settlement, and the parties agreed in good faith to an agreement in principle. AGI circulated the final negotiated settlement papers, the Settlement Agreement and Final Order on Judgment and Consent, to Defendant Stipe for execution. On August 14, 2006, AGI received Defendant Stipe's executed Settlement Agreement and Final Order on Judgment and Consent. A copy of these documents is attached hereto as Exhibit A.

During the period between June 29, 2006, and the beginning of September 2006, Defendant Novosat consistently indicated that he agreed in principle to the terms of the settlement and raised no objections related to the issues that he has now raised in his September 18, 2006 letter to the Court. Specifically, on July 24, 2006, counsel for AGI sent the final settlement papers, including all requested revisions, to Defendant Novosat. As indicated in his August 1, 2006 response, Defendant Novosat stated that he would execute the settlement papers and the only outstanding issue with respect to the settlement related to the location for the delivery of certain assets of Acquired Learning, which was to be changed to AGI's attorney in Pennsylvania. See Exhibit B. On August 10, 2006, Defendant Novosat stated, "If you send me this final one, I will sign it." See Exhibit B.

Again on August 28, 2006, Defendant Novosat indicated that he had "one problem" with the settlement and this again related to the transfer of assets and did not relate in any way to the objections now raised in the Defendants' September 18, 2006 letter. A copy of the e-mail discourse between counsel for AGI and Defendant Novosat between July 7, 2006 through to September 8, 2006, is attached hereto as Exhibit B.

A breakdown in settlement negotiations began on September 7, 2006, after counsel for AGI sent the final settlement papers, already executed by Defendant Stipe, to Defendant Novosat. At that time, Defendant Novosat indicated that he had obtained new counsel to review the settlement papers and that Defendant Stipe had spoken to "someone" and needed a few minor corrections. See Exhibit B.

Shortly thereafter, a Pennsylvania attorney, Barry Solodky, contacted counsel for AGI by telephone and indicated that he represented Defendant Novosat in the matter. Attorney Solodky subsequently contacted counsel for AGI, via email, and indicated that Defendant Novosat now had major objections to the terms of the settlement related to his admission of liability. Attorney Solodky indicated that his client would petition for bankruptcy in the event that settlement was not reached and would continue to litigate the matter, ostensibly in another jurisdiction, when this Court enters a default against him. With respect to the latter contention, any personal jurisdiction attacks by Defendant Novosat, collateral or otherwise, would be baseless to the extent that this Court has already denied a Motion to Dismiss for lack of personal jurisdiction as to Defendant Novosat in a related matter Civil Action No. 04-12611-JLT and Defendant Novosat has already answered the complaint in the instant matter. A copy of the communications between Attorney Solodky and counsel for AGI are attached herewith as Exhibit C.

Despite AGI's request, Attorney Solodky refused to enter an appearance in this matter. The

effect of this refusal creates a severe hindrance to settlement of this matter in that counsel for AGI is now precluded from direct communications with Defendant Novosat, yet, Attorney Solodky's advisory role shields him from the purview of this Court. Subsequent to Defendant Novosat's retention of counsel, Defendant Stipe contacted counsel for AGI and indicated that she too objects to the terms of the settlement despite that she already executed previous settlement papers, which contained the identical terms.

With respect to the settlement, it should be noted that *the Defendants have been fully aware of the terms that they now indicate they have an objection to, since November of 2005,* as these terms were part of the attempted global settlement in the Civil Action No. 04-12611-JLT matter. Moreover, in November of 2005, both defendants reviewed these terms with their prior attorney, Jason Morgan, and lodged no objection at that time. See Exhibit D. As with Attorney Solodky, Attorney Morgan also refused to enter an appearance on the Defendants behalf in this matter and served an advisory role only.

Thus, the Defendants' new position is dubious not only because they have been fully aware of, and agreed to the terms of this settlement throughout the summer, but also because of the glaring fact that *Defendant Stipe has already admitted to the conduct that gave rise to this lawsuit*[1] and this Court has already entered an injunction against the Defendants. The Defendants' egregious acts have caused AGI to suffer remedial and investigative expenses well in excess of $5,000, which does not even factor in the ongoing harm to AGI's goodwill and reputation. Nevertheless, in the interest of resolving this matter, *AGI's settlement proposal does not even seek monetary relief from the Defendants*.

---

[1] As stated by Defendant Stipe "*I did access the [AGI] customer database as stated July 12th & 14th from my home computer using a laptop I borrowed from Sage Advice, for approximately 4 minutes each day.*" (Emphasis added.) (¶11, Affidavit of Judeann Stipe in Opposition to Motion for Preliminary Injunction, filed 10/19/05).

The practical effect of the Defendants' eleventh hour attempt to escape the inevitable is to incur added expense to AGI and further burden this Court.  For nearly a year, AGI has been consistent and accommodating to Defendants Novosat and Stipe in a good faith effort to resolve this matter.  Throughout that time, however, these Defendants have brought to the table nothing but dilatory efforts string out the matter and threats of bankruptcy.  Moreover, Defendants Novosat and Stipe have continually come before the Court with letters and miscellaneous filings, purporting to be acting *pro se*, yet acting upon the advice of phantom counsel, which has further taxed AGI's efforts to resolve the matter efficiently.  Defendants Stipe and Novosat have now exhausted AGI's patience.

Unfortunately at this point, AGI regretfully informs the Court that, to the extent that Defendants Novosat and Stipe have indicated that they will never admit liability, the negotiations have broken down irretrievably.  Accordingly, AGI respectfully requests that the Court schedule this matter for a hearing and order Defendants Novosat and Stipe to appear personally and show cause as to why default should not enter against them.


AMERICAN GRAPHICS INSTITUTE, INC.

By its attorneys,

Dated:  September 25, 2006

/s/ Giovanna H. Fessenden
John L. DuPré (BBO No. 549659)
David J. Brody (BBO No. 058200)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:  (978) 341-0136

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 25, 2006.

 /s/ Giovanna H. Fessenden

652193

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS  INSTITUTE, INC.,

        Plaintiff,

    v.

ACQUIRED LEARNING, INC., JUDEANN
STIPE, DEAN NOVOSAT, CLARK
EDWARDS, SAGE ADVICE, LTD., and
CARL LEINBACH,

        Defendants.

Civil Action No. 05-11857-JLT

## FINAL ORDER AND JUDGMENT ON CONSENT

The parties hereto having agreed to settle the matters at issue, and to the entry of this

Final Judgment on Consent,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      This Court has jurisdiction over the defendants, and over the subject matter of this

action issue.

2.      The parties have stipulated to the facts set forth in paragraphs 3-10 below and the

Court accepts these stipulated facts as its findings of fact in this action.

3.      The plaintiff American Graphics Institute, Inc. ("AGI") owns and controls trade

secrets and confidential customer information in its customer lists and customer databases it

maintains on a protected computer system ("Customer Information") which is essential to the

operation of AGI's business.  AGI's Customer Information constitutes protected trade secrets

under Massachusetts law and defendants disclaim any and all right, claim, title, and interest in

the trade secrets.

4.    Plaintiff AGI, in 2004, had economically beneficial business relationships with its customers, including but not limited to Education Testing Systems, Inc. and Adobe Systems, Inc., and anticipates a reasonable expectancy of financial benefit to be derived from its business relationships with its customers.

5.    Plaintiff AGI has been operating under the name AGI for over five years.  During that time, AGI has become highly respected and accumulated good will in association with its name.

6.    Defendants Dean Novosat and Clark Edwards operated the defendant corporation, Acquired Learning, Inc. ("Acquired").  Judeann Stipe is a former employee of Acquired. Defendant Dean Novosat operates Sage Advice, Ltd. ("Sage Advice").

7.    Agents of defendant Acquired, on numerous occasions in July of 2004, intentionally accessed AGI's protected computers in Massachusetts without authorization, and obtained information including AGI's valuable trade secrets, confidential business information, and other proprietary information, including AGI's Customer Information thereby causing losses and harm to AGI in excess of $5,000, including but not limited to, harm to AGI's reputation, goodwill, and business relationships.  Such actions by Agents of defendant Acquired caused AGI to sustain a loss of money, securities and other tangible property with intrinsic value.  These actions by Agents of defendant Acquired constitute violations of 18 U.S.C. § 1030.

8.    Agents of defendant Acquired, beginning in 2004, willfully misappropriated AGI's Customer Information and used that Customer Information to solicit customers who would otherwise purchase courses or publications offered by AGI, all in competition with AGI, and AGI has been damaged thereby.

2

9.    Agents of defendant Acquired, at all relevant times, had knowledge of AGI's relationships with its customers and interfered with AGI's business relationships by improperly obtaining AGI's Customer Information and using that Information to steer business away from AGI to Acquired, and as a direct result of Acquired's such acts, AGI suffered losses of its advantageous business relationship with its customers.

10.    Agents of defendant Acquired embarked on a course of conduct in 2004 to compete unfairly with AGI by misdirecting customers that would otherwise purchase courses or publications offered by AGI. As part of this scheme of misdirecting customers, defendant Acquired has willfully engaged in the following acts that were likely to lead to consumer confusion:

    a.    Agents of defendant Acquired misappropriated AGI's proprietary content, including AGI's confidential Customer Information, in undertaking a venture to compete with AGI;

    b.    Acquired operated its business from the same location previously occupied by plaintiff AGI, offering services identical to those of AGI, using a business name, "ALI", that is strikingly similar to plaintiff's business name, AGI, and using instructors and employees formerly associated with AGI; and

    c.    Agents of defendant Acquired used AGI's course titles and course descriptions on defendant Acquired's website and on defendant Acquired's advertising materials.

    d.    Agents of defendant Acquired undertook actions designed or intended to hide their conduct, including but not limited to making changes to AGI's computer systems.

11.    As a direct and proximate result of the above acts, defendant Acquired has realized and has retained profits and other benefits rightfully belonging to AGI and has caused, and are in a position to continue to cause, substantial and irreparable harm to AGI's reputation, goodwill, and business relationships.

12.    Based on the alleged foregoing stipulated facts, the Court hereby orders and enjoins each of the defendants Acquired, Judeann Stipe, Dean Novosat, Sage Advice, and Clark Edwards, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination with them:

    a.    From accessing or attempting to access AGI's computer systems, and from using directly or indirectly any information they obtained, learned or derived from accessing AGI's computer systems in the past;

    b.    From engaging in any conduct or actions to compete with AGI in the computer software training business for a period of thirty-six (36) months from the date of entry of this Order and Judgment on Consent;

    c.    From making any use, either directly or indirectly, of AGI's Customer Information;

    d.    For a period of thirty-six (36) months from the date of entry of this Order and Judgment on Consent, from engaging in the computer software training business and from responding to any request to perform any computer software training services for any persons, businesses, entities, agents, or anyone else associated with AGI's customers who are listed in Exhibit H of the Settlement Agreement entered into by the parties; and

4

e.  To deliver to AGI any and all copies of AGI's Customer Information in his or her or its possession, custody or control, including without limitation any and all information contained in computer files, diskettes, backups, course materials, and marketing materials.

13.    The Court further orders and enjoins the defendants as follows:

a.  The defendant Acquired shall cease all operations forthwith; and

b.  Within thirty days from the entry of this Final Order and Judgment on Consent, defendants Acquired and Dean Novosat, shall deliver to AGI all assets of Acquired, including but not limited to, database files and copies of all financial documents and business records.

14.    This Court retains jurisdiction of this action to enforce this Final Order and Judgment on Consent.


ENTERED this ___ day of _____, 2006, at Boston, Massachusetts.



_____
United States District Judge

Approved on behalf of the Plaintiff
AMERICAN GRAPHICS INSTITUTE,
INC.,

Approved on behalf of the Defendant
ACQUIRED LEARNING, INC.,

_____

John L. DuPré (BBO No. 549659)
David J. Brody (BBO No. 058200)
Giovanna H. Fessenden (BBO# 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone: (978) 341-0036
Facsimile: (978) 341-0136

Attorneys for Plaintiff

_____
Name: Dean Novosat
Co-Founder of Acquired Learning, Inc.

Approved on behalf of the Defendant
SAGE ADVICE, LTD.,

_____
Name: Dean Novosat
President of Sage Advice, Ltd.

Approved on behalf of the Defendant
DEAN NOVOSAT

_____
Name: Dean Novosat

Approved on behalf of the Defendant
JUDEANN STIPE

_____
Name: Judeann Stipe

641026_1.DOC

6

### Settlement Agreement

This Settlement Agreement ("Agreement") is entered into as of this _____ day of August, 2006, by and between American Graphics Institute, Inc. ("AGI"), a Massachusetts corporation with a place of business at 444 Washington Street, Woburn, Massachusetts, and Acquired Learning, Inc. ("Acquired"), a Pennsylvania corporation with a place of business at 1861 Charter Lane Suite 105, Lancaster, Pennsylvania, Judeann Stipe an individual residing at 1696 Pioneer Road, Lancaster, Pennsylvania, Dean Novosat an individual residing at 1514 Quarry Lane, Lancaster, Pennsylvania, and Sage Advice, Ltd. ("Sage Advice"), a Pennsylvania company with a place of business at 1514 Quarry Lane, Lancaster, Pennsylvania (collectively, "Defendants").

WHEREAS AGI is engaged in the business of providing consulting services and training courses related to computers, software and electronic and print publishing. Through this business, is the owner of confidential proprietary customer information and a confidential customer scheduling database, and owns and controls trade secrets and confidential customer information in its customer lists and customer databases, which it maintains on a protected computer system;

WHEREAS the Defendants have engaged in certain conduct as set forth in a Final Order and Judgment on Consent in the Action (the "Consent Judgment"), in the form attached hereto as Exhibit A, and incorporated herein by reference. Said conduct has resulted in harm and losses to AGI including the loss of money, securities and other tangible property with intrinsic value;

WHEREAS Plaintiff filed an action against Defendants entitled, *American Graphics Institute, Inc. v. Acquired Learning, Inc. et al.*, in the United States District Court for the District of Massachusetts (Civil Action No. 05-11857) (the "Action"), which is presently pending;

WHEREAS the United States District Court for the District of Massachusetts has jurisdiction over the Defendants and over the subject matter at issue; and

WHEREAS to avoid the further expenditure of time and expense, the Parties desire to settle the matter on the following mutually agreeable terms and conditions.

NOW, THEREFORE, in consideration of the respective representations, covenants, agreements and other considerations set forth herein, the sufficiency of which is acknowledged by each of the Parties, the Parties hereby agree as follows:

1.    The Consent Judgment shall be executed at the time this Agreement is executed, and promptly thereafter shall be filed with the Court in the Action. The Parties shall cooperate and employ all reasonable efforts to secure the granting and entry of the Consent Judgment.

2.    Forthwith upon the granting and entry of the Consent Judgment by the Court, Defendants shall fully comply with all Court Orders set forth in the Consent Judgment, including but not limited to, absolute compliance with the Orders set forth in paragraphs 12 and 13 of the Consent Judgment.

3.    For and on behalf of themselves and their corporate affiliates, and their respective present and past and future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors and assigns, the Defendants hereby agree and covenant not to assert any claim, known or unknown, now or in the future, or file any further suit or action or other proceeding, against Plaintiff or its respective corporate affiliates or its corporate affiliates' respective present or past or future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors, or assigns, based upon or in any way related to any claim or allegation, whether known or unknown; provided, however, the foregoing agreement and covenant not to sue do not apply to any breach of this Agreement.

4.    For and on behalf of itself and its corporate affiliates, and its and their respective present and past and future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors and assigns the Plaintiff hereby agrees and covenants not to assert any claim, known or unknown, now or in the future, or file any further suit or action or other proceeding, against any or all of the Defendants or their respective corporate affiliates or any of the Defendants' or their corporate affiliates' respective present or past or future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors, or assigns, based upon or in any way related to any claim or allegation, whether known or unknown; provided, however, the foregoing agreement and covenant not to sue do not apply to any breach of this Agreement.

5.    The Defendants agree to provide to counsel for the Plaintiff executed releases in the form annexed hereto as Exhibits "B" through "E," executed by an authorized representative of Acquired Learning, an authorized representative of Sage Advice, Ltd., Dean Novosat, and Judeann Stipe. The Plaintiff agrees to provide to counsel for the Defendants an executed release in the form annexed hereto as Exhibit "F" executed by Christopher Smith, the authorized representative of American Graphics Institute, Inc. The execution of these releases will be provided contemporaneously with the execution of this Settlement Agreement.

6.    Defendants Acquired and Dean Novosat agree to provide to counsel for the Plaintiff an executed letter in the form annexed hereto as Exhibit "G." The execution of this letter will be provided contemporaneously with the execution of this Settlement Agreement.

7.    This Agreement shall be governed by the substantive laws of the Commonwealth of Massachusetts without giving effect to choice of law provisions. Both Parties agree that any suit, action or other proceeding arising out of or in connection with this Agreement shall be brought initially, if possible, in the United States District Court

2

for the District of Massachusetts, and the Parties hereby submit to, and acknowledge the jurisdiction and proper venue of said Court for any such dispute.

8.    This Agreement, together with its Exhibits, constitutes the entire Agreement between the Parties with respect to the subject matter hereof. All prior agreements, negotiations and understandings with respect to the subject matter hereof, whether written or oral, are cancelled and superseded by this Agreement.

9.    This Agreement shall not be varied in its terms by an oral agreement, representation or otherwise, but only by an instrument in writing duly executed by each of the Parties.

11.    If any part or provision of this Agreement is rendered void, invalid or unenforceable, then the Parties will negotiate in good faith to redraft the void, invalid or unenforceable provision to represent the Parties' original lawful intent.

12.    The Parties hereto agree that this Agreement was fully negotiated and shall not be construed against any party as the drafter.

13.    The failure of any Party to the Agreement to insist on strict compliance with any of the terms, covenants or conditions of this Agreement by the other Party shall not be deemed a waiver of such term, covenant or condition, and any waiver or relinquishment of any right or power under this Agreement at any one time or times shall not be deemed a waiver or relinquishment of such right or power for all or any other times.

14.    This Agreement may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed an original, but all of which taken together shall constitute one instrument. This Agreement shall be effective as of the date first above recited.

15.    Any individual signing this Agreement on behalf of any Party hereto represents and warrants that he or she has the full right, power and authority to do so, and that this Agreement is fully enforceable against that Party in accordance with its terms and provisions.

16.    The obligations of the Defendants under this Agreement shall apply to Acquired, Judeann Stipe, Dean Novosat, and Sage Advice, respectively, as well as all of their respective successors, directors, officers, managers, employees, assigns, and affiliates; and the obligations of AGI, as well as its respective heirs, representatives, successors, and assigns.

17.    The Defendants Acquired and Dean Novosat agree to deliver all assets of and related to Acquired, including but not limited to, database files and copies of all financial documents and business records. Said delivery shall be made by Defendants to AGI's Pennsylvania counsel, the Law Firm of Kevin M. French, Esquire, Hartman

3

Underhill & Brubaker LLP, located at 221 East Chestnut Street, Lancaster, Pennsylvania 17602-2782, not more than thirty days from the entry of the Consent Judgment. Defendants shall bear any and all costs incurred with respect to this delivery.

18.    This Agreement shall also be treated as confidential. None of the parties may disclose any of the terms of this Agreement to anyone, except as follows:

(i) any party may state that "the matter has been resolved pursuant to a Confidential Settlement Agreement and Orders;" and

(ii) Plaintiff may disclose this Agreement to any necessary persons for insurance claim related purposes.

IN WITNESS WHEREOF, the Parties hereto, by and through their duly authorized undersigned representatives, have executed this Agreement on the dates indicated below.

AMERICAN GRAPHICS INSTITUTE, INC.

By: _____

    Name:  Christopher Smith
    Title:    President

ACQUIRED LEARNING, INC.

By: _____

    Name: Dean Novosat
    Title:    Co-Founder of Acquired Learning, Inc.

SAGE ADVICE, LTD.

By: _____

    Name: Dean Novosat
    Title:    Co-Founder of Sage Advice, Ltd.

DEAN NOVOSAT

By: _____

    Name: Dean Novosat

4

JUDEANN STIPE

By: _____
Name: Judeann Stipe

641031_1.DOC

# EXHIBIT "B"

## RELEASE BY ACQUIRED LEARNING, INC.

Acquired Learning, Inc. releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach</u>, in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2006.

Signed in the presence of:                    Authorized Representative of Acquired Learning, Inc.

_____                    _____

6

# EXHIBIT "C"

## RELEASE BY SAGE ADVICE, LTD.

Sage Advice, Ltd. releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach,</u> in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the _____ day of _____, 2006.

Signed in the presence of:                    Authorized Representative of Sage Advice, Ltd.

_____                    _____

7

# EXHIBIT "D"

## RELEASE BY DEAN NOVOSAT

Dean Novosat releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach, in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2006.

Signed in the presence of:                    Dean Novosat

_____                    _____

8

# EXHIBIT "E"

## RELEASE BY JUDEANN STIPE

Judeann Stipe releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach,</u> in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2006.

Signed in the presence of:                           Judeann Stipe

_____                          _____

# EXHIBIT "F"

## RELEASE BY AMERICAN GRAPHICS INSTITUTE, INC.

American Graphics Institute, Inc. releases, acquits, and forever discharges Acquired Learning, Inc., a Pennsylvania corporation with a place of business at 1861 Charter Lane, Lancaster, Pennsylvania, Sage Advice, Ltd., a Pennsylvania corporation with a place of business at 1514 Quarry Lane, Pennsylvania, Judeann Stipe, a citizen of the state of Pennsylvania residing at 1696 Pioneer Road, Lancaster, Pennsylvania, and Dean Novosat a citizen of the state of Pennsylvania residing at 1514 Quarry Lane, Lancaster, Pennsylvania, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd. and Carl Leinbach in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the _____ day of _____, 2006.

Signed in the presence of:                    AMERICAN GRAPHICS INSTITUTE, INC.

_____                    _____

10

# EXHIBIT "G"



August __, 2006

To Whom It May Concern:

Acquired Learning has ceased operation. Acquired Learning encourages all of its former customers and prospective customers to call American Graphics Institute (AGI) for their training needs.



American Graphics Institute
444 Washington Street
Woburn, MA 01801
781 376-6044
info@agitraining.com

Sincerely,

_____

Dean Novosat
Co-Founder of Acquired Learning

11

# EXHIBIT "H"

- Adobe Systems, Incorporated
- Colgate University
- Educational Testing Services
- Gannett
- Geisinger Health Plan
- Grey Advertising
- Hachette Filipacchi
- Hasbro
- Havas
- Hearst
- Highmark Blue Cross Blue Shield
- Houghton Mifflin
- Keith Clark (a.k.a. At-a-Glance)
- Lancaster Newspapers, Inc.
- Managing Editor, Inc.
- Martha Stewart Living
- Omnimedia
- National Geographic
- New York Daily News
- New York Times Company
- News Corporation
- Omnicom
- Publicis Groupe
- Reader's Digest
- Rodale
- TBWA (including, but is not limited to Chiat Day, World Health, LLNS)
- Time Warner, including all magazine titles published by Time (including, but not limited to, Fortune Magazine, People Magazine, Entertainment Weekly)
- Taunton, Inc.
- U.S. Government Printing Office
- Walt Disney Company
- WPP (including, but not limited to, Ogilvy & Mather, Young & Rubicam)

641031_1.DOC

**Exhibit B**

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Dean Novosat [dnovosat@sageadviceltd.com] |
| **Sent:** | Friday, September 08, 2006 6:06 PM |
| **To:** | Giovanna Fessenden |
| **Subject:** | RE: Let's get this done |

Giovanna,

I met with Barry Solodky today and he explained many of the things in the Agreement and Final Order with me. He was going to call you today and discuss some minor changes. Hopefully he has done so by now. If he hasn't, please let me know right away so I can follow up with him as I am eager to get this done as well.

Thanks,

Dean

---

**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Friday, September 08, 2006 12:31 PM
**To:** dnovosat@sageadviceltd.com
**Subject:** RE: Let's get this done

Dean,

Please make sure you get back to me today.

My client has suffered enough damage here.  We have been very patient with you and extended you many courtesies.  Your delay, however, is becoming very frustrating for my client.

I look forward to hearing from you today regarding your proposed changes.

Thanks,
Giovanna

-----Original Message-----
**From:** Dean Novosat [mailto:dnovosat@sageadviceltd.com]
**Sent:** Thursday, September 07, 2006 8:58 PM
**To:** Giovanna Fessenden
**Subject:** RE: Let's get this done

Hi Giovanna!

Thanks for the phone call and sorry I didn't get in touch with you to let you know the status. With the holiday on Monday and a sick child it has been anything but ordinary this week.

In your cover letter you reminded me that I should seek counsel before signing. I found a local attorney to meet with me tomorrow to look it over. Also, Judeann has also stated that she talked to someone and needs a few minor corrections. Once I get through my meeting, I will send both you and Judeann the corrections and we should be able to get this wrapped up shortly.

Sorry I didn't get back to you sooner.

Look forward to getting this done.

Thanks for your hard work and patience.

Dean

---

**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]

**Sent:** Thursday, September 07, 2006 6:17 PM
**To:** Dean Novosat
**Subject:** RE: Let's get this done
**Importance:** High

Hi Dean,

Did you send me the papers?

Please send them by mail and send me a scanned copy by e-mail as soon as possible.

Thanks,
Giovanna

> -----Original Message-----
> **From:** Dean Novosat [mailto:dnovosat@sageadviceltd.com]
> **Sent:** Wednesday, August 30, 2006 5:07 PM
> **To:** Giovanna Fessenden
> **Subject:** Re: Let's get this done
>
> Giovanna,
>
> Thanks for getting that done so quickly! I wish I was so fast and efficient. I have just printed them out and will read them and sign them and send them out to you.
>
> Regarding Jason Morgan, I have looked through my past e-mails and I don't see that I ever dealt with him directly or turned anything like that over to him. He dealt with Clark and Rich Wein from SSI. The only things I emailed him were affidavits. And I guess you would have received those with the other case. That was so long ago and like I said, Clark and Rich Wein handled most of that.
>
> Anyway, I will get these papers back to you shortly!
>
> Thanks,
>
> Dean
>
>
>
> on 8/29/2006 12:46 PM, Giovanna Fessenden at Giovanna.Fessenden@hbsr.com wrote:
>
> Hi Dean,
>
> Thanks for the message.
>
> I changed the language so that it recites all of Acquired's assets in Dean Novosat's possession, custody or control. The papers are attached. Please make sure you sign three copies of the papers at all of your signature areas (one original copy is for us, one for Judeann and one for you). Also, Judeann is going to have to re-sign all the papers. I can send them to her after you sign off on the papers.
>
> Please note that documents in your possession, custody or control would include whatever Morgan was given from Acquired.
>
> It is our understand that Morgan may have received documents from Acquired in the summer of 2005 and that he was going to produce them in September 2005 as "confidential" but did not. I can't remember why he didn't. Please check your sent e-mail to see what you sent him, or contact him to find out if there were any documents from Acquired.
>
> Thanks,
> Giovanna
>
>
>
> -----Original Message-----
> **From:** Dean Novosat [mailto:dnovosat@sageadviceltd.com]
> **Sent:** Tuesday, August 29, 2006  8:04 AM
> **To:** Giovanna Fessenden

**Subject:** Let's get this  done


Ok Giovanna, I looked through all  my stuff and here's what I have and would be willing to sign off
 for:


Acquired's Database and Class  Confirmations (I looked at these files and the class confirmations
weren't  used until the very end so there aren't many entries in  there)

Majority of Marketing files  (things like course brochures, trade show handouts, business cards,
 letterhead, etc)

All Invoices (includes customer  name and address, date of service, etc)


Much of what Acquired had was lost  when we were forced out of business and had to turn in all the
leased  equipment. All the paper copies of the above I believe Clark has. I don't know what else he
has and I may never  know. I hope you are beginning to realize that I didn't do much in the actual
 running of the business. I was basically the tech guy. I maintained the  classroom systems, setup the
classes for the instructors, and did maintenance.  I didn't even have an office there. I was running
Sage full-time while  Acquired was in business.


Sorry I can't be of more  help.


So, can you prepare new versions  of page 5 in the Final Order and page 3 of the Settlement
Agreement. I can  then insert these into the document I have. Or you can email me all new docs  to
sign. It's up to you.


I will be traveling over the  upcoming holiday so I would like to get this done quickly so we don't miss
 your deadline.


Thanks for all your hard  work!


Dean


--
No virus found in this outgoing message.
Checked by  AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.11.6/428 - Release  Date: 8/25/2006
*********************************************************************

This email and any files transmitted with it are confidential and may contain attorney-client privileged
information. These materials are intended solely for the use of the intended recipient. If you are not the intended

recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



Dean

--
\* \* \* \* \* \* \* \*
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com


--
No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.12.2/441 - Release Date: 9/7/2006


--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.12.2/441 - Release Date: 9/7/2006


--
No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.12.2/441 - Release Date: 9/7/2006


--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.12.2/442 - Release Date: 9/8/2006

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Dean Novosat [dnovosat@sageadviceltd.com] |
| **Sent:** | Thursday, September 07, 2006 8:58 PM |
| **To:** | Giovanna Fessenden |
| **Subject:** | RE: Let's get this done |

Hi Giovanna!

Thanks for the phone call and sorry I didn't get in touch with you to let you know the status. With the holiday on Monday and a sick child it has been anything but ordinary this week.

In your cover letter you reminded me that I should seek counsel before signing. I found a local attorney to meet with me tomorrow to look it over. Also, Judeann has also stated that she talked to someone and needs a few minor corrections. Once I get through my meeting, I will send both you and Judeann the corrections and we should be able to get this wrapped up shortly.

Sorry I didn't get back to you sooner.

Look forward to getting this done.

Thanks for your hard work and patience.

Dean

---

**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Thursday, September 07, 2006 6:17 PM
**To:** Dean Novosat
**Subject:** RE: Let's get this done
**Importance:** High

Hi Dean,

Did you send me the papers?

Please send them by mail and send me a scanned copy by e-mail as soon as possible.

Thanks,
Giovanna

    -----Original Message-----
    **From:** Dean Novosat [mailto:dnovosat@sageadviceltd.com]
    **Sent:** Wednesday, August 30, 2006 5:07 PM
    **To:** Giovanna Fessenden
    **Subject:** Re: Let's get this done

    Giovanna,

    Thanks for getting that done so quickly! I wish I was so fast and efficient. I have just printed them out and will read them and sign them and send them out to you.

    Regarding Jason Morgan, I have looked through my past e-mails and I don't see that I ever dealt with him directly or turned anything like that over to him. He dealt with Clark and Rich Wein from SSI. The only things I emailed him were affidavits. And I guess you would have received those with the other case. That was so long ago and like I said, Clark and Rich Wein handled most of that.

    Anyway, I will get these papers back to you shortly!

    Thanks,

    Dean

on 8/29/2006 12:46 PM, Giovanna Fessenden at Giovanna.Fessenden@hbsr.com wrote:

Hi Dean,

Thanks for the message.

I changed the language so that it recites all of Acquired's assets in Dean Novosat's possession, custody or control.  The papers are attached. Please make sure you sign three copies of the papers at all of your signature areas (one original copy is for us, one for Judeann and one for you).  Also, Judeann is going to have to re-sign all the papers.  I can send them to her after you sign off on the papers.

Please note that documents in your possession, custody or control would include whatever Morgan was given from Acquired.

It is our understand that Morgan may have received documents from Acquired in the summer of 2005 and that he was going to produce them in September 2005 as "confidential" but did not. I can't remember why he didn't. Please check your sent e-mail to see what you sent him, or contact him to find out if there were any documents from Acquired.

Thanks,
Giovanna

-----Original Message-----
**From:** Dean Novosat  [mailto:dnovosat@sageadviceltd.com]
**Sent:** Tuesday, August 29, 2006  8:04 AM
**To:** Giovanna Fessenden
**Subject:** Let's get this  done

Ok Giovanna, I looked through all  my stuff and here's what I have and would be willing to sign off  for:

Acquired's Database and Class  Confirmations (I looked at these files and the class confirmations weren't  used until the very end so there aren't many entries in  there)

Majority of Marketing files  (things like course brochures, trade show handouts, business cards,  letterhead, etc)

All Invoices (includes customer  name and address, date of service, etc)

Much of what Acquired had was lost  when we were forced out of business and had to turn in all the leased  equipment. All the paper copies of the above I believe Clark has. I don't know what else he has and I may never  know. I hope you are beginning to realize that I didn't do much in the actual  running of the business. I was basically the tech guy. I maintained the  classroom systems, setup the classes for the instructors, and did maintenance.  I didn't even have an office there. I was running Sage full-time while  Acquired was in business.

Sorry I can't be of more  help.

So, can you prepare new versions  of page 5 in the Final Order and page 3 of the Settlement Agreement. I can  then insert these into the document I have. Or you can email me all new docs  to sign. It's up to you.

I will be traveling over the upcoming holiday so I would like to get this done quickly so we don't miss your deadline.


Thanks for all your hard work!


Dean



--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.11.6/428 - Release Date: 8/25/2006
***********************************************************************

This email and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are intended solely for the use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.


***********************************************************************



Dean

--
* * * * * * * *
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com


--
No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.12.2/441 - Release Date: 9/7/2006


--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.12.2/441 - Release Date: 9/7/2006

**Giovanna Fessenden**

---

**From:**     Dean Novosat [dnovosat@sageadviceltd.com]
**Sent:**     Wednesday, August 30, 2006 5:07 PM
**To:**       Giovanna Fessenden
**Subject:** Re: Let's get this done

Giovanna,

Thanks for getting that done so quickly! I wish I was so fast and efficient. I have just printed them out and will read them and sign them and send them out to you.

Regarding Jason Morgan, I have looked through my past e-mails and I don't see that I ever dealt with him directly or turned anything like that over to him. He dealt with Clark and Rich Wein from SSI. The only things I emailed him were affidavits. And I guess you would have received those with the other case. That was so long ago and like I said, Clark and Rich Wein handled most of that.

Anyway, I will get these papers back to you shortly!

Thanks,

Dean


on 8/29/2006 12:46 PM, Giovanna Fessenden at Giovanna.Fessenden@hbsr.com wrote:

> Hi Dean,
>
> Thanks for the message.
>
> I changed the language so that it recites all of Acquired's assets in Dean Novosat's possession, custody or control.  The papers are attached. Please make sure you sign three copies of the papers at all of your signature areas (one original copy is for us, one for Judeann and one for you).  Also, Judeann is going to have to re-sign all the papers.  I can send them to her after you sign off on the papers.
>
> Please note that documents in your possession, custody or control would include whatever Morgan was given from Acquired.
>
> It is our understand that Morgan may have received documents from Acquired in the summer of 2005 and that he was going to produce them in September 2005 as "confidential" but did not. I can't remember why he didn't. Please check your sent e-mail to see what you sent him, or contact him to find out if there were any documents from Acquired.
>
> Thanks,
> Giovanna


> -----Original Message-----
> **From:** Dean Novosat  [mailto:dnovosat@sageadviceltd.com]
> **Sent:** Tuesday, August 29, 2006  8:04 AM
> **To:** Giovanna Fessenden
> **Subject:** Let's get this  done


Ok Giovanna, I looked through all  my stuff and here's what I have and would be willing to sign off  for:

Acquired's Database and Class  Confirmations (I looked at these files and the class confirmations weren't  used until the very end so there aren't many entries in  there)

Majority of Marketing files  (things like course brochures, trade show handouts, business cards,  letterhead, etc)

All Invoices (includes customer  name and address, date of service, etc)

Much of what Acquired had was lost  when we were forced out of business and had to turn in all the leased  equipment. All the paper copies of the above I believe Clark has. I don't know what else he has and I may never  know. I hope you are beginning to realize that I didn't do much in the actual  running of the business. I was basically the tech guy. I maintained the  classroom systems, setup the classes for the instructors, and did maintenance.  I didn't even have an office there. I was running Sage full-time while  Acquired was in business.

Sorry I can't be of more  help.

So, can you prepare new versions  of page 5 in the Final Order and page 3 of the Settlement Agreement. I can  then insert these into the document I have. Or you can email me all new docs  to sign. It's up to you.

I will be traveling over the  upcoming holiday so I would like to get this done quickly so we don't miss  your deadline.

Thanks for all your hard  work!

Dean

--
No virus found in this outgoing message.
Checked by  AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.11.6/428 - Release  Date: 8/25/2006

**************************************************************************

This email and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are intended solely for the use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.

**************************************************************************

9/25/2006

outbind://143/

Dean

--
\* \* \* \* \* \* \* \*
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Dean Novosat [dnovosat@sageadviceltd.com] |
| **Sent:** | Tuesday, August 29, 2006 8:04 AM |
| **To:** | Giovanna Fessenden |
| **Subject:** | Let's get this done |

Ok Giovanna, I looked through all my stuff and here's what I have and would be willing to sign off for:

Acquired's Database and Class Confirmations (I looked at these files and the class confirmations weren't used until the very end so there aren't many entries in there)
Majority of Marketing files (things like course brochures, trade show handouts, business cards, letterhead, etc)
All Invoices (includes customer name and address, date of service, etc)

Much of what Acquired had was lost when we were forced out of business and had to turn in all the leased equipment. All the paper copies of the above I believe Clark has. I don't know what else he has and I may never know. I hope you are beginning to realize that I didn't do much in the actual running of the business. I was basically the tech guy. I maintained the classroom systems, setup the classes for the instructors, and did maintenance. I didn't even have an office there. I was running Sage full-time while Acquired was in business.

Sorry I can't be of more help.

So, can you prepare new versions of page 5 in the Final Order and page 3 of the Settlement Agreement. I can then insert these into the document I have. Or you can email me all new docs to sign. It's up to you.

I will be traveling over the upcoming holiday so I would like to get this done quickly so we don't miss your deadline.

Thanks for all your hard work!

Dean


--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.11.6/428 - Release Date: 8/25/2006

## Giovanna Fessenden

**From:**     Dean Novosat [dnovosat@sageadviceltd.com]

**Sent:**     Monday, August 28, 2006 6:51 AM

**To:**     Giovanna Fessenden

**Subject:** One last thing

Good morning Giovanna!

I have re-read all the papers and am ready to sign. However, I do have one problem and it deals with the copies of all business records in Para 13b in the Final Order and Para 17 in the Settlement Agreement.

At this point, all I am able to provide are all the electronic files that I have from Judeann's computer which included the customer database, all the class confirmations, and other sales data. I also have all the marketing files.

All the paper files for the business are in the possession of Clark Edwards. Originally, I had expected him to turn these over to me for copying. But he has been very hard to reach and I have been unable to get these papers. He was the person who actually ran the business (he was the President, Treasurer, CFO) so when the business closed, he took all the paper records.

At this point, I don't know if I will be able to get all these papers before the 30-day deadline. He has been very elusive. So I really can't sign agreeing to turn over these papers if I don't have them.

Please ask Chris if he would accept what I have in my possession and rewrite those 2 paragraphs to say "all business records including customer databases in possession" or something like that.

I want to sign this and get it back to you before the deadline. So if we could make that change and insert it into the existing documents, then I could get this back to you today.

In the meantime, I will continue to try to get in touch with Clark Edwards.

Sorry about this last minute problems but Clark really has me in a bind.

Let me know so we can get this finished!

Thanks,

Dean


--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.405 / Virus Database: 268.11.6/428 - Release Date: 8/25/2006

**Giovanna Fessenden**

**From:**     Dean Novosat [dnovosat@sageadviceltd.com]

**Sent:**     Thursday, August 10, 2006 12:11 PM

**To:**     Giovanna Fessenden

**Subject:** Signing the Agreement

Hi Giovanna!

I looked over what you sent me but it is dated July 25. Do you have a final final that has Hartman, Underhill & Brubaker instead of Stevens & Lee?

If you send me this final one, I will sign it. Can you do this through email or do you need to send me original copies in the mail?

Let me know. Thanks!

Have a nice day!

Dean

--
* * * * * * * *
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Dean Novosat [dnovosat@sageadviceltd.com] |
| **Sent:** | Monday, July 24, 2006 12:33 PM |
| **To:** | Giovanna Fessenden |
| **Subject:** | RE: Latest Papers |

Hi Giovanna,

I hope you had a nice weekend. Yes, I will be providing copies of everything. I think I will need to keep the originals for tax purposes, etc. Judeann and I are ready to sign off if we can change the verbiage slightly in respect to the business records.

Can we change it to something like this: "Documents requested by Plaintiff will be provided within 30 days of completed settlement agreement. Documents will be presented to Third-Party Council in Lancaster, PA by _____ (date)."

This way we will all have the signed settlements and I would then get all the copies of the records to your co-counsel within 30 days of signing. If you could write this up, I could sign off on it immediately. As soon as Chris signs, I can get the copies done and dropped-off at your co-counsel.

Let me know and send it over and we can get this done!

Have a nice day!

Thanks again for all the hard work you have been putting in on this.

Dean

---

**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Monday, July 24, 2006 12:07 PM
**To:** Dean Novosat
**Subject:** RE: Latest Papers

Hi Dean,

Thanks for the message.

We would prefer if you could get it done in the 30 days.

Also, are you making copies of everything? Are you turning over the copies or the original records?

Thanks,
Giovanna

> -----Original Message-----
> **From:** Dean Novosat [mailto:dnovosat@sageadviceltd.com]
> **Sent:** Friday, July 21, 2006 8:29 AM
> **To:** Giovanna Fessenden
> **Subject:** Latest Papers
>
> Hi Giovanna,
>
> I think everything looks pretty good. I have yet to talk to Judeann and want to re-read everything this weekend.
>
> My only concern is the 30-days to turn over all copies of everything we have. I don't know if I will have the time to copy all the stuff we have in boxes. In fact, I don't even know how much there is. I have piles of boxes and I need to go through it all. When we had to move out it was sort of fast and stuff just all got thrown into boxes. So I have boxes with papers and pens and markers and staplers and... You get the idea. So if it takes an extra week or so to go through all

this junk would that be a problem?

Thanks for all your hard work and have a nice weekend!

Dean

--
* * * * * * * *
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com

*****************************************************************

This email and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are intended solely for the use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.


*****************************************************************

--
No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.1.394 / Virus Database: 268.10.4/396 - Release Date: 7/24/2006


--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.394 / Virus Database: 268.10.4/396 - Release Date: 7/24/2006

## Giovanna Fessenden

**From:**    Dean Novosat [dnovosat@sageadviceltd.com]
**Sent:**    Friday, July 21, 2006 8:29 AM
**To:**      Giovanna Fessenden
**Subject:** Latest Papers

Hi Giovanna,

I think everything looks pretty good. I have yet to talk to Judeann and want to re-read everything this weekend.

My only concern is the 30-days to turn over all copies of everything we have. I don't know if I will have the time to copy all the stuff we have in boxes. In fact, I don't even know how much there is. I have piles of boxes and I need to go through it all. When we had to move out it was sort of fast and stuff just all got thrown into boxes. So I have boxes with papers and pens and markers and staplers and... You get the idea. So if it takes an extra week or so to go through all this junk would that be a problem?

Thanks for all your hard work and have a nice weekend!

Dean

--
* * * * * * * *
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Dean Novosat [dnovosat@sageadviceltd.com] |
| **Sent:** | Wednesday, July 19, 2006 5:05 PM |
| **To:** | Giovanna Fessenden |
| **Subject:** | RE: Two Additional Clients |

Hi Giovanna!

I hope you had a nice (and hot) weekend! I just got back into the office and will look over your documents (hopefully) this evening.

If everything looks good, I will let you know and we can start signing and I will get all the boxes of records together.

Thanks again for all your hard work.

Dean


-----Original Message-----
From: Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
Sent: Wednesday, July 19, 2006 11:37 AM
To: dnovosat@sageadviceltd.com
Subject: RE: Two Additional Clients

Hi Dean,

Attached are the revised papers.

The changes made were tracked.  Please note we changed it so that instead of you mailing everything to AGI at AGI's expense, we specify in the settlement agreement that you will bring the files to our co-counsel's office in Lancaster.

If the papers are acceptable, I will send you the final papers for signing.

Best regards,
Giovanna

-----Original Message-----
From: Dean Novosat [mailto:dnovosat@sageadviceltd.com]
Sent: Thursday, July 13, 2006 11:09 PM
To: Giovanna Fessenden
Subject: RE: Two Additional Clients


Giovanna,

Thanks for getting back to me. I looked over everything you sent and even though I understand very little of it, I think there is some language that we can use in the one document titled "2006 07 13 Attachment to Notice of Preliminary Injunction." Paragraph 9b has language I could live with for the settlement. It basically states that Sage can't or couldn't contact the people in the Appendix for the purpose of training services in electronic and print publishing...etc.

That would still allow Sage to perform the IT work it does for LNP (Lancaster Newspapers) and still protects Chris for his training there. As I already pointed out he does the training there anyway. As for the other people on the list, I don't even know who they are (except for Adobe and I need to contact people there like I said for tech and sales purposes so the language above would cover that as well).

So see if you can have Chris agree to that and we can sign-off on it.

I won't have access to my email until Tuesday so if you get it done before then, you can email it to me and I will respond to you then.

Have a nice weekend with your new little girl. I hope you aren't working too hard during these first few months. They really do go by so quickly and in a blink of an eye, you will be getting her ready for kindergarten! I should know, I am there now. That is why I would like to have this done. So we can all have the rest of the summer for the important things in life--spending time with our families.

Dean


-----Original Message-----
From: Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
Sent: Thursday, July 13, 2006 4:08 PM
To: Dean Novosat
Subject: RE: Two Additional Clients

Hi Dean,

I just wanted to let you know that Chris does not want to disrupt your non-completive business with Lancaster Newspapers.  His main goal is to repair AGI's customer relationships that have been damaged as a result of ALI's activities.

As you can see from my previous e-mail, the court entered the preliminary injunction a few weeks ago.

We would also like to see this matter resolved quickly. I hope to propose some language that will allow you to continue your current business dealings with Lancaster News.  I am working on that and will get back to you shortly.

By the way, we would like to have Clark Edwards in on the settlement as well.  Do you have an e-mail contact for him?

Thanks,
Giovanna


-----Original Message-----
From: Dean Novosat [mailto:dnovosat@sageadviceltd.com]
Sent: Friday, July 07, 2006 3:00 PM
To: Giovanna Fessenden
Subject: Re: Two Additional Clients


Giovanna,

I can accept the two additional clients that have been added ( Keith Clark (a.k.a. At-a-Glance) and Colgate University), but I can't accept Adobe Systems and Lancaster Newspapers as the settlement is written.

Sage Advice has been the out-source IT Department for Lancaster Newspapers since 1991. I am in there once a week and have an office there. That being said, I also don't do any training for Lancaster Newspapers. In fact, this past winter, AGI was in doing InDesign training while I was there doing my IT tasks! I have many more contacts at Lancaster Newspapers than AGI so either Lancaster Newspapers has to come off the list or the wording of paragraph 12c needs to be changed.

The same is true for Adobe. I have been authorized by Adobe and I also sell and install Adobe software for our clients. Paragraph 12c is too limiting. I occasionally need to contact people at Adobe. However, I have never done any training for Adobe so maybe the wording can be changed somehow to reflect this.

The important thing to remember is that I don't have the equipment or the resources to do training. The leasing company took all of Acquired's equipment so I am in no position financially to even do any training so most of this is rather moot.

I hope we can work out these last couple of details. I am willing to work with you on these points.

Thanks and have a nice weekend!

Dean


on 7/7/2006 2:21 PM, Giovanna Fessenden at Giovanna.Fessenden@hbsr.com wrote:

>
> Hi,
>
>
> I just wanted to let you both know that there should be two additional

> clients added to the list of clients in Exhibit H (Keith Clark (a.k.a.
> At-a-Glance) and Colgate University).
>
> Dean - Also, in the last copy of the papers I sent you, Adobe and
> Lancaster News was omitted, but they should be included.
>
> Judeann - I believe Dean is in the process of reviewing the papers.
>
> Hopefully, we will resolve this case soon.
>
> Best regards,
> Giovanna
>
>
> Giovanna H. Fessenden, Esq.
> Hamilton, Brook, Smith & Reynolds, P.C.
> 530 Virginia Road
> P.O. Box 9133
> Concord, MA 01742-9133
> Tel.:    (978) 341-0036 (ext. 3466)
> Direct: (978) 202-3466
> Fax.:   (978) 341-0136
> email:  giovanna.fessenden@hbsr.com
> http://www.hbsr.com/
>
>
> **********************************************************************
>
> This email and any files transmitted with it are confidential and may
> contain attorney-client privileged information. These materials are
> intended solely for the use of the intended recipient. If you are not
> the intended recipient, any use, distribution, or disclosure of this
> transmission is prohibited. If you have received this email in error,
> please immediately notify the sender and delete the message from your
> system.
>
>
> **********************************************************************


Dean

--

```
* * * * * * * *
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com
```

```
--
No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.1.394 / Virus Database: 268.10.1/391 - Release Date: 7/18/2006
```

```
--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.394 / Virus Database: 268.10.1/391 - Release Date: 7/18/2006
```

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Dean Novosat [dnovosat@sageadviceltd.com] |
| **Sent:** | Thursday, July 13, 2006 11:09 PM |
| **To:** | Giovanna Fessenden |
| **Subject:** | RE: Two Additional Clients |

Giovanna,

Thanks for getting back to me. I looked over everything you sent and even though I understand very little of it, I think there is some language that we can use in the one document titled "2006 07 13 Attachment to Notice of Preliminary Injunction." Paragraph 9b has language I could live with for the settlement. It basically states that Sage can't or couldn't contact the people in the Appendix for the purpose of training services in electronic and print publishing...etc.

That would still allow Sage to perform the IT work it does for LNP (Lancaster Newspapers) and still protects Chris for his training there. As I already pointed out he does the training there anyway. As for the other people on the list, I don't even know who they are (except for Adobe and I need to contact people there like I said for tech and sales purposes so the language above would cover that as well).

So see if you can have Chris agree to that and we can sign-off on it.

I won't have access to my email until Tuesday so if you get it done before then, you can email it to me and I will respond to you then.

Have a nice weekend with your new little girl. I hope you aren't working too hard during these first few months. They really do go by so quickly and in a blink of an eye, you will be getting her ready for kindergarten! I should know, I am there now. That is why I would like to have this done. So we can all have the rest of the summer for the important things in life--spending time with our families.

Dean


-----Original Message-----
From: Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
Sent: Thursday, July 13, 2006 4:08 PM
To: Dean Novosat
Subject: RE: Two Additional Clients

Hi Dean,

I just wanted to let you know that Chris does not want to disrupt your non-completive business with Lancaster Newspapers.  His main goal is to repair AGI's customer relationships that have been damaged as a result of ALI's activities.

As you can see from my previous e-mail, the court entered the preliminary injunction a few weeks ago.

We would also like to see this matter resolved quickly. I hope to propose some language that will allow you to continue your current business dealings with Lancaster News.  I am working on that and will get back to you shortly.

By the way, we would like to have Clark Edwards in on the settlement as well.  Do you have an e-mail contact for him?

Thanks,
Giovanna

-----Original Message-----
From: Dean Novosat [mailto:dnovosat@sageadviceltd.com]
Sent: Friday, July 07, 2006 3:00 PM
To: Giovanna Fessenden
Subject: Re: Two Additional Clients


Giovanna,

I can accept the two additional clients that have been added ( Keith Clark (a.k.a. At-a-
Glance) and Colgate University), but I can't accept Adobe Systems and Lancaster Newspapers
as the settlement is written.

Sage Advice has been the out-source IT Department for Lancaster Newspapers since 1991. I
am in there once a week and have an office there. That being said, I also don't do any
training for Lancaster Newspapers. In fact, this past winter, AGI was in doing InDesign
training while I was there doing my IT tasks! I have many more contacts at Lancaster
Newspapers than AGI so either Lancaster Newspapers has to come off the list or the wording
of paragraph 12c needs to be changed.

The same is true for Adobe. I have been authorized by Adobe and I also sell and install
Adobe software for our clients. Paragraph 12c is too limiting. I occasionally need to
contact people at Adobe. However, I have never done any training for Adobe so maybe the
wording can be changed somehow to reflect this.

The important thing to remember is that I don't have the equipment or the resources to do
training. The leasing company took all of Acquired's equipment so I am in no position
financially to even do any training so most of this is rather moot.

I hope we can work out these last couple of details. I am willing to work with you on
these points.

Thanks and have a nice weekend!

Dean



on 7/7/2006 2:21 PM, Giovanna Fessenden at Giovanna.Fessenden@hbsr.com
wrote:

>
> Hi,
>
>
> I just wanted to let you both know that there should be two additional

> clients added to the list of clients in Exhibit H (Keith Clark (a.k.a.
> At-a-Glance) and Colgate University).
>
> Dean - Also, in the last copy of the papers I sent you, Adobe and
> Lancaster News was omitted, but they should be included.
>
> Judeann - I believe Dean is in the process of reviewing the papers.
>
> Hopefully, we will resolve this case soon.
>
> Best regards,
> Giovanna
>
>
> Giovanna H. Fessenden, Esq.
> Hamilton, Brook, Smith & Reynolds, P.C.
> 530 Virginia Road

2

```
> P.O. Box 9133
> Concord, MA 01742-9133
> Tel.:    (978) 341-0036 (ext. 3466)
> Direct: (978) 202-3466
> Fax.:   (978) 341-0136
> email:  giovanna.fessenden@hbsr.com
> http://www.hbsr.com/
>
>
> ***********************************************************************
>
> This email and any files transmitted with it are confidential and may
> contain attorney-client privileged information. These materials are
> intended solely for the use of the intended recipient. If you are not
> the intended recipient, any use, distribution, or disclosure of this
> transmission is prohibited. If you have received this email in error,
> please immediately notify the sender and delete the message from your
> system.
>
>
> ***********************************************************************
```

Dean

--
* * * * * * * *
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Dean Novosat [dnovosat@sageadviceltd.com] |
| **Sent:** | Friday, July 07, 2006 3:00 PM |
| **To:** | Giovanna Fessenden |
| **Subject:** | Re: Two Additional Clients |

Giovanna,

I can accept the two additional clients that have been added ( Keith Clark (a.k.a. At-a-Glance) and Colgate University), but I can't accept Adobe Systems and Lancaster Newspapers as the settlement is written.

Sage Advice has been the out-source IT Department for Lancaster Newspapers since 1991. I am in there once a week and have an office there. That being said, I also don't do any training for Lancaster Newspapers. In fact, this past winter, AGI was in doing InDesign training while I was there doing my IT tasks! I have many more contacts at Lancaster Newspapers than AGI so either Lancaster Newspapers has to come off the list or the wording of paragraph 12c needs to be changed.

The same is true for Adobe. I have been authorized by Adobe and I also sell and install Adobe software for our clients. Paragraph 12c is too limiting. I occasionally need to contact people at Adobe. However, I have never done any training for Adobe so maybe the wording can be changed somehow to reflect this.

The important thing to remember is that I don't have the equipment or the resources to do training. The leasing company took all of Acquired's equipment so I am in no position financially to even do any training so most of this is rather moot.

I hope we can work out these last couple of details. I am willing to work with you on these points.

Thanks and have a nice weekend!

Dean


on 7/7/2006 2:21 PM, Giovanna Fessenden at Giovanna.Fessenden@hbsr.com wrote:

>
> Hi,
>
>
> I just wanted to let you both know that there should be two additional
> clients added to the list of clients in Exhibit H (Keith Clark (a.k.a.
> At-a-Glance) and Colgate University).
>
> Dean - Also, in the last copy of the papers I sent you, Adobe and
> Lancaster News was omitted, but they should be included.
>
> Judeann - I believe Dean is in the process of reviewing the papers.
>
> Hopefully, we will resolve this case soon.
>
> Best regards,
> Giovanna
>
>

> Giovanna H. Fessenden, Esq.
> Hamilton, Brook, Smith & Reynolds, P.C.
> 530 Virginia Road
> P.O. Box 9133
> Concord, MA 01742-9133
> Tel.:   (978) 341-0036 (ext. 3466)
> Direct: (978) 202-3466
> Fax.:   (978) 341-0136
> email:  giovanna.fessenden@hbsr.com
> http://www.hbsr.com/
>
>
> ************************************************************************
>
> This email and any files transmitted with it are confidential and may
> contain attorney-client privileged information. These materials are
> intended solely for the use of the intended recipient. If you are not
> the intended recipient, any use, distribution, or disclosure of this
> transmission is prohibited. If you have received this email in error,
> please immediately notify the sender and delete the message from your
> system.
>
>
> ************************************************************************


Dean

--
* * * * * * * *
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Dean Novosat [dnovosat@sageadviceltd.com] |
| **Sent:** | Friday, July 07, 2006 1:47 PM |
| **To:** | Loretta Boudreau |
| **Cc:** | Giovanna Fessenden |
| **Subject:** | Re: Today's Hearing |

One item was missing and that is the Release Without Prejudice.

Do you have copies of those?

I am looking over the final settlement papers now...

Thanks!

Dean


on 7/7/2006 12:31 PM, Loretta Boudreau at Loretta.Boudreau@hbsr.com wrote:

> Attached is a copy of the Settlement Agreement.
>
>
> -----Original Message-----
> **From:** Giovanna Fessenden
> **Sent:** Friday, July 07, 2006 10:45 AM
> **To:** Loretta Boudreau
> **Subject:** FW: Today's Hearing
>
> Can you e-mail him the executed copies of the settlement agreement from the copyright case?
>
> Thanks
> -----Original Message-----
> **From:** Dean Novosat [mailto:dnovosat@sageadviceltd.com]
> **Sent:** Friday, July 07, 2006 7:49 AM
> **To:** Giovanna Fessenden
> **Subject:** RE: Today's Hearing
>
> Giovanna:
>
> Thank you for getting back to me so quickly. Getting these papers jogged my memory about the
> copyright case... I never received any signed copies from that case! Can you send me a set of those?
>
> I will review these documents this weekend (hopefully!) and get back to you as soon as I can.
>
> Have a great weekend.
>
> Dean
>
> _____
>
> **From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
> **Sent:** Thursday, July 06, 2006 7:10 PM
> **To:** Dean Novosat
> **Subject:** RE: Today's Hearing
>
> Hi Dean,

Attached are the revised settlement papers.  As you will see, some of your changes were accepted and some were rejected.

Regarding the Order, for example, your requests to specify "Agents of Acquired" instead of just Acquired were accepted.  However, your deletion of the fact that Acquired referred to itself as ALI was rejected.  For example, there were references on ALI's website to the acronym.  See a screenshot below.

Please call me if you have any questions regarding the papers.   I am back at the office, so you can reach me at 978-341-0036.  If the papers are acceptable for signing, please let me know so when can proceed to resolve this matter quickly.

I look forward to hearing from you.
-Giovanna



October 1, 2004
**Acquired Learning establishes EDUCATION and SOFTWARE TRAINING Partnership**
**Systems Solutions Incorporated** (SSI)(www.ssi-net.com) is proud to announce their re-entry into the Software Education and Training segment. SSI has partnered with **Acquired Learning Incorporated** (ALI) to provide hands-on, customized and advanced software training designed to meet your needs in the ever-changing software environment.

-----Original Message-----
From: Dean Novosat [mailto:dnovosat@sageadviceltd.com]
Sent: Thursday, June 29, 2006 12:22 PM
To: Giovanna Fessenden
Subject: Re: Today's Hearing

Hopefully you will get these in time.

Dean

on 6/29/2006 11:13 AM, Giovanna Fessenden at Giovanna.Fessenden@hbsr.com wrote:

>

> Attached are two orders I will provide to the Judge today at the
> hearing.
>
>
> Please get back to me as soon as you can about settlement.
>
>
> -Giovanna
>
>
>
>
>
>
> *******************************************************************
>
> This email and any files transmitted with it are confidential and may
> contain attorney-client privileged information. These materials are
> intended solely for the use of the intended recipient. If you are not
> the intended recipient, any use, distribution, or disclosure of this
> transmission is prohibited. If you have received this email in error,
> please immediately notify the sender and delete the message from your
> system.
>
>
> *******************************************************************


Dean

--
* * * * * * *
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com


Dean

--
* * * * * * *
Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com


9/25/2006

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Dean Novosat [dnovosat@sageadviceltd.com] |
| **Sent:** | Friday, July 07, 2006 7:49 AM |
| **To:** | Giovanna Fessenden |
| **Subject:** | RE: Today's Hearing |

Giovanna:

Thank you for getting back to me so quickly. Getting these papers jogged my memory about the copyright case… I never received any signed copies from that case! Can you send me a set of those?

I will review these documents this weekend (hopefully!) and get back to you as soon as I can.

Have a great weekend.

Dean

---

**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Thursday, July 06, 2006 7:10 PM
**To:** Dean Novosat
**Subject:** RE: Today's Hearing

Hi Dean,

Attached are the revised settlement papers.  As you will see, some of your changes were accepted and some were rejected.

Regarding the Order, for example, your requests to specify "Agents of Acquired" instead of just Acquired were accepted.  However, your deletion of the fact that Acquired referred to itself as ALI was rejected.  For example, there were references on ALI's website to the acronym.  See a screenshot below.

Please call me if you have any questions regarding the papers.   I am back at the office, so you can reach me at 978-341-0036.  If the papers are acceptable for signing, please let me know so when can proceed to resolve this matter quickly.

I look forward to hearing from you.
-Giovanna



## News

October 1, 2004

**Acquired Learning establishes EDUCATION and SOFTWARE TRAINING Partnership**
**Systems Solutions Incorporated** (SSI)(www.ssi-net.com) is proud to announce their re-entry into the Software
Education and Training segment. SSI has partnered with **Acquired Learning Incorporated** (ALI) to provide
hands-on, customized and advanced software training designed to meet your needs in the ever-changing
software environment.

-----Original Message-----
From: Dean Novosat [mailto:dnovosat@sageadviceltd.com]
Sent: Thursday, June 29, 2006 12:22 PM
To: Giovanna Fessenden
Subject: Re: Today's Hearing

Hopefully you will get these in time.

Dean

on 6/29/2006 11:13 AM, Giovanna Fessenden at Giovanna.Fessenden@hbsr.com
wrote:

>
> Attached are two orders I will provide to the Judge today at the
> hearing.
>
>
> Please get back to me as soon as you can about settlement.
>
>
> -Giovanna
>
>
>
>
>

9/25/2006

> ********************************************************************
>
> This email and any files transmitted with it are confidential and may
> contain attorney-client privileged information. These materials are
> intended solely for the use of the intended recipient. If you are not
> the intended recipient, any use, distribution, or disclosure of this
> transmission is prohibited. If you have received this email in error,
> please immediately notify the sender and delete the message from your
> system.
>
>
> ********************************************************************


Dean

--
* * * * * * * *

Dean Novosat
Sage Advice Ltd.
Lancaster, PA 17603

www.sageadviceltd.com
dnovosat@sageadviceltd.com

EXHIBIT C

**From:**        Giovanna Fessenden
**Sent:**        Friday, September 08, 2006 6:21 PM
**To:**          'Barry A. Solodky'
**Subject:**     RE: AGI v. ALI et al.

Barry,

We appreciate that you are advising your client, but the revisions you are requesting
simply cannot be made.  Dean and Judeann have already agreed in principle to the agreement
as proposed and it is consistent with the Orders already entered by the Court.  You can
either advise your client not to sign the settlement papers and he will continue as a
defendant in the federal court proceedings here in MA, or you can advise him to sign the
settlement papers and make peace with AGI and conclude the MA proceeding.

If we cannot get this matter resolved, we will request the Court to schedule a hearing for
further proceedings in MA.

Please confirm that you will be representing Dean in the MA case, or that we are able to
talk with Dean directly.  If you are representing Dean in the MA case, please file your
appearance.

Also, with your experience in Bankruptcy law, I think you are aware that willful
misconduct cannot be absolved by bankruptcy.

Thanks,
Giovanna


-----Original Message-----
From: Barry A. Solodky [mailto:bas@bbt-law.com]
Sent: Friday, September 08, 2006 5:03 PM
To: Giovanna Fessenden
Subject: RE: AGI v. ALI et al.


Dear Giovanna,

Thanks for your e-mail.

Please understand that I don't wish to create problems but I can't tell my client to
voluntarily sign a document admitting to a crime no matter what the Court has ordered when
the defendant did not appear.  I know that if for some reason a deal fell through and Dean
had to file a bankruptcy petition in the event AGI pursued him he would be able to
litigate the matter, if necessary, so long as a default judgment has been entered where he
has not appeared and raised a defense.  As a much more recent law school grad than me I am
sure you still remember the distinction between res judicata and collateral estoppel which
I am sure you client would raise.

By using the term "alleged" throughout the agreements he is protecting himself while still
giving you everything your client desires.

As a BU undergrad I had a fraternity brother who taught at the Fessenden School.  Are you
from the family for which the school is named?

Hopefully we can quickly resolve this matter.

Barry A. Solodky, Esquire
Blakinger, Byler & Thomas, P.C.
28 Penn Square
Lancaster, PA  17603
(717) 509-7273
E-mail: bas@bbt-law.com

1

```
-----Original Message-----
From: Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
Sent: Friday, September 08, 2006 4:27 PM
To: Barry A. Solodky
Subject: AGI v. ALI et al.
```

Hi,

Thanks for your time on the phone right now.

Attached are the court orders.

I will get back to you regarding your proposed settlement terms.

-Giovanna

```
Giovanna H. Fessenden, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Tel.:    (978) 341-0036 (ext. 3466)
Direct: (978) 202-3466
Fax.:   (978) 341-0136
email:  giovanna.fessenden@hbsr.com
http://www.hbsr.com/
```

**********************************************************************

This email and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are intended solely for the use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.

**********************************************************************

**Exhibit D**

**Giovanna Fessenden**

---

**From:** Giovanna Fessenden
**Sent:** Thursday, November 03, 2005 12:15 PM
**To:** 'Jason Morgan'
**Subject:** Confidential Settlement Discussions - Copyright and Computer Fraud/Trade Secret Cases

Jason,

As you may know, we filed a motion for entry of default against ALI and Sage Advice, as well as a supplemental memorandum in support of preliminary injunction.

When I had my Rule 7.1 conference with Dean Novosat about these filings, Dean Novosat wanted to discuss settlement. In light of the fact that the copyright case is integrally related to settlement discussion, however, I avoided engaging in these discussions for the time being.

As you know, my client is ready to take both of these cases to trial. My client has suffered substantial damages in having to replace its network equipment (routers, firewalls, VPNs) and substantially modify their server security policies, as well as loss of significant business with, for example, ETS and Adobe as a result of ALI and the other defendants' inappropriate activities. My client will consider settlement, but some degree of restitution is necessary.

Dean Novosat stated explicitly that he is interested in resolving this case and based on my conversation with Judeann Stipe, I believe that she would like to see this resolved. Novosat indicated that he is experiencing substantial financial hardships, and there appears to be little point in having yet another party go into or near bankruptcy. As such, I think we should try to come to some type of agreement to settle these matters. While some of the clients are representing themselves pro se in the Trade Secrets matter, I wanted to make certain that you were involved due to your representation of most of the parties in the related copyright matter.

The following are the proposed settlement terms:

- Consent Judgment in copyright case: (i) acknowledgement of copyright validity and infringement, and (ii) injunction from further use of copyrights;

- Consent Judgment in computer fraud/trade secret case: (i) acknowledgement of trade secret validity, (ii) injunction from further use of trade secrets, (iii) injunction from further solicitation of AGI's customers and otherwise unfairly competing with AGI, (iv) injunction from further operation of ALI; (v) acknowledgement of wrongdoing by ALI;

- Monetary payment of $10,000. This would be for both cases. (Please note that the damages caused by the illegal accessing of AGI's customer database alone exceeds this amount by nearly ten-fold. The equipment and consulting fees, and switching of network service providers to obtain a new IP address have been very costly for my client. AGI is willing to accept payments spread out over a period of time.- but they have endured significant costs due to this and are quite intent that there must be some degree of restitution – even if it is not paid at the time of settlement);

- Assets from ALI - Financial Documents (all business records, including database files);

- ALI website notice that stays up for 12 months redirecting business to AGI;

- Releases from all defendants;

- Non-disparagement agreement; and

- Letter, signed by ALI's principals, explaining that Acquired Learning has ceased operation, but

that it encourages customers and prospective customers to call AGI for their training needs.

Please let me know if these terms are acceptable.  Also, please let me know if you object to me discussing copyright settlement with Dean Novosat and Judeann Stipe.

Thanks.


-Giovanna


Giovanna H. Fessenden, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Tel.:   (978) 341-0036 (ext. 3466)
Direct: (978) 202-3466
Fax.:   (978) 341-0136
email:  giovanna.fessenden@hbsr.com
http://www.hbsr.com/

9/25/2006

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Jason Morgan [jmorgan@dhtmlaw.com] |
| **Sent:** | Thursday, November 03, 2005 1:38 PM |
| **To:** | Giovanna Fessenden |
| **Subject:** | RE: Confidential Settlement Discussions - Copyright and Computer Fraud/Trade Secret Cases |

Giovanna,

That is fine, although I know that they do not have the cash to pay $10,000.

I also spoke to Rich Wein about your offer re: SSI. He would prefer to work out an arrangement that gets rid of the entire copyright case, regardless of what you do with the copyright case. The fact is that any money damages, if at all, are not coming from the copyright case, so let's get that done. Rich would prefer not to put Clark and the others in harm's way and does not like the idea of being a potential witness in the future, so if we can get the other defendants the same deal that you proposed to Rich, we can get rid of the copyright case, and you can continue to squeeze what is left of the other case.

Let me know.

Thanks
Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:   (781) 740-4335
jmorgan@dhtmlaw.com

-----Original Message-----
**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Thursday, November 03, 2005 12:47 PM
**To:** Jason Morgan
**Subject:** RE: Confidential Settlement Discussions - Copyright and Computer Fraud/Trade Secret Cases

Jason,

Do you object if I forward this message to Novosat?

Thanks,
Giovanna

-----Original Message-----
**From:** Giovanna Fessenden
**Sent:** Thursday, November 03, 2005 12:15 PM
**To:** 'Jason Morgan'
**Subject:** Confidential Settlement Discussions - Copyright and Computer Fraud/Trade Secret Cases

Jason,

As you may know, we filed a motion for entry of default against ALI and Sage Advice, as well as a supplemental memorandum in support of preliminary injunction.

When I had my Rule 7.1 conference with Dean Novosat about these filings, Dean Novosat wanted to discuss settlement. In light of the fact that the copyright case is integrally related to settlement discussion, however, I avoided engaging in these discussions for the time being.

As you know, my client is ready to take both of these cases to trial. My client has suffered substantial damages in having to replace its network equipment (routers, firewalls, VPNs) and substantially modify

their server security policies, as well as loss of business with, for example, ETS and Adobe as a result of ALI and the other defendants' inappropriate activities. My client will consider settlement, but some degree of restitution is necessary.

Dean Novosat stated explicitly that he is interested in resolving this case and based on my conversation with Judeann Stipe, I believe that she would like to see this resolved. Novosat indicated that he is experiencing substantial financial hardships, and there appears to be little point in having yet another party go into or near bankruptcy. As such, I think we should try to come to some type of agreement to settle these matters. While some of the clients are representing themselves pro se in the Trade Secrets matter, I wanted to make certain that you were involved due to your representation of most of the parties in the related copyright matter.

The following are the proposed settlement terms:

- Consent Judgment in copyright case: (i) acknowledgement of copyright validity and infringement, and (ii) injunction from further use of copyrights;

- Consent Judgment in computer fraud/trade secret case: (i) acknowledgement of trade secret validity, (ii) injunction from further use of trade secrets, (iii) injunction from further solicitation of AGI's customers and otherwise unfairly competing with AGI, (iv) injunction from further operation of ALI; (v) acknowledgement of wrongdoing by ALI;

- Monetary payment of $10,000. This would be for both cases. (Please note that the damages caused by the illegal accessing of AGI's customer database alone exceeds this amount by nearly ten-fold. The equipment and consulting fees, and switching of network service providers to obtain a new IP address have been very costly for my client. AGI is willing to accept payments spread out over a period of time.- but they have endured significant costs due to this and are quite intent that there must be some degree of restitution – even if it is not paid at the time of settlement);

- Assets from ALI - Financial Documents (all business records, including database files);

- ALI website notice that stays up for 12 months redirecting business to AGI;

- Releases from all defendants;

- Non-disparagement agreement; and

- Letter, signed by ALI's principals, explaining that Acquired Learning has ceased operation, but that it encourages customers and prospective customers to call AGI for their training needs.

Please let me know if these terms are acceptable. Also, please let me know if you object to me discussing copyright settlement with Dean Novosat and Judeann Stipe.

Thanks.


-Giovanna


Giovanna H. Fessenden, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.

9/25/2006

530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Tel.:   (978) 341-0036 (ext. 3466)
Direct: (978) 202-3466
Fax.:  (978) 341-0136
email:  giovanna.fessenden@hbsr.com
http://www.hbsr.com/

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email and any files transmitted with it are confidential and may contain attorney-client privileged
information. These materials are intended solely for the use of the intended recipient. If you are not the intended
recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in
error, please immediately notify the sender and delete the message from your system.

This footnote also confirms that this email message has been swept by
MIMEsweeper for the presence of computer viruses.

www.mimesweeper.com
Mail System HBSR
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Giovanna Fessenden**

**From:**        Giovanna Fessenden
**Sent:**        Tuesday, November 15, 2005 8:41 PM
**To:**          'Jason Morgan'
**Cc:**          John DuPre
**Subject:**     Settlement Papers for Computer Fraud Case


2005.11.15 Trade
Secret Case -...


2005.11.15 SSI,
ALI, and Indiv...

Jason,

Attached are drafts of the Order and Judgment on Consent and the Settlement Agreement for the computer fraud case.

We still need to prepare other papers, for example, the Joint Motion for Entry of Order and Judgment on Consent and the Stipulation.  The substantive information for the stipulation is already set forth in the Consent Judgment.

My client is still deciding whether to file its customer lists under seal or to institute a procedure that would permit attorneys from both sides to maintain a copy of the customer list, and require the defendants to contact the plaintiffs' attorney in order to determine whether a company is on the customer list before soliciting business.  The latter is preferred because it would avoid further disclosure of the plaintiff's customer list to the defendants.

The court has already entered Default against ALI and Sage Advice, and I am in the process of preparing the Motion for Default Judgment.  We do plan to file these papers if settlement does not come to fruition soon.

Let me know if you have any questions.

Giovanna H. Fessenden, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Tel.:    (978) 341-0036 (ext. 3466)
Direct: (978) 202-3466
Fax.:   (978) 341-0136
email:  giovanna.fessenden@hbsr.com
http://www.hbsr.com/

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS  INSTITUTE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH, <br><br> Defendants. | Civil Action No. 05-11857-JLT |

## ORDER AND JUDGMENT ON CONSENT

The parties hereto having agreed to settle the matters at issue, and to the entry of this Final Judgment on Consent,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      This Court has jurisdiction over the defendants, and over the subject matter of this action issue.

2.      The parties have stipulated to the facts set forth in paragraphs 3-10 below and the Court accepts these stipulated facts as its findings of fact in this action.

3.      The plaintiff American Graphics Institute, Inc. ("AGI") owns and controls trade secrets and confidential customer information in its customer lists and customer databases it maintains on a protected computer system ("Customer Information") which is essential to the operation of AGI's business.  AGI's Customer Information constitutes protected trade secrets under Massachusetts law and defendants disclaim any and all right, claim, title, and interest in the trade secrets.

1

4.    AGI, in 2004, had and continues to have economically beneficial business relationships with its customers, including but not limited to Education Testing Systems, Inc. and Adobe Systems, Inc., and anticipates a reasonable expectancy of financial benefit to be derived from its business relationships with its customers.

5.    Plaintiff AGI has been operating under the name AGI for approximately five years.  During that time, AGI has become highly respected and accumulated good will in association with its name.

6.    Defendants Dean Novosat and Clark Edwards operate Acquired Learning, Inc. ("Acquired").  Judeann Stipe is a former employee of Acquired.  Defendant Dean Novosat operates Sage Advice, Ltd. ("Sage Advice").

7.    Defendant Acquired, on numerous occasions in July and August of 2004, intentionally accessed AGI's protected computers in Massachusetts without authorization, and obtained information including AGI's valuable trade secrets, confidential business information, and other proprietary information, including AGI's Customer Information thereby causing losses and harm to AGI in excess of $5,000, including but not limited to, harm to AGI's reputation, goodwill, and business relationships.  Such actions by defendant Acquired constitute violations of 18 U.S.C. § 1030.

8.    Defendant Acquired, beginning in the year 2004 and continuing through 2005, willfully misappropriated AGI's Customer Information and used that Customer Information to solicit customers who would otherwise purchase courses or publications offered by AGI, all in competition with AGI, and AGI has been damaged thereby.

9.    Defendant Acquired, at all relevant times, had knowledge of AGI's relationships with its customers and interfered with AGI's business relationships by improperly obtaining AGI's Customer Information and using that Customer Information to steer business away from

AGI to Acquired, and as a direct result of Acquired's such acts, AGI suffered losses of its advantageous business relationship with its customers.

10.     Defendant Acquired embarked on a course of conduct in 2004 to compete unfairly with AGI by misdirecting customers that would otherwise purchase courses or publications offered by AGI, part of this scheme of misdirecting customers, defendant Acquired has willfully engaged in the following acts that were likely to lead to consumer confusion:

    a.     Acquired misappropriated AGI's proprietary content, including AGI's confidential Customer Information, in undertaking a venture to compete with AGI;

    b.     Acquired operated its business from the same location previously occupied by plaintiff AGI, offering services identical to those of AGI, using a business name, "ALI", that is strikingly similar to plaintiff's business name, AGI, and using instructors and employees formerly associated with AGI; and

    c.     Acquired used AGI's course titles and course descriptions on defendant Acquired's website and on defendant Acquired's advertising materials.

11.     As a direct and proximate result of the above acts, defendant Acquired has realized and continues to realize profits and other benefits rightfully belonging to AGI and has caused, and continues to cause, substantial and irreparable harm to AGI's reputation, goodwill, and business relationships.

12.     Based on the alleged foregoing stipulated facts, the Court hereby orders and enjoins each of the defendants Acquired, Judeann Stipe, Dean Novosat, Sage Advice, and Carl Leinbach, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination with them:

a. From accessing or attempting to access AGI's computer systems, and from using directly or indirectly any information they obtained, learned or derived from accessing AGI's computer systems in the past;

b. From engaging in any conduct or actions to compete with AGI for a period of thirty-six (36) months from the date of entry of this Order and Judgment on Consent;

c. From making any use, either directly or indirectly, of AGI's Customer Information, including without limitations initiating contact with any persons, businesses, entities, agents, or anyone else associated with AGI's customers who are listed in Appendix A;

d. For a period of thirty-six (36) months from the date of entry of this Order and Judgment on Consent, from engaging in the computer software training business and from responding to any request to perform any services for any persons, businesses, entities, agents, or anyone else associated with AGI's customers who are listed in Appendix A; and

e. To deliver to counsel of record for AGI forthwith all copies of AGI's Customer Information in his or her or its possession, custody or control, including without limitation any and all information contained in computer files, diskettes, backups, course materials, and marketing materials.

13. The Court further orders and enjoins the defendants as follows:

a. The defendant Acquired shall cease all operations forthwith;

b. The defendants Acquired and Dean Novosat shall ensure that the Acquired Learning, Inc. website, located at the URL, http://www.acquiredlearning.com, shall remain active for at least twelve (12) months from the date of entry of this

Order and Judgment on Consent, and that starting forthwith and continuing so long thereafter as the website may remain active, that the website contains only the following conspicuous notice: "Acquired Learning has closed. Contact American Graphics Institute (AGI) for training and consulting services. 1-781-376-6044  http://www.agitraining.com."; and

c.  Within thirty days from the entry of this Order and Judgment on Consent, defendants Acquired and Dean Novosat, shall deliver to counsel of record for AGI all assets of Acquired, including but not limited to, database files and copies of all financial documents and business records.

14.    This Court retains jurisdiction of this action to enforce this Order and Judgment on Consent.


ENTERED this ___ day of _____, 2005, at Boston, Massachusetts.



_____
United States District Judge

Approved on behalf of the Plaintiff
American Graphics Institute, Inc.,

Approved on behalf of the Defendants
Acquired Learning, Inc., Judeann Stipe,
Dean Novosat, Sage Advice, Ltd., and
Carl Leinbach,

_____
John L. DuPré (BBO No. 549659)
David J. Brody (BBO No. 058200)
Giovanna H. Fessenden (BBO# 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:  (978) 341-0136

Attorneys for Plaintiff

_____
Jason W. Morgan (BBO No. 633802)
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel.:    (781) 749-7200
Fax:     (781) 740-4335

Attorneys for Defendants Acquired
Learning, Inc., Judeann Stipe, Dean
Novosat, and Sage Advice, Ltd.


Approved on behalf of Defendant Carl
Leinbach,

_____
Don J. Solomon, Esq.
300 North York Road
Hatboro, PA 19040
Telephone:  215-442-5540
Facsimile:  215-442-5542

Attorneys for Defendant Carl Leinbach

586579

6

Appendix A

*To be filed under seal*

## Settlement Agreement

This Settlement Agreement ("Agreement") is entered into as of this _____ day of November, 2005, by and between American Graphics Institute, Inc. ("AGI"), a Massachusetts corporation with a place of business at 444 Washington Street, Woburn, Massachusetts, and Acquired Learning, Inc. ("Acquired"), a Pennsylvania corporation with a place of business at 1861 Charter Lane Suite 105, Lancaster, Pennsylvania, Judeann Stipe an individual residing at 1696 Pioneer Road, Lancaster, Pennsylvania, Dean Novosat an individual residing at 1514 Quarry Lane, Lancaster, Pennsylvania, Sage Advice, Ltd. ("Sage Advice"), a Pennsylvania company with a place of business at 1514 Quarry Lane, Lancaster, Pennsylvania, and Carl Leinbach residing at 857 Clay Avenue, Langhorne, Pennsylvania (collectively, "Defendants").

WHEREAS AGI is engaged in the business of providing consulting services and training courses related to computers, software and electronic and print publishing. Through this business, is the owner of confidential proprietary customer information and a confidential customer scheduling database, and owns and controls trade secrets and confidential customer information in its customer lists and customer databases, which it maintains on a protected computer system;

WHEREAS the Defendants have engaged in certain conduct set forth in a Joint Motion for Entry of Order and Order and Judgment on Consent in the Action (the "Consent Judgment"), in the form attached hereto as Exhibit A and incorporated herein by reference.  Said conduct has resulted in harm and losses to AGI;

WHEREAS Plaintiff filed an action against Defendants for the set forth in the Consent Judgment entitled *American Graphics Institute, Inc. and Christopher Smith v. Acquired Learning, Inc. et al.*, in the United States District Court for the District of Massachusetts (Civil Action No. 05-11857) (the "Action"), which is presently pending;

WHEREAS the United States District Court for the District of Massachusetts has jurisdiction over the Defendants and over the subject matter at issue; and

WHEREAS to avoid the further expenditure of time and expense, the Parties desire to settle the matter on the following mutually agreeable terms and conditions.

NOW, THEREFORE, in consideration of the respective representations, covenants, agreements and other considerations set forth herein, the sufficiency of which is acknowledged by each of the Parties, the Parties hereby agree as follows:

1.      A Joint Motion for Entry of Order and Judgment on Consent in the Action (the "Consent Judgment"), in the form attached hereto as Exhibit A and incorporated herein by reference, shall be executed at the time this Agreement is executed, and promptly thereafter shall be filed with the Court in the Infringement Action.  The Parties shall cooperate and employ all reasonable efforts to secure the granting and entry of the Consent Judgment.

2.      Forthwith upon the granting and entry of the Consent Judgment by the Court, Defendants shall fully comply with all Court Orders set forth in the Consent Judgment, including but not limited to, absolute compliance with the Orders set forth in paragraphs 12 and 13 of the Consent Judgment.

3.      For and on behalf of itself and its corporate affiliates, and its and their respective present and past and future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors and assigns, the Defendants hereby agree and covenant not to assert any claim, known or unknown, now or in the future, or file any further suit or action or other proceeding, against Plaintiff or its respective corporate affiliates or its corporate affiliates' respective present or past or future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors, or assigns, based upon or in any way related to any claim or allegation, whether known or unknown; provided, however, the foregoing agreement and covenant not to sue do not apply to any breach of this Agreement.

4.      For and on behalf of itself and its corporate affiliates, and its and their respective present and past and future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors and assigns the Plaintiff hereby agrees and covenants not to assert any claim, known or unknown, now or in the future, or file any further suit or action or other proceeding, against any or all of the Defendants or their respective corporate affiliates or any of the Defendants' or their corporate affiliates' respective present or past or future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors, or assigns, based upon or in any way related to any claim or allegation, whether known or unknown; provided, however, the foregoing agreement and covenant not to sue do not apply to any breach of this Agreement.

5.      The Defendants agree to provide to counsel for the Plaintiff executed releases in the form annexed hereto as Exhibits "B" through "F," executed by an authorized representative of Acquired Learning, an authorized representative of Sage Advice, Ltd., Dean Novosat, Judeann Stipe and Carl Leinbach.  The Plaintiff agrees to provide to counsel for the Defendants an executed release in the form annexed hereto as Exhibit "G" executed by Christopher Smith, the authorized representative of American Graphics Institute, Inc.  The execution of these releases will be provided contemporaneously with the execution of this Settlement Agreement.

6.      Defendants Acquired and Dean Novosat agree to provide to counsel for the Plaintiff an executed letter in the form annexed hereto as Exhibit "H."  The execution of this letter will be provided contemporaneously with the execution of this Settlement Agreement.

7.      Defendants shall not make any disparaging statements concerning any of Plaintiff or its officers, directors, employees, attorneys, agents, or contracting parties, or its business or operations.  This non-disparagement agreement shall not in any way

2

prevent the parties from disclosing any information to their attorneys or in response to a lawful subpoena or court order requiring disclosure of information.

8.     This Agreement shall be governed by the substantive laws of the Commonwealth of Massachusetts without giving effect to choice of law provisions.  Both Parties agree that any suit, action or other proceeding arising out of or in connection with this Agreement shall be brought initially, if possible, in the United States District Court for the District of Massachusetts, and the Parties hereby submit to, and acknowledge the jurisdiction and proper venue of said Court for any such dispute.

9.     This Agreement, together with its Exhibits, constitutes the entire Agreement between the Parties with respect to the subject matter hereof.  All prior agreements, negotiations and understandings with respect to the subject matter hereof, whether written or oral, are cancelled and superseded by this Agreement.

10.     This Agreement shall not be varied in its terms by an oral agreement, representation or otherwise, but only by an instrument in writing duly executed by each of the Parties.

11.     If any part or provision of this Agreement is rendered void, invalid or unenforceable, then the Parties will negotiate in good faith to redraft the void, invalid or unenforceable provision to represent the Parties' original lawful intent.

12.     The Parties hereto have been represented by independent legal counsel and have received advice of independent legal counsel during the negotiation, drafting and execution of this Agreement.

13.     The Parties hereto agree that this Agreement was fully negotiated and shall not be construed against any party as the drafter.

14.     The failure of any Party to the Agreement to insist on strict compliance with any of the terms, covenants or conditions of this Agreement by the other Party shall not be deemed a waiver of such term, covenant or condition, and any waiver or relinquishment of any right or power under this Agreement at any one time or times shall not be deemed a waiver or relinquishment of such right or power for all or any other times.

15.     This Agreement may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed an original, but all of which taken together shall constitute one instrument.  This Agreement shall be effective as of the date first above recited.

16.     Any individual signing this Agreement on behalf of any Party hereto represents and warrants that he or she has the full right, power and authority to do so, and that this Agreement is fully enforceable against that Party in accordance with its terms and provisions.

3

17.     The obligations of the Defendants under this Agreement shall apply to Acquired, Judeann Stipe, Dean Novosat, Sage Advice, and Carl Leinbach, respectively, as well as all of their respective successors, directors, officers, managers, employees, assigns, and affiliates; and the obligations of AGI, as well as its respective heirs, representatives, successors, and assigns.

IN WITNESS WHEREOF, the Parties hereto, by and through their duly authorized undersigned representatives, have executed this Agreement on the dates indicated below.

AMERICAN GRAPHICS INSTITUTE, INC.

By: _____
Name:  Christopher Smith
Title:    President

ACQUIRED LEARNING, INC.

By: _____
Name: Dean Novosat
Title:    Co-Founder of Acquired Learning, Inc.

SAGE ADVICE, LTD.

By: _____
Name: Dean Novosat
Title:    Co-Founder of Sage Advice, Ltd.

DEAN NOVOSAT

By: _____
Name: Dean Novosat

JUDEANN STIPE

By: _____
Name: Judeann Stipe

4

CARL LEINBACH

By: _____
Name: Carl Leinbach

586546

# EXHIBIT "B"

## <u>RELEASE BY ACQUIRED LEARNING, INC.</u>

Acquired Learning, Inc. releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach,</u> in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2005.

Signed in the presence of:                    Authorized Representative of Acquired Learning, Inc.

_____                    _____

# EXHIBIT "C"

## **RELEASE BY SAGE ADVICE, LTD.**

Sage Advice, Ltd. releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach, in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the _____ day of _____, 2005.

Signed in the presence of:                    Authorized Representative of Sage Advice, Ltd.

_____                    _____

7

# EXHIBIT "D"

## RELEASE BY DEAN NOVOSAT

Dean Novosat releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach, in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2005.

Signed in the presence of:                    Dean Novosat

_____            _____

8

# EXHIBIT "E"

## <u>RELEASE BY JUDEANN STIPE</u>

Judeann Stipe releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach,</u> in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the _____ day of _____, 2005.

Signed in the presence of:                    Judeann Stipe

_____                    _____

# EXHIBIT "F"

## <u>RELEASE BY CARL LEINBACH</u>

Carl Leinbach releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach,</u> in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2005.

Signed in the presence of:                    Carl Leinbach

_____                    _____

10

# EXHIBIT "G"

## RELEASE BY AMERICAN GRAPHICS INSTITUTE, INC.

American Graphics Institute, Inc. releases, acquits, and forever discharges Acquired Learning, Inc., a Pennsylvania corporation with a place of business at 1514 Quarry Lane, Lancaster, Pennsylvania, Systems Solution, Inc., a Pennsylvania corporation with a place of business at 376 Crooked Lane, King of Prussia, Pennsylvania, Judeann Stipe, a citizen of the state of Pennsylvania residing at 1696 Pioneer Road, Lancaster, Pennsylvania, Dean Novosat a citizen of the state of Pennsylvania residing at 1514 Quarry Lane, Lancaster, Pennsylvania and Richard Wein a citizen of the state of Pennsylvania residing at 376 Crooked Lane, King of Prussia, Pennsylvania, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case American Graphics Institute, Inc. and Christopher Smith v. Acquired Learning, Inc., Systems Solution, Inc., Judeann Stipe, Dean Novosat, Clark Edwards and Richard Wein in the United States District Court for the District of Massachusetts, Civil Action No. 04-12611 JLT (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims

whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the _____ day of _____, 2005.

Signed in the presence of:                    AMERICAN GRAPHICS INSTITUTE, INC.

_____                    _____

# EXHIBIT "H"

*To be provided*

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Jason Morgan [jmorgan@dhtmlaw.com] |
| **Sent:** | Thursday, November 17, 2005 8:39 AM |
| **To:** | Giovanna Fessenden |
| **Cc:** | John DuPre |
| **Subject:** | RE: Settlement Papers for Computer Fraud Case |

I was out yesterday.  Will review today.

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:    (781) 749-7200
Fax:    (781) 740-4335
jmorgan@dhtmlaw.com


-----Original Message-----
From: Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
Sent: Tuesday, November 15, 2005 8:41 PM
To: Jason Morgan
Cc: John DuPre
Subject: Settlement Papers for Computer Fraud Case

Jason,

Attached are drafts of the Order and Judgment on Consent and the Settlement Agreement for
the computer fraud case.

We still need to prepare other papers, for example, the Joint Motion for Entry of Order
and Judgment on Consent and the Stipulation.  The substantive information for the
stipulation is already set forth in the Consent Judgment.

My client is still deciding whether to file its customer lists under seal or to institute
a procedure that would permit attorneys from both sides to maintain a copy of the customer
list, and require the defendants to contact the plaintiffs' attorney in order to determine
whether a company is on the customer list before soliciting business. The latter is
preferred because it would avoid further disclosure of the plaintiff's customer list to
the defendants.

The court has already entered Default against ALI and Sage Advice, and I am in the process
of preparing the Motion for Default Judgment.  We do plan to file these papers if
settlement does not come to fruition soon.

Let me know if you have any questions.

Giovanna H. Fessenden, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Tel.:    (978) 341-0036 (ext. 3466)
Direct: (978) 202-3466
Fax.:    (978) 341-0136
email:  giovanna.fessenden@hbsr.com
http://www.hbsr.com/

1

***********************************************************************
This email and any files transmitted with it are confidential and may contain attorney-
client privileged information. These materials are intended solely for the use of the
intended recipient. If you are not the intended recipient, any use, distribution, or
disclosure of this transmission is prohibited. If you have received this email in error,
please immediately notify the sender and delete the message from your system.

This footnote also confirms that this email message has been swept by MIMEsweeper for the
presence of computer viruses.

www.mimesweeper.com
Mail System HBSR
***********************************************************************

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Jason Morgan [jmorgan@dhtmlaw.com] |
| **Sent:** | Friday, November 18, 2005 4:34 PM |
| **To:** | Giovanna Fessenden |
| **Cc:** | John DuPre |
| **Subject:** | RE: Settlement Papers for Copyright Case |

I just took a quick look, and noticed that you want the ability to show everyone the agreement and the consent judgment and to tell everyone about it. That is actually what I had meant by needing a confidentiality provision. I doubt that the others really care at this point, but I am sure that Rich Wein will insist that this be kept confidential – he specifically asked me that, and I told him that I was responding to you with that. Maybe you can let Mr. Smith wave the Trade Secret papers around to everyone, and keep the copyright papers under wraps.

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com

-----Original Message-----
**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Friday, November 18, 2005 4:04 PM
**To:** Jason Morgan
**Cc:** John DuPre
**Subject:** RE: Settlement Papers for Copyright Case

Jason,

My responses to your questions and comments are in red below.

-Giovanna

(1) Is there a reason that Clark Edwards is excluded from all of the papers?

In light of Clark Edward's filing for bankruptcy, we did not include him in the papers. We would like to include him, and we will leave it to you to communicate and coordinate with Edwards's bankruptcy attorney so he can be included in the final resolution.

(2) On the Copyright Settlement Agreement:
(a) Why the need for the 2nd and 3rd Whereas clauses - they have no legal effect.

We think these clauses are important because they put the settlement terms in context. As you noted, they have no legal effect, so therefore, you should have no objection to them.

(b) Why separate releases instead of a general release in the settlement agreement itself?

A general release can be in the agreement, however, we feel that the separate releases make it clearer, in terms of who is releasing to whom and for what.

(c) The non-disparagement provision needs to be mutual.

A revised agreement with a mutual non-disparagement clause is attached.

(d) ¶16 is missing something - it is garbled at the end.

See revised agreement.

(e) We need a confidentiality provision.

See revised agreement.

(3) On the Copyright Consent Judgment:
(a) Why the need for ¶3 if you have ¶¶4 and 5?

It is a general statement that sets up the context for the specific ¶¶4 and 5. It should not be objectionable.

(b) You allow for unintentional infringement for SSI/Wein, but state something different for the others - not sure why. I thought I had made it clear earlier that the others would want similar treatment.

My client will not agree to "unintentional" infringement for the ALI defendants. My client has already gone out of its way to make concessions to the defendants in the interest of a speedy resolution to these matters, but there is a limit.

(c) ¶6(d) - change "any and all actions necessary" to "commercially reasonable measures."

See revised order.

(4) On the Trade Secret Papers, I haven't looked at them in great detail, as I do not know the scope of my role for that case; however, I have forwarded them to Novosat, Edwards, and Stipe. My initial thoughts on those papers are as follows:
(a) again, mutual non-disparagement and confidentiality provision in the agreement

See revised agreement.

(b) on the Consent Judgment, I think that you can get the defendants to admit to wrongdoing, generally speaking, but I doubt that they will admit to the statements that you have included, because they are so far from the truth. There is no need and no legal effect to including that kind of background in any event. Why not just put in the conduct that is to be enjoined?

We think it is necessary to include the statements. The statements are clear from the papers we filed and the affidavits filed by the defendants, and the statements are not seriously contested.

(c) as for the injunction, a 36-month non-compete would never be upheld, and I think you are crazy for putting that before the Court. The same is true for an injunction that prevents them from working in the computer software training business. All you mentioned in your original email was the solicitation of customers, which is really the basis of your suit, and is what I confirmed the defendants would agree to. I have no idea what these folks will do in the future, but no Court is going to say that they can't work in their field of trade. If they act as a trainer or something along those lines, how is that related to the harm you are claiming in the suit. Let's scale it down to something reasonable.

We are aware that a 36-month non-compete has been upheld numerous times in the past, and we think it is appropriate for this case. In light of your clients' previous statements, we don't think it should be an issue or a concern to them.

-----Original Message-----
From: Jason Morgan [mailto:jmorgan@dhtmlaw.com]
Sent: Thursday, November 17, 2005 12:27 PM
To: Giovanna Fessenden
Cc: John DuPre
Subject: RE: Settlement Papers for Copyright Case

Giovanna and John,

My initial thoughts and comments, without having consulted with my clients:

(1) Is there a reason that Clark Edwards is excluded from all of the papers?

(2) On the Copyright Settlement Agreement:
    (a) Why the need for the 2nd and 3rd Whereas clauses - they have no legal effect.
    (b) Why separate releases instead of a general release in the settlement agreement itself?
    (c) The non-disparagement provision needs to be mutual.
    (d) ¶16 is missing something - it is garbled at the end.
    (e) We need a confidentiality provision.

(3) On the Copyright Consent Judgment:
    (a) Why the need for ¶3 if you have ¶¶4 and 5?
    (b) You allow for unintentional infringement for SSI/Wein, but state something different for the others - not sure why.  I thought I had made it clear earlier that the others would want similar treatment.
    (c) ¶6(d) - change "any and all actions necessary" to "commercially reasonable measures."

(4) On the Trade Secret Papers, I haven't looked at them in great detail, as I do not know the scope of my role for that case; however, I have forwarded them to Novosat, Edwards, and Stipe.  My initial thoughts on those papers are as follows:
    (a) again, mutual non-disparagement and confidentiality provision in the agreement
    (b) on the Consent Judgment, I think that you can get the defendants to admit to wrongdoing, generally speaking, but I doubt that they will admit to the statements that you have included, because they are so far from the truth.  There is no need and no legal effect to including that kind of background in any event.  Why not just put in the conduct that is to be enjoined?
    (c) as for the injunction, a 36-month non-compete would never be upheld, and I think you are crazy for putting that before the Court.  The same is true for an injunction that prevents them from working in the computer software training business.  All you mentioned in your original email was the solicitation of customers, which is really the basis of your suit, and is what I confirmed the defendants would agree to.  I have no idea what these folks will do in the future, but no Court is going to say that they can't work in their field of trade.  If they act as a trainer or something along those lines, how is that related to the harm you are claiming in the suit.  Let's scale it down to something reasonable.

I will let you know if/when I have comments from the parties.

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:   (781) 740-4335
jmorgan@dhtmlaw.com


-----Original Message-----
From: Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
Sent: Tuesday, November 15, 2005 8:41 PM
To: Jason Morgan
Cc: John DuPre
Subject: Settlement Papers for Copyright Case

Jason,

Attached are the Order and Judgment on Consent and the Settlement Agreement for the copyright case.

The Joint Motion for Entry of Order and Judgment on Consent still needs to be prepared.

-Giovanna

Giovanna H. Fessenden, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Tel.:   (978) 341-0036 (ext. 3466)
Direct: (978) 202-3466
Fax.:   (978) 341-0136
email:  giovanna.fessenden@hbsr.com
http://www.hbsr.com/

*********************************************************************
This email and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are intended solely for the use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.

This footnote also confirms that this email message has been swept by MIMEsweeper for the presence of computer viruses.

www.mimesweeper.com
Mail System HBSR
*********************************************************************

9/25/2006

**Giovanna Fessenden**

**From:** Jason Morgan [jmorgan@dhtmlaw.com]
**Sent:** Tuesday, November 22, 2005 1:20 PM
**To:** Giovanna Fessenden
**Cc:** John DuPre
**Subject:** RE: Settlement Papers for Copyright Case

I will inquire.  It would be nice to wrap up the copyright settlement.  As a legal matter, Judeann really has no exposure on the copyright case.  You really didn't even argue that she did in your SJ papers.  Maybe to make her feel better, and get the case done, Smith can carve her out of the infringement statements.  We can then try to make some headway on the trade secret case.

Let me know.
Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com

-----Original Message-----
**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Tuesday, November 22, 2005 1:04 PM
**To:** Jason Morgan
**Cc:** John DuPre
**Subject:** RE: Settlement Papers for Copyright Case

Jason,

As you can see from my e-mail to Judeann, we are willing to try to settle the case without Judeann.  Please let me know if this is acceptable to your clients.

We will agree to have the copyright settlement agreement confidential.

I look forward to hearing from you about settlement.

Thanks,
Giovanna

-----Original Message-----
**From:** Jason Morgan [mailto:jmorgan@dhtmlaw.com]
**Sent:** Friday, November 18, 2005 4:34 PM
**To:** Giovanna Fessenden
**Cc:** John DuPre
**Subject:** RE: Settlement Papers for Copyright Case

I just took a quick look, and noticed that you want the ability to show everyone the agreement and the consent judgment and to tell everyone about it.  That is actually what I had meant by needing a confidentiality provision.  I doubt that the others really care at this point, but I am sure that Rich Wein will insist that this be kept confidential – he specifically asked me that, and I told him that I was responding to you with that.  Maybe you can let Mr. Smith wave the Trade Secret

papers around to everyone, and keep the copyright papers under wraps.

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:   (781) 740-4335
jmorgan@dhtmlaw.com

-----Original Message-----
**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Friday, November 18, 2005 4:04 PM
**To:** Jason Morgan
**Cc:** John DuPre
**Subject:** RE: Settlement Papers for Copyright Case

Jason,

My responses to your questions and comments are in red below.

-Giovanna

(1) Is there a reason that Clark Edwards is excluded from all of the papers?

In light of Clark Edward's filing for bankruptcy, we did not include him in the papers.  We would like to include him, and we will leave it to you to communicate and coordinate with Edwards's bankruptcy attorney so he can be included in the final resolution.

(2) On the Copyright Settlement Agreement:
(a) Why the need for the 2nd and 3rd Whereas clauses - they have no legal effect.

We think these clauses are important because they put the settlement terms in context.  As you noted, they have no legal effect, so therefore, you should have no objection to them.

(b) Why separate releases instead of a general release in the settlement agreement itself?

A general release can be in the agreement, however, we feel that the separate releases make it clearer, in terms of who is releasing to whom and for what.

(c) The non-disparagement provision needs to be mutual.
A revised agreement with a mutual non-disparagement clause is attached.

(d) ¶16 is missing something - it is garbled at the end.

See revised agreement.

(e) We need a confidentiality provision.

See revised agreement.

(3) On the Copyright Consent Judgment:
(a) Why the need for ¶3 if you have ¶¶4 and 5?

It is a general statement that sets up the context for the specific ¶¶4 and 5.  It should not be

objectionable.

      (b) You allow for unintentional infringement for SSI/Wein, but state something different for the others - not sure why.  I thought I had made it clear earlier that the others would want similar treatment.

<span style="color:red">My client will not agree to "unintentional" infringement for the ALI defendants.  My client has already gone out of its way to make concessions to the defendants in the interest of a speedy resolution to these matters, but there is a limit.</span>

      (c) ¶6(d) - change "any and all actions necessary" to "commercially reasonable measures."

<span style="color:red">See revised order.</span>

(4) On the Trade Secret Papers, I haven't looked at them in great detail, as I do not know the scope of my role for that case; however, I have forwarded them to Novosat, Edwards, and Stipe.  My initial thoughts on those papers are as follows:
      (a) again, mutual non-disparagement and confidentiality provision in the agreement

<span style="color:red">See revised agreement.</span>

      (b) on the Consent Judgment, I think that you can get the defendants to admit to wrongdoing, generally speaking, but I doubt that they will admit to the statements that you have included, because they are so far from the truth.  There is no need and no legal effect to including that kind of background in any event.  Why not just put in the conduct that is to be enjoined?

<span style="color:red">We think it is necessary to include the statements.  The statements are clear from the papers we filed and the affidavits filed by the defendants, and statements are not seriously contested.</span>

      (c) as for the injunction, a 36-month non-compete would never be upheld, and I think you are crazy for putting that before the Court.  The same is true for an injunction that prevents them from working in the computer software training business.  All you mentioned in your original email was the solicitation of customers, which is really the basis of your suit, and is what I confirmed the defendants would agree to.  I have no idea what these folks will do in the future, but no Court is going to say that they can't work in their field of trade.  If they act as a trainer or something along those lines, how is that related to the harm you are claiming in the suit.  Let's scale it down to something reasonable.

<span style="color:red">We are aware that a 36-month non-compete has been upheld numerous times in the past, and we think it is appropriate for this case.  In light of your clients' previous statements, we don't think it should be an issue or a concern to them.</span>

-----Original Message-----
From: Jason Morgan [mailto:jmorgan@dhtmlaw.com]
Sent: Thursday, November 17, 2005 12:27 PM
To: Giovanna Fessenden
Cc: John DuPre
Subject: RE: Settlement Papers for Copyright Case

Giovanna and John,

My initial thoughts and comments, without having consulted with my clients:

(1) Is there a reason that Clark Edwards is excluded from all of the papers?

(2) On the Copyright Settlement Agreement:
    (a) Why the need for the 2nd and 3rd Whereas clauses - they have no legal effect.
    (b) Why separate releases instead of a general release in the settlement agreement itself?
    (c) The non-disparagement provision needs to be mutual.
    (d) ¶16 is missing something - it is garbled at the end.
    (e) We need a confidentiality provision.

(3) On the Copyright Consent Judgment:
    (a) Why the need for ¶3 if you have ¶¶4 and 5?
    (b) You allow for unintentional infringement for SSI/Wein, but state something different for the others - not sure why.  I thought I had made it clear earlier that the others would want similar treatment.
    (c) ¶6(d) - change "any and all actions necessary" to "commercially reasonable measures."

(4) On the Trade Secret Papers, I haven't looked at them in great detail, as I do not know the scope of my role for that case; however, I have forwarded them to Novosat, Edwards, and Stipe.  My initial thoughts on those papers are as follows:
    (a) again, mutual non-disparagement and confidentiality provision in the agreement
    (b) on the Consent Judgment, I think that you can get the defendants to admit to wrongdoing, generally speaking, but I doubt that they will admit to the statements that you have included, because they are so far from the truth.  There is no need and no legal effect to including that kind of background in any event.  Why not just put in the conduct that is to be enjoined?
    (c) as for the injunction, a 36-month non-compete would never be upheld, and I think you are crazy for putting that before the Court.  The same is true for an injunction that prevents them from working in the computer software training business.  All you mentioned in your original email was the solicitation of customers, which is really the basis of your suit, and is what I confirmed the defendants would agree to.  I have no idea what these folks will do in the future, but no Court is going to say that they can't work in their field of trade.  If they act as a trainer or something along those lines, how is that related to the harm you are claiming in the suit.  Let's scale it down to something reasonable.

I will let you know if/when I have comments from the parties.

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com


-----Original Message-----
From: Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
Sent: Tuesday, November 15, 2005 8:41 PM
To: Jason Morgan
Cc: John DuPre
Subject: Settlement Papers for Copyright Case

Jason,

Attached are the Order and Judgment on Consent and the Settlement Agreement for the copyright case.

The Joint Motion for Entry of Order and Judgment on Consent still needs to be prepared.

-Giovanna

Giovanna H. Fessenden, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133

Tel.:   (978) 341-0036 (ext. 3466)
Direct: (978) 202-3466
Fax.:   (978) 341-0136
email:  giovanna.fessenden@hbsr.com
http://www.hbsr.com/


***********************************************************************
This email and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are intended solely for the use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.

This footnote also confirms that this email message has been swept by MIMEsweeper for the presence of computer viruses.

www.mimesweeper.com
Mail System HBSR
***********************************************************************

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Jason Morgan [jmorgan@dhtmlaw.com] |
| **Sent:** | Tuesday, November 29, 2005 12:14 PM |
| **To:** | Giovanna Fessenden |
| **Cc:** | John DuPre; Jason Morgan |
| **Subject:** | RE: Confidential - For Settlement Purposes Only |

I just spoke to Judeann.  She will not sign either agreement as currently written.  She said that she is waiting to receive from you some evidence that she was involved in the website, but denies that there is any.  I know that Judeann earlier had agreed to sign the copyright agreement as is, but only if there was an agreement on the trade secret case that she could live with, so the real stumbling block with her is not the copyright case, but rather the trade secret case.  If Mr. Smith can agree to non-solicitation and no "unfair" competition, we can work out a deal – that is what you had proposed (and what Judeann agreed to) in the first place.  She will not agree to not work in the industry.  As I said before, she simply cannot agree to that.

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com

-----Original Message-----
**From:** Jason Morgan
**Sent:** Tuesday, November 29, 2005 10:48 AM
**To:** 'Giovanna Fessenden'
**Cc:** John DuPre
**Subject:** RE: Confidential - For Settlement Purposes Only

Giovanna,

I have preliminary feedback from Dean and Rich.  The confidentiality provision is a deal breaker for Rich and SSI.  As I mentioned to you last night, it makes no sense to have the settlement agreement confidential if your client is going to affirmatively publish the consent judgment – in fact, it would be worse that way.  Rich recognizes that the consent judgment will be a public document (if someone looks for it), but he will only agree to it if AGI and Smith are prohibited from publicizing the content or existence of the document.  AGI can confirm that the parties have settled their dispute in a confidential settlement agreement.  Moreover, if AGI were to publicize something negative about SSI (such as the infringement), it would be a violation of the non-disparagement provision.

As for Dean, he would agree to a graphics training restriction that is more limited in nature – he would agree to a limitation on solicitation of specified customers for graphics training, and would agree not to work (or compete with AGI) in the graphics training area in the Lancaster, PA and surrounding area, for a period of 12 months.  I know that we are talking hypotheticals, but Dean shouldn't be barred from working in the industry, if he wants, if he moves to California and starts work out there.  I don't think AGI does business on the west coast, so it wouldn't impact AGI at all.  We need to carve out whatever we can, especially if it doesn't really impact AGI.  Nobody feels comfortable with a 36-month restriction.  Part of it is that no one knows what they will be doing or what they will want to do that far down the road, and there really is no threat to Smith (if there ever was one) after a year, as it relates to customer information, etc.  For example, I have a trade secret case in Connecticut where my client was found to have misappropriated customer information, and the Court basically said that because

the employee left more than a year ago, there would be no need for an injunction, because the information is stale after that time.  If 12 months is not long enough, please explain why – i.e., what is the risk factor for your client.  Maybe we can increase it a little, but 36 months is just plain greedy, and it isn't resonating well for folks.

I haven't heard back from Judeann, but I know that her position won't change on her working restrictions.  As I mentioned last night, any judgment that you could ever get against her would be much less severe than what you are proposing.  Again, Judeann would agree to the non-solicitation, and if she went to work for a competitor or whoever, and you had some legitimate concern about whether customer information was being used, you could provide some notice that she is bound not to solicit customers, etc.  I think this is workable, but it might require some creative wording.

I haven't heard from Clark, so I can't say one way or the other as to what he is thinking.

Let me know when you have feedback from your client.

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com

    -----Original Message-----
    **From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
    **Sent:** Thursday, November 10, 2005 12:05 PM
    **To:** Jason Morgan
    **Cc:** John DuPre
    **Subject:** RE: Confidential - For Settlement Purposes Only


    Jason,

    This is acceptable provided we have an order that is acceptable to us and the additional terms we had been discussing in the past.  We will forward a consent judgment to you shortly.

    The following are the basic terms of the settlement:

    - Consent Judgment in copyright case: (i) acknowledgement of copyright validity and infringement, and (ii) injunction from further use of copyrights;

    - Consent Judgment in computer fraud/trade secret case: (i) acknowledgement of trade secret validity, (ii) injunction from further use of trade secrets, (iii) injunction from further solicitation of AGI's customers and otherwise unfairly competing with AGI, (iv) injunction from further operation of ALI; (v) acknowledgement of wrongdoing by ALI;

    - Monetary payment of $2,500;

    - Assets from ALI - Financial Documents (all business records, including database files);

    - ALI website notice that stays up for 12 months redirecting business to AGI;

    - Releases from all defendants;

- Non-disparagement agreement; and

- Letter, signed by ALI's principals, explaining that Acquired Learning has ceased operation, but that it encourages customers and prospective customers to call AGI for their training needs.

Please note that it is my understanding that you do not have an objection to us communicating with the defendants in the computer fraud / trade secret case.

Thanks,
Giovanna


-----Original Message-----
From: Jason Morgan [mailto:jmorgan@dhtmlaw.com]
Sent: Wednesday, November 09, 2005 6:43 PM
To: Giovanna Fessenden
Cc: John DuPre
Subject: Confidential - For Settlement Purposes Only


Giovanna,

Clark, Dean and Judeann have approached Rich Wein about trying to reach a universal settlement. After careful consideration of the matter and weighing the costs of filing a basic complaint in PA against AGI (for breach of a confidentiality agreement, breach of contract, misappropriation of trade secrets, unfair trade practices, etc.), Rich has agreed to pay $2500 if both suits, against all parties, are resolved. This offer is good through the close of business on Friday, November 11.

Please note that I continue to represent all defendants in the copyright case and that communications concerning that case should be through me.

I look forward to hearing from you.

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com


*****************************************************************
This email and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are intended solely for the use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.

This footnote also confirms that this email message has been swept by
MIMEsweeper for the presence of computer viruses.

www.mimesweeper.com
Mail System HBSR
*********************************************************************

## Giovanna Fessenden

**From:** Jason Morgan [jmorgan@dhtmlaw.com]
**Sent:** Wednesday, November 30, 2005 8:29 AM
**To:** Giovanna Fessenden
**Cc:** John DuPre
**Subject:** RE: Confidential - For Settlement Purposes Only

Can you get me a revised version of the trade secret settlement and consent judgment?  Dean wants to see the language that you are proposing for that settlement before he signs off on any copyright settlement.

Thanks
Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com

-----Original Message-----
**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Tuesday, November 29, 2005 7:31 PM
**To:** Jason Morgan
**Cc:** John DuPre
**Subject:** RE: Confidential - For Settlement Purposes Only

Jason,

Thank you for the message.

Attached are the settlement papers for the copyright case.

We prepared two separate orders, one for the SSI defendants (Exhibit A), and another for the ALI defendants (Exhibit B).  We have revised the confidentiality clause in the copyright settlement agreement so that the order for SSI, Exhibit A, is confidential.  There is no confidentiality restriction on the ALI order (Exhibit B).  Please let us know if this is acceptable.

Thanks,
Giovanna

-----Original Message-----
**From:** Jason Morgan [mailto:jmorgan@dhtmlaw.com]
**Sent:** Tuesday, November 29, 2005 12:14 PM
**To:** Giovanna Fessenden
**Cc:** John DuPre; Jason Morgan
**Subject:** RE: Confidential - For Settlement Purposes Only

I just spoke to Judeann.  She will not sign either agreement as currently written.  She said that she is waiting to receive from you some evidence that she was involved in the website, but denies that there is any.  I know that Judeann earlier had agreed to sign the copyright agreement as is, but only if there was an agreement on the trade secret case that she could live with, so the real stumbling block with her is not the copyright case, but rather the trade secret case.  If Mr. Smith can agree to non-solicitation and no "unfair" competition, we can work out a deal – that is what you had proposed (and what Judeann agreed to) in the first place.  She will not agree to not work in the industry.  As I said before, she simply cannot agree to that.

outbind://155/

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:   (781) 740-4335
jmorgan@dhtmlaw.com

-----Original Message-----
**From:** Jason Morgan
**Sent:** Tuesday, November 29, 2005 10:48 AM
**To:** 'Giovanna Fessenden'
**Cc:** John DuPre
**Subject:** RE: Confidential - For Settlement Purposes Only

Giovanna,

I have preliminary feedback from Dean and Rich.  The confidentiality provision is a deal breaker for Rich and SSI.  As I mentioned to you last night, it makes no sense to have the settlement agreement confidential if your client is going to affirmatively publish the consent judgment – in fact, it would be worse that way.  Rich recognizes that the consent judgment will be a public document (if someone looks for it), but he will only agree to it if AGI and Smith are prohibited from publicizing the content or existence of the document.  AGI can confirm that the parties have settled their dispute in a confidential settlement agreement.  Moreover, if AGI were to publicize something negative about SSI (such as the infringement), it would be a violation of the non-disparagement provision.

As for Dean, he would agree to a graphics training restriction that is more limited in nature – he would agree to a limitation on solicitation of specified customers for graphics training, and would agree not to work (or compete with AGI) in the graphics training area in the Lancaster, PA and surrounding area, for a period of 12 months.  I know that we are talking hypotheticals, but Dean shouldn't be barred from working in the industry, if he wants, if he moves to California and starts work out there.  I don't think AGI does business on the west coast, so it wouldn't impact AGI at all.  We need to carve out whatever we can, especially if it doesn't really impact AGI.  Nobody feels comfortable with a 36-month restriction.  Part of it is that no one knows what they will be doing or what they will want to do that far down the road, and there really is no threat to Smith (if there ever was one) after a year, as it relates to customer information, etc.  For example, I have a trade secret case in Connecticut where my client was found to have misappropriated customer information, and the Court basically said that because the employee left more than a year ago, there would be no need for an injunction, because the information is stale after that time.  If 12 months is not long enough, please explain why – i.e., what is the risk factor for your client.  Maybe we can increase it a little, but 36 months is just plain greedy, and it isn't resonating well for folks.

I haven't heard back from Judeann, but I know that her position won't change on her working restrictions.  As I mentioned last night, any judgment that you could ever get against her would be much less severe than what you are proposing.  Again, Judeann would agree to the non-solicitation, and if she went to work for a competitor or whoever, and you had some legitimate concern about whether customer information was being used, you could provide some notice that she is bound not to solicit customers, etc.  I think this is workable, but it might require some creative wording.

I haven't heard from Clark, so I can't say one way or the other as to what he is thinking.

Let me know when you have feedback from your client.

Jason

**Jason W. Morgan, Esq.**
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com

-----Original Message-----
**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Thursday, November 10, 2005 12:05 PM
**To:** Jason Morgan
**Cc:** John DuPre
**Subject:** RE: Confidential - For Settlement Purposes Only

Jason,

This is acceptable provided we have an order that is acceptable to us and the additional terms we had been discussing in the past.  We will forward a consent judgment to you shortly.

The following are the basic terms of the settlement:

- Consent Judgment in copyright case: (i) acknowledgement of copyright validity and infringement, and (ii) injunction from further use of copyrights;

- Consent Judgment in computer fraud/trade secret case: (i) acknowledgement of trade secret validity, (ii) injunction from further use of trade secrets, (iii) injunction from further solicitation of AGI's customers and otherwise unfairly competing with AGI, (iv) injunction from further operation of ALI; (v) acknowledgement of wrongdoing by ALI;

- Monetary payment of $2,500;

- Assets from ALI - Financial Documents (all business records, including database files);

- ALI website notice that stays up for 12 months redirecting business to AGI;

- Releases from all defendants;

- Non-disparagement agreement; and

- Letter, signed by ALI's principals, explaining that Acquired Learning has ceased operation, but that it encourages customers and prospective customers to call AGI for their training needs.

Please note that it is my understanding that you do not have an objection to us communicating with the defendants in the computer fraud / trade secret case.

outbind://155/

Thanks,
Giovanna


-----Original Message-----
From: Jason Morgan [mailto:jmorgan@dhtmlaw.com]
Sent: Wednesday, November 09, 2005 6:43 PM
To: Giovanna Fessenden
Cc: John DuPre
Subject: Confidential - For Settlement Purposes Only


Giovanna,

Clark, Dean and Judeann have approached Rich Wein about trying to reach a universal
settlement.  After careful consideration of the matter and weighing the costs of filing a
basic complaint in PA against AGI (for breach of a confidentiality agreement, breach of
contract, misappropriation of trade secrets, unfair trade practices, etc.), Rich has agreed to
pay $2500 if both suits, against all parties, are resolved.  This offer is good through the
close of business on Friday, November 11.

Please note that I continue to represent all defendants in the copyright case and that
communications concerning that case should be through me.

I look forward to hearing from you.

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com


*******************************************************************
This email and any files transmitted with it are confidential and may contain attorney-client
privileged information. These materials are intended solely for the use of the intended
recipient. If you are not the intended recipient, any use, distribution, or disclosure of this
transmission is prohibited. If you have received this email in error, please immediately
notify the sender and delete the message from your system.

This footnote also confirms that this email message has been swept by
MIMEsweeper for the presence of computer viruses.

www.mimesweeper.com
Mail System HBSR
*******************************************************************