Dean M. Novosat
1514 Quarry Lane
Lancaster, PA 17603

September 18, 2006

The Honorable D.J. Tauro
Clerk of Court
U.S. District Court
One Courthouse Way
Boston, MA 02110

    Re:    American Graphics Institute, Inc. v. Acquired Learning, Inc.,
             Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and
             Carl Leinbach
             Civil Action No. 05-11857

Dear Judge Tauro:

As you know, Judeann Stipe and I are appearing *pro se* in the above matter. In June there was to be a teleconference with you and opposing counsel. Both Judeann and I waited for the phone call to begin, as it was our understanding that Attorney Fessenden was to teleconference us in. After about ninety minutes, I was called by Ms. Fessenden and advised that the Judge did not want to teleconference us in and that you wanted the case resolved before September 27th, 2006.

Ms. Fessenden has provided us with a proposed Settlement Stipulation and Consent Judgment, a copy of which is attached. While we are most eager to resolve this matter along the lines set forth in the Stipulation, there must be some changes before we can enter into the Agreement.

All factual representations must use the term "alleged". In addition, we cannot and will not admit to any criminal acts as required by the Stipulation. Should we do so we believe the Plaintiff could provide information to the insurance company that would allow them to pursue us for any and all damages that are alleged by the Plaintiff. We cannot allow that to happen.

If you can convince the Plaintiff to make these minor changes, I believe we can resolve this matter by Stipulation.

We would appreciate being included in any future conference calls or settlement discussions. We can be reached at the following numbers: Dean Novosat (717-390-9024) and Judeann Stipe (717-464-9754)

Very truly yours,

*[signature]*

Dean Novosat

Attachments: 2 (Plaintiff's Proposed Settlement Agreement and Proposed Final Order)

cc: Judeann Stipe
Giovanna H. Fessenden, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, INC.,

Plaintiff,

v.

ACQUIRED LEARNING, INC., JUDEANN
STIPE, DEAN NOVOSAT, CLARK
EDWARDS, SAGE ADVICE, LTD., and
CARL LEINBACH,

Defendants.

Civil Action No. 05-11857-JLT

*Proposed by Plaintiff*

## FINAL ORDER AND JUDGMENT ON CONSENT

The parties hereto having agreed to settle the matters at issue, and to the entry of this Final Judgment on Consent,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the defendants, and over the subject matter of this action issue.

2. The parties have stipulated to the facts set forth in paragraphs 3-10 below and the Court accepts these stipulated facts as its findings of fact in this action.

3. The plaintiff American Graphics Institute, Inc. ("AGI") owns and controls trade secrets and confidential customer information in its customer lists and customer databases it maintains on a protected computer system ("Customer Information") which is essential to the operation of AGI's business. AGI's Customer Information constitutes protected trade secrets under Massachusetts law and defendants disclaim any and all right, claim, title, and interest in the trade secrets.

1

4. Plaintiff AGI, in 2004, had economically beneficial business relationships with its customers, including but not limited to Education Testing Systems, Inc. and Adobe Systems, Inc., and anticipates a reasonable expectancy of financial benefit to be derived from its business relationships with its customers.

5. Plaintiff AGI has been operating under the name AGI for over five years. During that time, AGI has become highly respected and accumulated good will in association with its name.

6. Defendants Dean Novosat and Clark Edwards operated the defendant corporation, Acquired Learning, Inc. ("Acquired"). Judeann Stipe is a former employee of Acquired. Defendant Dean Novosat operates Sage Advice, Ltd. ("Sage Advice").

7. Agents of defendant Acquired, on numerous occasions in July of 2004, intentionally accessed AGI's protected computers in Massachusetts without authorization, and obtained information including AGI's valuable trade secrets, confidential business information, and other proprietary information, including AGI's Customer Information thereby causing losses and harm to AGI in excess of $5,000, including but not limited to, harm to AGI's reputation, goodwill, and business relationships. Such actions by Agents of defendant Acquired caused AGI to sustain a loss of money, securities and other tangible property with intrinsic value. These actions by Agents of defendant Acquired constitute violations of 18 U.S.C. § 1030.

8. Agents of defendant Acquired, beginning in 2004, willfully misappropriated AGI's Customer Information and used that Customer Information to solicit customers who would otherwise purchase courses or publications offered by AGI, all in competition with AGI, and AGI has been damaged thereby.

9. Agents of defendant Acquired, at all relevant times, had knowledge of AGI's relationships with its customers and interfered with AGI's business relationships by improperly obtaining AGI's Customer Information and using that Information to steer business away from AGI to Acquired, and as a direct result of Acquired's such acts, AGI suffered losses of its advantageous business relationship with its customers.

10. Agents of defendant Acquired embarked on a course of conduct in 2004 to compete unfairly with AGI by misdirecting customers that would otherwise purchase courses or publications offered by AGI. As part of this scheme of misdirecting customers, defendant Acquired has willfully engaged in the following acts that were likely to lead to consumer confusion:

   a. Agents of defendant Acquired misappropriated AGI's proprietary content, including AGI's confidential Customer Information, in undertaking a venture to compete with AGI;

   b. Acquired operated its business from the same location previously occupied by plaintiff AGI, offering services identical to those of AGI, using a business name, "ALI", that is strikingly similar to plaintiff's business name, AGI, and using instructors and employees formerly associated with AGI; and

   c. Agents of defendant Acquired used AGI's course titles and course descriptions on defendant Acquired's website and on defendant Acquired's advertising materials.

   d. Agents of defendant Acquired undertook actions designed or intended to hide their conduct, including but not limited to making changes to AGI's computer systems.

11. As a direct and proximate result of the above acts, defendant Acquired has realized and has retained profits and other benefits rightfully belonging to AGI and has caused, and are in a position to continue to cause, substantial and irreparable harm to AGI's reputation, goodwill, and business relationships.

12. Based on the alleged foregoing stipulated facts, the Court hereby orders and enjoins each of the defendants Acquired, Judeann Stipe, Dean Novosat, Sage Advice, and Clark Edwards, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination with them:

    a. From accessing or attempting to access AGI's computer systems, and from using directly or indirectly any information they obtained, learned or derived from accessing AGI's computer systems in the past;

    b. From engaging in any conduct or actions to compete with AGI in the computer software training business for a period of thirty-six (36) months from the date of entry of this Order and Judgment on Consent;

    c. From making any use, either directly or indirectly, of AGI's Customer Information;

    d. For a period of thirty-six (36) months from the date of entry of this Order and Judgment on Consent, from engaging in the computer software training business and from responding to any request to perform any computer software training services for any persons, businesses, entities, agents, or anyone else associated with AGI's customers who are listed in Exhibit H of the Settlement Agreement entered into by the parties; and

5

    e. To deliver to AGI any and all copies of AGI's Customer Information in his or her or its possession, custody or control, including without limitation any and all information contained in computer files, diskettes, backups, course materials, and marketing materials.

13. The Court further orders and enjoins the defendants as follows:

    a. The defendant Acquired shall cease all operations forthwith; and

    b. Within thirty days from the entry of this Final Order and Judgment on Consent, defendants Acquired and Dean Novosat, shall deliver to AGI all assets of Acquired in Dean Novosat's possession, custody, or control, including but not limited to, database files and copies of all financial documents and business records.

14. This Court retains jurisdiction of this action to enforce this Final Order and Judgment on Consent.

ENTERED this ___ day of _____, 2006, at Boston, Massachusetts.

                                                             _____
                                                             United States District Judge

| | |
|---|---|
| Approved on behalf of the Plaintiff<br>AMERICAN GRAPHICS INSTITUTE,<br>INC., | Approved on behalf of the Defendant<br>ACQUIRED LEARNING, INC., |
| | |
| _____<br>John L. DuPré (BBO No. 549659)<br>David J. Brody (BBO No. 058200)<br>Giovanna H. Fessenden (BBO# 654681)<br>Hamilton, Brook, Smith & Reynolds, P.C.<br>530 Virginia Road<br>P.O. Box 9133<br>Concord, Massachusetts 01742-9133<br>Telephone:  (978) 341-0036<br>Facsimile:  (978) 341-0136<br><br>Attorneys for Plaintiff | _____<br>Name:  Dean Novosat<br>Co-Founder of Acquired Learning, Inc.<br><br><br>Approved on behalf of the Defendant<br>SAGE ADVICE, LTD.,<br><br><br>_____<br>Name:  Dean Novosat<br>President of Sage Advice, Ltd.<br><br><br>Approved on behalf of the Defendant<br>DEAN NOVOSAT<br><br><br>_____<br>Name:  Dean Novosat<br><br><br>Approved on behalf of the Defendant<br>JUDEANN STIPE<br><br><br>_____<br>Name:  Judeann Stipe |

641026_1.DOC

*Proposed by Plaintiff*

### Settlement Agreement

This Settlement Agreement ("Agreement") is entered into as of this _____ day of August, 2006, by and between American Graphics Institute, Inc. ("AGI"), a Massachusetts corporation with a place of business at 444 Washington Street, Woburn, Massachusetts, and Acquired Learning, Inc. ("Acquired"), a Pennsylvania corporation with a place of business at 1861 Charter Lane Suite 105, Lancaster, Pennsylvania, Judeann Stipe an individual residing at 1696 Pioneer Road, Lancaster, Pennsylvania, Dean Novosat an individual residing at 1514 Quarry Lane, Lancaster, Pennsylvania, and Sage Advice, Ltd. ("Sage Advice"), a Pennsylvania company with a place of business at 1514 Quarry Lane, Lancaster, Pennsylvania (collectively, "Defendants").

WHEREAS AGI is engaged in the business of providing consulting services and training courses related to computers, software and electronic and print publishing. Through this business, is the owner of confidential proprietary customer information and a confidential customer scheduling database, and owns and controls trade secrets and confidential customer information in its customer lists and customer databases, which it maintains on a protected computer system;

WHEREAS the Defendants have engaged in certain conduct as set forth in a Final Order and Judgment on Consent in the Action (the "Consent Judgment"), in the form attached hereto as Exhibit A, and incorporated herein by reference. Said conduct has resulted in harm and losses to AGI including the loss of money, securities and other tangible property with intrinsic value;

WHEREAS Plaintiff filed an action against Defendants entitled, *American Graphics Institute, Inc. v. Acquired Learning, Inc. et al.*, in the United States District Court for the District of Massachusetts (Civil Action No. 05-11857) (the "Action"), which is presently pending;

WHEREAS the United States District Court for the District of Massachusetts has jurisdiction over the Defendants and over the subject matter at issue; and

WHEREAS to avoid the further expenditure of time and expense, the Parties desire to settle the matter on the following mutually agreeable terms and conditions.

NOW, THEREFORE, in consideration of the respective representations, covenants, agreements and other considerations set forth herein, the sufficiency of which is acknowledged by each of the Parties, the Parties hereby agree as follows:

1.  The Consent Judgment shall be executed at the time this Agreement is executed, and promptly thereafter shall be filed with the Court in the Action. The Parties shall cooperate and employ all reasonable efforts to secure the granting and entry of the Consent Judgment.

1

2. Forthwith upon the granting and entry of the Consent Judgment by the Court, Defendants shall fully comply with all Court Orders set forth in the Consent Judgment, including but not limited to, absolute compliance with the Orders set forth in paragraphs 12 and 13 of the Consent Judgment.

3. For and on behalf of themselves and their corporate affiliates, and their respective present and past and future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors and assigns, the Defendants hereby agree and covenant not to assert any claim, known or unknown, now or in the future, or file any further suit or action or other proceeding, against Plaintiff or its respective corporate affiliates or its corporate affiliates' respective present or past or future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors, or assigns, based upon or in any way related to any claim or allegation, whether known or unknown; provided, however, the foregoing agreement and covenant not to sue do not apply to any breach of this Agreement.

4. For and on behalf of itself and its corporate affiliates, and its and their respective present and past and future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors and assigns the Plaintiff hereby agrees and covenants not to assert any claim, known or unknown, now or in the future, or file any further suit or action or other proceeding, against any or all of the Defendants or their respective corporate affiliates or any of the Defendants' or their corporate affiliates' respective present or past or future directors, officers, managers, employees, shareholders or other owners, attorneys, agents, predecessors, successors, or assigns, based upon or in any way related to any claim or allegation, whether known or unknown; provided, however, the foregoing agreement and covenant not to sue do not apply to any breach of this Agreement.

5. The Defendants agree to provide to counsel for the Plaintiff executed releases in the form annexed hereto as Exhibits "B" through "E," executed by an authorized representative of Acquired Learning, an authorized representative of Sage Advice, Ltd., Dean Novosat, and Judeann Stipe. The Plaintiff agrees to provide to counsel for the Defendants an executed release in the form annexed hereto as Exhibit "F" executed by Christopher Smith, the authorized representative of American Graphics Institute, Inc. The execution of these releases will be provided contemporaneously with the execution of this Settlement Agreement.

6. Defendants Acquired and Dean Novosat agree to provide to counsel for the Plaintiff an executed letter in the form annexed hereto as Exhibit "G." The execution of this letter will be provided contemporaneously with the execution of this Settlement Agreement.

7. This Agreement shall be governed by the substantive laws of the Commonwealth of Massachusetts without giving effect to choice of law provisions. Both Parties agree that any suit, action or other proceeding arising out of or in connection with this Agreement shall be brought initially, if possible, in the United States District Court

for the District of Massachusetts, and the Parties hereby submit to, and acknowledge the jurisdiction and proper venue of said Court for any such dispute.

8.   This Agreement, together with its Exhibits, constitutes the entire Agreement between the Parties with respect to the subject matter hereof. All prior agreements, negotiations and understandings with respect to the subject matter hereof, whether written or oral, are cancelled and superseded by this Agreement.

9.   This Agreement shall not be varied in its terms by an oral agreement, representation or otherwise, but only by an instrument in writing duly executed by each of the Parties.

11.   If any part or provision of this Agreement is rendered void, invalid or unenforceable, then the Parties will negotiate in good faith to redraft the void, invalid or unenforceable provision to represent the Parties' original lawful intent.

12.   The Parties hereto agree that this Agreement was fully negotiated and shall not be construed against any party as the drafter.

13.   The failure of any Party to the Agreement to insist on strict compliance with any of the terms, covenants or conditions of this Agreement by the other Party shall not be deemed a waiver of such term, covenant or condition, and any waiver or relinquishment of any right or power under this Agreement at any one time or times shall not be deemed a waiver or relinquishment of such right or power for all or any other times.

14.   This Agreement may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed an original, but all of which taken together shall constitute one instrument. This Agreement shall be effective as of the date first above recited.

15.   Any individual signing this Agreement on behalf of any Party hereto represents and warrants that he or she has the full right, power and authority to do so, and that this Agreement is fully enforceable against that Party in accordance with its terms and provisions.

16.   The obligations of the Defendants under this Agreement shall apply to Acquired, Judeann Stipe, Dean Novosat, and Sage Advice, respectively, as well as all of their respective successors, directors, officers, managers, employees, assigns, and affiliates; and the obligations of AGI, as well as its respective heirs, representatives, successors, and assigns.

17.   The Defendants Acquired and Dean Novosat agree to deliver all assets of and related to Acquired in Dean Novosat's possession, custody, or control, including but not limited to, database files and copies of all financial documents and business records. Said delivery shall be made by Defendants to AGI's Pennsylvania counsel, the Law Firm

of Kevin M. French, Esquire, Hartman Underhill & Brubaker LLP, located at 221 East Chestnut Street, Lancaster, Pennsylvania 17602-2782, not more than thirty days from the entry of the Consent Judgment. Defendants shall bear any and all costs incurred with respect to this delivery.

18.     This Agreement shall also be treated as confidential. None of the parties may disclose any of the terms of this Agreement to anyone, except as follows:

(i) any party may state that "the matter has been resolved pursuant to a Confidential Settlement Agreement and Orders;" and

(ii) Plaintiff may disclose this Agreement to any necessary persons for insurance claim related purposes.

IN WITNESS WHEREOF, the Parties hereto, by and through their duly authorized undersigned representatives, have executed this Agreement on the dates indicated below.

AMERICAN GRAPHICS INSTITUTE, INC.

By: _____
Name: Christopher Smith
Title:  President


ACQUIRED LEARNING, INC.

By: _____
Name: Dean Novosat
Title:  Co-Founder of Acquired Learning, Inc.


SAGE ADVICE, LTD.

By: _____
Name: Dean Novosat
Title:  Co-Founder of Sage Advice, Ltd.

DEAN NOVOSAT

By: _____
Name: Dean Novosat

JUDEANN STIPE

By: _____
Name: Judeann Stipe

641031_1.DOC

5

# EXHIBIT "B"

### RELEASE BY ACQUIRED LEARNING, INC.

Acquired Learning, Inc. releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach,</u> in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2006.

Signed in the presence of:                     Authorized Representative of Acquired Learning, Inc.

_____                        _____

6

# EXHIBIT "C"

**RELEASE BY SAGE ADVICE, LTD.**

Sage Advice, Ltd. releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach,</u> in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

     IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2006.

Signed in the presence of:                         Authorized Representative of Sage Advice, Ltd.

_____             _____

# EXHIBIT "D"

### RELEASE BY DEAN NOVOSAT

Dean Novosat releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach,</u> in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2006.

Signed in the presence of:                    Dean Novosat

_____                 _____

8

# EXHIBIT "E"

### RELEASE BY JUDEANN STIPE

Judeann Stipe releases, acquits, and forever discharges American Graphics Institute, Inc., a Massachusetts corporation with a place of business at 444 Washington Street, Suite 412, Woburn, MA 01801-1072, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd., and Carl Leinbach,</u> in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2006.

Signed in the presence of:                              Judeann Stipe

_____                         _____

# EXHIBIT "F"

### RELEASE BY AMERICAN GRAPHICS INSTITUTE, INC.

American Graphics Institute, Inc. releases, acquits, and forever discharges Acquired Learning, Inc., a Pennsylvania corporation with a place of business at 1861 Charter Lane, Lancaster, Pennsylvania, Sage Advice, Ltd., a Pennsylvania corporation with a place of business at 1514 Quarry Lane, Pennsylvania, Judeann Stipe, a citizen of the state of Pennsylvania residing at 1696 Pioneer Road, Lancaster, Pennsylvania, and Dean Novosat a citizen of the state of Pennsylvania residing at 1514 Quarry Lane, Lancaster, Pennsylvania, and all of their past and present officers, directors, agents, heirs, successors, assigns, sales representatives, distributors, parents, subsidiaries, insurers, and attorneys, from any and all claims, liabilities, obligations, losses, damages, demands, and causes of action, including without limitation any claims for court costs or attorneys' fees, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, which now exist or may have existed against any of them, including but not limited to any and all claims arising out of or in connection with the matters that were asserted in the case <u>American Graphics Institute, Inc. v. Acquired Learning, Inc., Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice, Ltd. and Carl Leinbach</u> in the United States District Court for the District of Massachusetts, Civil Action No. 05-11857 (herein, "the Action") or could have been asserted in the Action, and any and all compulsory claims and counterclaims whether or not asserted in such Action.

IN WITNESS WHEREOF, this release has been duly executed on the ____ day of _____, 2006.

Signed in the presence of:                           AMERICAN GRAPHICS INSTITUTE, INC.

_____                              _____

# EXHIBIT "G"



August __, 2006

To Whom It May Concern:

Acquired Learning has ceased operation. Acquired Learning encourages all of its former customers and prospective customers to call American Graphics Institute (AGI) for their training needs.



American Graphics Institute
444 Washington Street
Woburn, MA 01801
781 376-6044
info@agitraining.com

Sincerely,

_____
Dean Novosat
Co-Founder of Acquired Learning

# EXHIBIT "H"

- Adobe Systems, Incorporated
- Colgate University
- Educational Testing Services
- Gannett
- Geisinger Health Plan
- Grey Advertising
- Hachette Filipacchi
- Hasbro
- Havas
- Hearst
- Highmark Blue Cross Blue Shield
- Houghton Mifflen
- Keith Clark (a.k.a. At-a-Glance)
- Lancaster Newspapers, Inc.
- Managing Editor, Inc.
- Martha Stewart Living
- Omnimedia
- National Geographic
- New York Daily News
- New York Times Company
- News Corporation
- Omnicom
- Publicis Groupe
- Reader's Digest
- Rodale
- TBWA (including, but is not limited to Chiat Day, World Health, LLNS)
- Time Warner, including all magazine titles published by Time (including, but not limited to, Fortune Magazine, People Magazine, Entertainment Weekly)
- Taunton, Inc.
- U.S. Government Printing Office
- Walt Disney Company
- WPP (including, but not limited to, Ogilvy & Mather, Young & Rubicam)

641031_1.DOC