UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD. and CARL LEINBACH,<br><br>    Defendants. | Civil Action No. 05-11857 JLT |

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiff hereby moves that the Court enter summary judgment against defendants finding defendants liable jointly and severally with respect to Counts I-V of the Complaint. This motion is supported by the Memorandum of Law and Affidavit of Christopher Smith submitted herewith, the Affidavits of Christopher Smith and Jason Eaddy and Declarations of Cyndie Shaffstall and Michael Silverman filed in this case on September 26, 2005, the affidavits of defendants Carl Leinbach, Clark Edwards, Dean Novosat, Judeann Stipe filed in this case on October 19, 2005, and the Supplemental Affidavit of Christopher Smith filed in this case on November 21, 2005. A proposed form of order is attached as Exhibit 1.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Plaintiff respectfully requests an oral argument.

                              AMERICAN GRAPHICS INSTITUTE, INC.,

                              By its attorneys,

Dated: November 22, 2006        /s/ Giovanna H. Fessenden
                              John L. DuPré   (BBO No. 549659)
                              Giovanna H. Fessenden (BBO No. 654681)
                              Hamilton, Brook, Smith & Reynolds, P.C.
                              530 Virginia Road
                              P.O. Box 9133
                              Concord, Massachusetts 01742-9133
                              Telephone:  (978) 341-0036
                              Facsimile:  (978) 341-0136

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Giovanna Fessenden, hereby certify that I have conferred with Judeann Stipe and Dean Novosat and attempted in good faith to resolve the issues raised in this motion.

                              /s/Giovanna H. Fessenden
                              Giovanna H. Fessenden

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 22, 2006.

                              /s/Giovanna H. Fessenden
                              Giovanna H. Fessenden

657867

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH, <br><br> Defendants. | Civil Action No. 05-11857-JLT |

**FINAL ORDER**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the defendants, and over the subject matter of this action.

2. The plaintiff American Graphics Institute, Inc. ("AGI") owns and controls trade secrets and confidential customer information in its customer lists and customer databases it maintains on a protected computer system ("Customer Information"), which is essential to the operation of AGI's business. AGI's Customer Information constitutes protected trade secrets under Massachusetts law and defendants disclaim any and all right, claim, title, and interest in the trade secrets.

3. At all relevant times, AGI had and continues to have economically beneficial business relationships with its customers, including but not limited to Education Testing Systems, Inc. and Adobe Systems, Inc., and anticipates a reasonable

expectancy of financial benefit to be derived from its business relationships with its customers.

4. Plaintiff AGI has been operating under the name AGI for approximately five years. During that time, AGI has become highly respected and accumulated good will in association with its name.

5. Defendants Dean Novosat and Clark Edwards operated Acquired Learning, Inc. ("Acquired"). Judeann Stipe is a former employee of Acquired. Defendant Dean Novosat is a former consultant to Plaintiff AGI, and operates Sage Advice, Ltd. ("Sage Advice"). Defendant Clark Edwards is the former assistant treasurer of AGI.

6. Defendants, on numerous occasions in July of 2004, intentionally accessed AGI's protected computers in Massachusetts without authorization, and obtained information including AGI's valuable trade secrets, confidential business information, proprietary information, and misappropriated or damaged AGI's tangible property with intrinsic value, including AGI's Customer Information, thereby causing losses and harm to AGI in excess of $5,000, including but not limited to, harm to AGI's reputation, goodwill, and business relationships. Thus, Defendants converted and misappropriated sales orders, accounts receivables, and other tangible property with intrinsic value causing a loss to AGI of more than $5,000. Such actions by defendants constitute violations of 18 U.S.C. § 1030.

7. Defendants, beginning in the year 2004 and continuing through 2005, willfully misappropriated AGI's Customer Information and used that Customer Information to solicit customers who would otherwise purchase courses or publications

offered by AGI, all in competition with AGI, and AGI has been damaged thereby. Defendants, at all relevant times, had knowledge of AGI's relationships with its customers and interfered with AGI's business relationships by improperly obtaining AGI's Customer Information and using that Customer Information to steer business away from AGI to defendants, and as a direct result of such acts, AGI suffered losses of its advantageous business relationship with its customers.

8. As a direct and proximate result of the above acts, defendants have realized and have retained profits and other benefits rightfully belonging to AGI and have caused, and are in a position to continue to cause, substantial and irreparable harm to AGI's reputation, goodwill, and business relationships.

9. Based on the foregoing, the Court hereby grants Plaintiff's Motion for Summary Judgment and, as to each of the defendants and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination with them:

    a. Enjoins them from accessing or attempting to access AGI's computer systems, and from using directly or indirectly any information they obtained, learned or derived from accessing AGI's computer systems in the past;

    b. Enjoins them from making any use, either directly or indirectly, of AGI's Customer Information, including without limitation, initiating contact for the purpose of conducting business related to training services in electronic and print publishing from any persons, businesses, entities,

       agents, or anyone else associated with AGI's customers who are listed in the attached Appendix A; and

   c. Orders them to deliver to counsel of record for AGI forthwith all copies of AGI's Customer Information in his or her or its possession, custody or control, including without limitation any and all information contained in computer files, diskettes, backups, course materials, and marketing materials.

10.    This Court retains jurisdiction over the parties to enforce this Order. To the extent not otherwise resolved by this Order, any remaining claims in this action are dismissed.

      ENTERED this ___ day of _____, 2006, at Boston, Massachusetts.

                                     _____
                                     United States District Judge

657859_1.DOC

Appendix A

- Adobe Systems, Inc.
- Keith Clark (Doing Business As: At-a-Glance)
- Colgate University
- Educational Testing Services, Inc.
- Gannett
- Geisinger Health Plan
- Grey Advertising
- Hachette Filipacchi
- Hasbro
- Havas
- Hearst
- Highmark Blue Cross Blue Shield
- Houghton Mifflen
- Lancaster Newspapers, Inc.
- Managing Editor, Inc.
- Martha Stewart Living
- Omnimedia
- National Geographic
- New York Daily News
- New York Times Company
- News Corporation
- Omnicom
- Publicis Groupe
- Reader's Digest
- Rodale
- TBWA (including, but not limited to Chiat Day, World Health, LLNS)
- Time Warner, including all magazine titles published by Time (including, but not limited to, Fortune Magazine, People Magazine, Entertainment Weekly)
- Taunton, Inc.
- U.S. Government Printing Office
- Walt Disney Company
- WPP (including, but not limited to, Ogilvy & Mather, Young & Rubicam)