UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., | : |
| Plaintiff, | : Civil Action No. 05-11857-JLT |
| v. | : |
| ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH, | : |
| Defendants | : |

**DEFENDANTS' ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT AND SAGE ADVICE, LTD. RESPONSES AND <u>OBJECTIONS TO PLAINTIFF'S DOCUMENT REQUESTS</u>**

1. Any and all documents and electronic data concerning, referring to, or constituting communications by or between you and any client or prospective client from January 1, 2004 through November 1, 2005.

   **RESPONSE:** *All responsive documents in Answering Defendants' possession are attached.*

2. Any and all documents and electronic data concerning, referring to, or constituting communications between you and The Monotype Composition Company, Inc., Kleen-Rite Corporation, Colgate University, Educational Testing Services, Inc., MBNA Corporation, or Adobe Systems, Inc. from January 1, 2004 through November 1, 2005.

**RESPONSE:** *All responsive documents in Answering Defendants' possession are attached.*

3. Any and all documents and electronic data concerning, referring to, or constituting sales to, potential sales to, or business negotiations with The Monotype Composition Company, Inc., Kleen-Rite Corporation, Colgate University, Educational Testing Services, Inc., MBNA Corporation, Adobe Systems, Inc., or any other entity to whom defendants provided services from January 1, 2004 through November 1, 2005.

**RESPONSE:** *All responsive documents in Answering Defendants' possession are attached.*

4. Any and all documents and electronic data concerning, referring to, or constituting course materials provided to The Monotype Composition Company, Inc., Kleen-Rite Corporation, Colgate University, Educational Testing Services, Inc., MBNA Corporation, or Adobe Systems, Inc.

**RESPONSE:** *All responsive documents in Answering Defendants' possession are attached.*

5. Any and all documents and electronic data concerning, referring to, or constituting training services that were provided to Educational Testing Services, Inc., Kleen-Rite Corporation, The Monotype Composition Company, Inc., Colgate University, MBNA Corporation, Adobe Systems, Inc., and any other entity to whom defendants provided services from January 1, 2004 through November 1, 2005.

**RESPONSE:** *All responsive documents in Answering Defendants' possession are attached.*

6. Any and all documents and electronic data concerning, referring to, or constituting customer lists, client lists, customer profiles, mailing lists, customer profiles, e-mail lists, customer contacts, and any other contact lists used in bulk mailing postal forms from January 1, 2004 through November 1, 2005.

**RESPONSE:** *All responsive documents in Answering Defendants' possession are attached.*

7. Any and all documents and electronic data concerning, referring to, or constituting customer lists, client lists, customer profiles, mailing lists, customer profiles, e-mail lists, customer contacts, and any other contact lists provided to Adobe Systems, Inc. from January 1, 2004 through the present.

**RESPONSE:** *Answering Defendants do not possess documents responsive to this request.*

8. Any and all documents and electronic data concerning, referring to, or constituting any course materials, or any other documents used in, prepared for, or related to any of your computer software training courses.

**RESPONSE:** *Answering Defendants object to this request as it is overly broad and unduly burdensome. By way of further response, Answering Defendants purchased course*

*materials through Pearson or relied upon their independent contractors to provide course materials. All responsive documents in Answering Defendants' possession are attached.*

9.  Any and all documents and electronic data, including but not limited to, payroll records, agreements, offers, employment records, and e-mails concerning, relating to, or referring to Judeann Stipe's employment with ALI from January 1, 2004 through July 1, 2005.

**RESPONSE:** *All responsive documents in Answering Defendants' possession are attached.*

10. Any and all documents and electronic data originating from AGI concerning, referring to, or constituting AGI course materials, AGI publications, AGI course descriptions, and AGI advertising materials.

**RESPONSE:** *Answering Defendants do not possess documents responsive to this request.*

11. Any and all documents and electronic data concerning, referring to, or constituting bank records and financial records, including but not limited to, receipts, invoices, and cancelled checks, related to goods or services you provided for Educational Testing Services, Inc., Kleen-Rite Corporation, The Monotype Composition Company, Inc., Colgate University, MBNA Corporation, or Adobe Systems, Inc. from January 1, 2004 through November 1, 2005.

**RESPONSE:** *All responsive documents in Answering Defendants' possession are attached.*

12.  Any and all documents and electronic data concerning, referring to, or constituting any mailing list provided to Sir Speedy Printing of Lancaster, PA.

**RESPONSE:** *All responsive documents in Answering Defendants' possession are attached.*

13.  Any and all documents and electronic data, including but not limited to, e-mail correspondence, concerning Christopher Smith, AGI, or this Action.

**RESPONSE:** *Answering Defendants object to this request as overly broad and unduly burdensome. All responsive documents in Answering Defendants' possession are attached.*

14.  Any and all copies of ALI's database and class confirmations.

**RESPONSE:** *Answering Defendants object to this request on the ground that it is overly broad and unduly burdensome. Answering Defendants also object to this request as it seeks information that is not relevant and is not likely to lead to the discovery of relevant evidence. Answering Defendants further object to this request as it seeks to discover confidential client information and/or confidential business information.*

15.  Any and all copies of Sage Advice, Ltd.'s database and class confirmations.

**RESPONSE:** *Answering Defendants object to this request on the ground that it is overly broad and unduly burdensome. Answering Defendants also object to this request as it seeks information that is not relevant and is not likely to lead to the discovery of relevant evidence.*

*Answering Defendants further object to this request as it seeks to discover confidential client information and/or confidential business information.*

16. Any and all documents consisting of ALI's marketing materials, including but not limited to course brochures, trade show handouts, business cards, and letterhead.

**RESPONSE:** *All responsive documents in Answering Defendants' possession are attached.*

17. Any and all documents consisting of ALI's invoices.

**RESPONSE:** *Answering Defendants object to this request on the ground that it is overly broad and unduly burdensome. Answering Defendants also object to this request as it seeks information that is not relevant and is not likely to lead to the discovery of relevant evidence. Answering Defendants further object to this request as it seeks to discover confidential client information and/or confidential business information.*

18. Any and all documents consisting of communications with customers from January 1, 2004 through November 1, 2005.

**RESPONSE:** *Answering Defendants object to this request on the ground that it is overly broad and unduly burdensome. Answering Defendants also object to this request as it seeks information that is not relevant and is not likely to lead to the discovery of relevant evidence. Answering Defendants further object to this request as it seeks to discover confidential client information and/or confidential business information.*

19. Any and all documents consisting of internal correspondence including current or former employees of ALI or Sage Advice, Ltd.

**RESPONSE:** *Answering Defendants object to this request as it is vague, overly broad and unduly burdensome. Answering Defendants further object to this request as it is confusing and unintelligible. If Plaintiff would further clarify this request Answering Defendants will make every effort to provide the information requested.*

20. Any and all documents consisting of customer records, including any stored in a database.

**RESPONSE:** *Answering Defendants object to this request on the ground that it is overly broad and unduly burdensome. Answering Defendants also object to this request as it seeks information that is not relevant and is not likely to lead to the discovery of relevant evidence. Answering Defendants further object to this request as it seeks to discover confidential client information and/or confidential business information.*

Dated: /1-27-06

_____
Judeann Stipe, Pro Se Defendant
and on behalf of Defendants
Acquired Learning, Inc. and Sage
Advice, Ltd.

_____
Dean Novosat, Pro Se Defendant
and on behalf of Defendants
Acquired Learning, Inc. and Sage
Advice, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Answers to Plaintiff's Requests for Production of Documents was mailed this 27 day of November, 2006 upon the following:

> Giovanna H. Fessenden, Esquire
> Hamilton, Brook, Smith & Reynolds, P.C.
> 530 Virginia Road
> P.O. Box 9133
> Concord, MA  01742-9133

_____
Judeann Stipe

_____
Dean Novosat