UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH, <br><br> Defendants | Civil Action No. 05-11857-JLT |

**DEFENDANTS' ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, AND SAGE ADVICE, LTD. REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF AMERICAN GRAPHICS INSTITUTE, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Acquired Learning, Inc., Judeann Stipe, Dean Novosat, and Sage Advice, Ltd. request that Plaintiff produce the following documents for inspection and copying at 832 Village Rd. Lancaster, PA 17602, attention Judeann Stipe, within thirty (30) days after service hereof. To the extent permitted by Rule 26 of the Federal Rules of Civil Procedure, these requests are to be deemed continuing and the responses hereto are to be supplemented promptly upon Plaintiff's acquisition of further or additional information.

**DEFINITIONS AND INSTRUCTIONS**

A.    The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

B. The terms "Plaintiff" and "you" or "yours" mean and refer to the Plaintiff American Graphics Institute, Inc. ("AGI"), its licensees, licensors, subsidiaries and any merged or acquired subsidiaries; its predecessors, or controlled, controlling affiliated or parent companies; and Plaintiff's past and present officers, employees, agents, representatives, and attorneys, all to the fullest extent the context permits.

C. The term "Defendant" means and refers to the Defendants Judeann Stipe, Dean Novosat, Acquired Learning, Inc., and Sage Advice, Ltd.

D. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

E. The terms "all" and "each" shall be construed as all and each.

F. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that otherwise might be construed as outside of its scope.

G. The term "thing" as used herein refers to any tangible object other than a document, and includes objects of every kind and nature such as, but not limited to, prototypes, models, specimens, computer disks and tapes, videotapes and audiotapes.

H. As used herein, the singular shall always include the plural and vice versa.

I. As used herein, the present tense shall always include the past tense and vice versa.

J. If a privilege is relied upon in declining to produce any documents in response to a document request or a part thereof, identify the nature of the privilege, and provide the following:

   1. The type of document;

2. The general subject matter of the document;

3. The date of the document; and

4. The author of the document, the addressee of the document, and, where

not apparent, the relationship of the author and the addressee to each other.

### DOCUMENT REQUESTS

1. All documents and electronic data identified in, or relating to, AGI's responses to Interrogatories served in this litigation, including any documents consulted or relied upon but not identified in responding to the Interrogatories.

2. All documents and electronic data relating to AGI's Complaint, including any documents consulted or referred to by AGI in preparing the Complaint.

3. All documents and electronic data relating to any prior lawsuit in which AGI alleged that a person stole proprietary business information.

4. All documents, electronic data, or other information considered by any expert witness whom you intend to call at any hearing or at trial in forming his or her opinions, as well as any documents to be used as a summary of or support for such expert opinions.

5. All documents relating to the qualifications of any expert witness whom you intend to call at any hearing or at trial, including a list of and copies of all publications authored by the witness within the preceding 10 years.

6. Copies of all documents or electronic data prepared by any expert witness relating to this case whom you intend to call at any hearing or at trial, including copies of all drafts of expert reports.

7. All documents and electronic data that you have provided to any expert witness whom you intend to call at any hearing or at trial.

8. All documents and electronic data relating to AGI's contention that it has sustained damages due to Defendants' alleged actions including all documents that refer or relate to AGI's claim of damages in this lawsuit.

9. All documents and electronic data relating to AGI's first knowledge or awareness of the alleged actions by Defendants.

10. All documents and electronic data relating to any communication between Adobe Systems and Christopher Smith, Jennifer Smith and/or AGI.

11. All documents and electronic data exchanged between any person regarding this action.

12. All non-compete agreements between AGI and Judeann Stipe, Dean Novosat and Clark Edwards.

13. All documents and electronic data evidencing conversations between Christopher Smith or Jennifer Smith and Judeann Stipe, Dean Novosat and Clark Edwards relating to AGI's concerns regarding non-compete provisions.

13. All documents and electronic data from Christopher Smith, Jennifer Smith and/or AGI and directed to Carl Leinbach, Brian Reese, Vicky Nuttal, Kelly McCathran, Rich Johnson, Janet Frick, Mira Rubin, and Maggie Bachleda.

14. All documents and electronic data exchanged between Christopher Smith, Jennifer Smith and any employee, agent, or former employee of AGI concerning Judeann Stipe.

15. All documents and electronic data regarding sales calls made by AGI to The Monotype Composition Company, Inc., Kleen-Rite Corporation, Colgate University, Educational Testing Services, Inc., MBNA Corporation, or Adobe Systems, Inc. from January 2004 through January 2005.

16. All Federal and State Tax Returns for AGI, Christopher Smith and Jennifer Smith for the past 5 years and W-2 forms for all employees.

17. All of AGI's invoices for the past 5 years directed to The Monotype Composition Company, Inc., Kleen-Rite Corporation, Colgate University, Educational Testing Services, Inc., MBNA Corporation, or Adobe Systems, Inc.

18. All of AGI's class confirmations and sales histories for the past 5 years with regard to The Monotype Composition Company, Inc., Kleen-Rite Corporation, Colgate University, Educational Testing Services, Inc., MBNA Corporation, and Adobe Systems, Inc.

19. All P&L reports and balance sheets of AGI from 2001 through 2006.

20. All documents and electronic data concerning the databases of mailing lists for Pennsylvania, Maryland, New York, Washington, DC, New Jersey and Delaware as identified in Plaintiff's Complaint.

21. All security logs, application logs and system logs from June 2004 to October 2004 for the AGI server which hosted the alleged hacking episode.

22. All documents and electronic data concerning all AGI employees who had access to AGI's server and server logs.

23. All documents and electronic data concerning any payments made by AGI, Christopher Smith or Jennifer Smith to Judeann Stipe in the form of payroll checks and/or direct deposits, bonuses, or commissions from January 2004 through September 2004.

24. All documents and electronic data describing the process by which AGI offers the sale of its mailing lists over the Internet.

25. All documents and electronic data which show the amount of proceeds received by AGI from the Internet sales of its mailing lists.

Dated: 11/29/06

_____
Judeann Stipe, Pro Se Defendant
and on behalf of Defendants
Acquired Learning, Inc. and Sage
Advice, Ltd.

_____
Dean Novosat, Pro Se Defendant
and on behalf of Defendants
Acquired Learning, Inc. and Sage
Advice, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Request for Production of Documents directed to Plaintiff was served this 29 day of November, 2006 upon the following:

>Giovanna H. Fessenden, Esquire
>Hamilton, Brook, Smith & Reynolds, P.C.
>530 Virginia Road
>P.O. Box 9133
>Concord, MA 01742-9133

_____
Judeann Stipe

_____
Dean Novosat