UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD. and CARL LEINBACH,<br><br>        Defendants. | Civil Action No. 05-11857 JLT |

### PLAINTIFF'S REQUEST FOR CLARIFICATION ON ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME

Plaintiff American Graphics Institute, Inc. hereby requests clarification of the Court's Order dated December 6, 2006 granting Defendants Judeann Stipe and Dean Novosat's Motion for Extension of Time to File Response to Plaintiffs' Motion for Summary Judgment ("Motion to Extend") (Docket No. 67).[1]  Defendants' Motion to Extend requests one of two alternative extensions:  (1) 14 days from the original due date of their Opposition to AGI's Motion for Summary Judgment (December 6th); or (2) 14 days from the close of discovery (January 8, 2007).  Because the Court has not clarified which of these two extensions has been granted, Plaintiff AGI respectfully requests that the Court clarify its earlier Order and grant

---

[1] As an aside, while the Motion to Extend claims to have been filed on behalf of Acquired Learning, Inc ("Acquired"), and Sage Advice, Ltd. ("Sage"), as well as the individual defendants, this Court has already granted default judgments against both Acquired and Sage.  Further, the individual defendants are representing themselves *pro se*, and are not admitted to the bar of this (or any other) Court.  Pursuant to Local Rule 83.5.3, they may not represent corporate entities such as Acquired and Sage.

the Defendants' Extension to file their Summary Judgment Opposition until December 20, 2006 -- 14 days from the original due date of their Opposition.

**I.    AGI Does Not Object To A Two Week Extension of Time From The Original Deadline of December 6, 2006**

As an initial matter, Defendants Judeann Stipe and Dean Novosat failed to meet their obligations under Local Rule 7.1 to confer with counsel for AGI prior to filing their Motion to Extend.[2] Had they conferred, AGI would have consented to one of their proposed Extensions, 14 days from the original due date of their Opposition.

**II.   AGI Objects to an Extension of Time Beyond the Discovery Deadline of January 8, 2007**

Stipe and Novosat have no legitimate basis to justify their alternative extension request of 14 days beyond the discovery deadline. Further, granting such an extension would prejudice AGI's ability to prepare for the scheduled final pre-trial conference. Their proposed alternate extension would provide the defendants with <u>over a month and a half of *additional* time</u> to delay the filing of their Opposition to AGI's Motion for Summary Judgment.

The Summary Judgment papers have not presented the defendant with any new issues that require additional preparation – from early on in these proceedings, defendants have been fully aware of AGI's position regarding the factual and legal allegations involving violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030 (CFAA) and trade secret misappropriation. Defendants pending discovery requests have no bearing on the issues

---

[2] Defendants should be acutely aware of the rule 7.1 requirements, especially as they are receiving advice from counsel that has contacted Plaintiff's counsel but has refused to enter an appearance in this case. Additionally, Plaintiff's counsel has held numerous rule 7.1 conferences with Defendants in this matter.

presented in AGI's Summary Judgment papers.  Defendants have not alleged what documents or evidence they seek that might create a disputed question of fact that would overcome AGI's motion for Summary Judgment.  Thus, the pending discovery requests have no relevance in granting an extension of time beyond the close of discovery.

In addition, granting Stipe and Novosat's extension request to 14 days after the discovery deadline would require their filing of an Opposition to AGI's Motion for Summary Judgment on January 22, 2007 – nearly a week after the final pretrial conference scheduled for January 16, 2007.  In the meantime, the parties are required to confer pursuant to Local Rule 16.5 to prepare a Joint Pre-Trial Memo for the final pretrial conference.  Without having the benefit of Stipe and Novosat's Summary Judgment Opposition, AGI will be unable to determine any true disputes of material fact, or any arguments made by the defendants that would require additional rebuttal by AGI.  Thus, granting the current extension request beyond the discovery deadline will burden AGI to take a more expansive approach to its trial preparation and presentation.

## CONCLUSION

For all of the foregoing reasons, plaintiff AGI requests an Order clarifying the Defendants' Extension to file their Summary Judgment Opposition until December 20, 2006

AMERICAN GRAPHICS INSTITUTE, INC.,

By its attorneys,

Dated: December 7, 2006

   /s/ Giovanna H. Fessenden
John L. DuPré   (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
F. James Coe (BBO 644705)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:   (978) 341-0136

672915

## CERTIFICATE OF SERVICE

I hereby certify that this document was sent by First Class mail to Judeann Stipe at 1696 Pioneer Road, Lancaster, PA 17602 and at 832 Village Road, Lancaster, PA 17602, and Dean Novosat at 1514 Quarry Lane, Lancaster, PA 17603-2467 on December 7, 2006.

   /s/ Giovanna H. Fessenden
Giovanna H. Fessenden