UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD. and CARL LEINBACH, <br><br>　　　　　Defendants. | Civil Action No. 05-11857 JLT |

### PLAINTIFF'S OPPOSITION TO MOTION FOR SPECIAL ADMISSION *PRO HAC VICE* OF RONALD H. POLLOCK, ESQ., DONALD R. GEITER, ESQ. AND JOSHUA G. PARSONS, ESQ.

Having retained local counsel in the District of Massachusetts (Docket No. 69), defendants Judeann Stipe and Dean Novosat seek to have their Pennsylvania counsel admitted *pro hac vice*. However, as local counsel should be aware, Local Rule 7.1(A)(2) states that "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Defendants motion includes no such certification because defendants' counsel made no prior effort to confer with plaintiff's counsel.[1] While on its face, the Motion for Special Admission *Pro Hac Vice* may appear to be a routine motion, a prior conference would have allowed the parties to address two significant issues that may have obviated this Opposition.

---

[1] Defendants have previously filed Motions without a Local Rule 7.1(A)(2) certification. See Docket No. 67. In that case, the failure to comply with L.R. 7.1(A)(2) may have created an unnecessary filing by Plaintiff. See Plaintiff's Request For Clarification (Docket No. 68). Again, the failure to follow the requirements of L.R. 7.1(A)(2), may have required Plaintiff to file what may be an unnecessary opposition.

**I.      The Two Corporate Defendants That Counsel Purports To Represent Defaulted Nearly Six Months Ago**

On its face, the Motion for Admission *Pro Hac Vice* indicates that counsel represents defendants Judeann Stipe and Dean Novosat, and also corporate defendants Acquired Learning, Inc., and Sage Advice, Ltd.  While counsel may represent the corporate defendants, it should be noted that the Court entered default judgments against both corporate defendants nearly six (6) months ago.  Any representation of those defendants should be limited in the current proceedings to issues of damages.

A conference under Local Rule 7.1(A)(2) would have enabled the parties to clarify the scope of the representation prior to the filing of the defendants' instant motion.

**II.     In A Case Concerning Theft Of Confidential Material, Defendants Have Engaged Pennsylvania Counsel With A Business Relationship With Plaintiff AGI**

This case revolves around the defendants' misappropriation of plaintiff American Graphics Institute's ("AGI") confidential material.  The attorneys seeking admission *pro hac vice* are with a law firm, Barley Snyder, that has a current business relationship with plaintiff AGI.  Because of AGI's expertise with Adobe Acrobat & PDF technology, AGI is occasionally hired by law firms to assist with their use and deployment of this technology.  As part of these business relationships, AGI may provide confidential, proprietary information about AGI and its practices.  Given the nature of the present litigation, the defendants' engagement of a law firm with such a relationship to AGI naturally creates some apprehension on the part of AGI.

On August 31, 2006 at the request of Kenneth Kennedy, Information Technology Manager of Barley Snyder LLC, AGI provided consulting services and technology implementation planning relating to Adobe Acrobat 7, which was being deployed at their firm at the time. In fact, merely two weeks ago, on December 4, 2006, Barley Snyder contacted AGI for additional technology services. Thus, as a current client of AGI, Barley Snyder may have access to some of AGI's confidential material. Having been notified of Barley Snyder's representation of defendants on the afternoon of Friday, December 15, 2006, AGI has not yet had the opportunity to investigate the nature and degree of its relationship with Barley Snyder.

There may be no conflict. However, without having the benefit of a prior conference pursuant to Local Rule 7.1(A)(2), plaintiff has not had the opportunity to determine whether AGI's business relationship with Barley Snyder creates a conflict requiring Court intervention, or whether plaintiff consents to the *pro hac vice* admission of counsel. Plaintiff seeks the opportunity that Local Rule 7.1(A)(2) would have provided to clarify the issues raised by Barley Snyder's representation of defendants.

**CONCLUSION**

For all of the foregoing reasons, plaintiff AGI opposes the Motion For Special Admission *Pro Hac Vice* of Ronald H. Pollock, Esq., Donald R. Geiter, Esq. and Joshua G. Parsons, Esq.

AMERICAN GRAPHICS INSTITUTE, INC.,

By its attorneys,

Dated: December 18, 2006     /s/ F. James Coe
John L. DuPré   (BBO No. 549659)
Giovanna H. Fessenden (BBO No. 654681)
F. James Coe (BBO 644705)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
693031     Facsimile:  (978) 341-0136

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 18, 2006.

 /s/ F. James Coe