UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., | : : : | |
| | : | Civil Action No. 05-11857-JLT |
| Plaintiff, | : : | |
| v. | : : | |
| ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH, | : : : : : | |
| Defendants | : | |

---

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION FOR SPECIAL ADMISSION *PRO HAC VICE***

Plaintiff raises certain opposition to the *pro hac vice* motion.

First, counsel correctly states that a Local Rule 7.1 conference did not take place. Based

on the experience of local counsel in this matter, such a conference is not customarily undertaken

in a ministerial motion of this nature. Due to the tight timelines present in this case and what

appeared to be a routine matter, it was simply not understood that the conference would be

required in this case. Further, as set forth below, the matter of Plaintiff's opposition is

unfounded.

As a follow-up to Plaintiff's opposition, Counsel conferred about the motion on Monday, December 18, 2006 at approximately 3:30 p.m. At the conclusion of the conference, Plaintiff's counsel agreed to follow-up with their client to ascertain the nature of its business for the law firm of Barley Snyder.

In the interim, defense counsel has made inquiries of Ken Kennedy, IT manager of Barley Snyder, who is named in Plaintiff's Opposition. Per the attached affidavit, a routine inquiry was made to Plaintiff seeking training for a new employee in Adobe 7.0. Since Plaintiff apparently trains in a different version, it was decided to select a different vendor. While Mr. Kennedy has no independent recall, he believes the first inquiry Plaintiff alleges to have taken place on August 31, 2006 may have been the first inquiry regarding the same subject. Barley Snyder elected not to proceed with Plaintiff's services, thereby appearing to render this entire issue moot. In any event, this was a routine vendor inquiry which involved nothing even vaguely confidential. Plaintiff should have been aware of this when it filed its opposition – presumably it gives out no business secrets in response to a mere customer inquiry.

Second, Plaintiff's attempt to limit representation for the two corporate defendants is without merit. The corporations may, at this time, be in default. This, however, does not require counsel to limit their representation, as a petition to open default could still be filed at any time. Aside from whether or not the Court grants such a motion, clearly there is simply no authority or logic to pre-limiting what counsel can do for a client.

**WHEREFORE,** the undersigned respectfully requests that the Motion for Special Admission *Pro Hac Vice* of Ronald H. Pollock, Esquire, Donald R. Geiter, Esquire, and Joshua

G. Parsons, Esquire be granted so as to enable this case to remain on the Court's schedule, which

Defendants are prepared to do.

                                                Respectfully submitted,

Dated: December 19, 2006

**Certificate of Service**

I hereby certify that this document(s) filed through
the ECF system will be sent electronically to the
registered participants as identified on the Notice of
Electronic Filing (NEF) and paper copies will be sent
to those indicated as non-registered participants on
this 19th day of December, 2006

/s/ Steven T. Sager
Steven T. Sager

                                                /s/ Steven T. Sager
                                                Steven T. Sager, BBO No. 548777
                                                Lauren K. Perry , BBO No. 666298
                                                Sager & Schaffer LLP
                                                182 Turnpike Road, Suite 250
                                                Westborough, MA 01581
                                                (508) 898-9900

                                                Local Counsel for the Defendants Acquired
                                                Learning, Inc., Judeann Stipe, Dean Novosat
                                                and Sage Advice, Ltd.

                                                /s/ Ronald H. Pollack, Jr.
                                                Ronald H. Pollock, Jr., PA I.D. No. 52586
                                                Donald R. Geiter, PA I.D. No. 202629
                                                Joshua G. Parsons, PA I.D. No. 203211
                                                126 East King Street
                                                Barley Snyder LLC
                                                126 East King Street
                                                Lancaster, PA 17602-2893
                                                (717) 299-5201

                                                Counsel for the Defendants Acquired
                                                Learning, Inc., Judeann Stipe, Dean Novosat
                                                and Sage Advice, Ltd.