UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH, <br><br> Defendants | Civil Action No. 05-11857-JLT |

**BRIEF OF DEFENDANTS OF JUDEANN STIPE, DEAN NOVOSAT, ACQUIRED LEARNING INC., AND SAGE ADVICE, LTD. IN SUPPORT OF THEIR MOTION TO SET ASIDE DEFAULT JUDGMENT AGAINST ACQUIRED LEARNING INC., AND SAGE ADVICE, LTD.**

## I. FACTUAL HISTORY

Defendant Judeann Stipe ("Judeann") was hired by Plaintiff American Graphics Institute, Inc. (the "Corporation") in 1996 as a clerical employee. (Stipe Pl. Aff. ¶¶ 2-3.) Having demonstrated capacity for increased responsibility Judeann worked her way up within the Corporation to Director of Sales. After serving as Director of Sales, in 2004 Judeann was again promoted, this time to the position of Senior Sales Executive. Throughout these years of work, the Corporation and its owner, Christopher Smith ("Smith") showed confidence in Judeann's abilities. However, Smith's behavior toward Judeann and other employees was sometimes hostile. In July 2004, Smith's behavior became such that Judeann felt she should leave the Corporation in order to be away from Smith. (Stipe Pl. Aff. ¶ 4.) Her last day of work at the Corporation was July 2, 2004. (Stipe Pl. Aff. ¶ 5.)

Although Judeann felt the need to leave work with the Corporation, she still had remaining business affairs that needed attention. To this end, Judeann maintained some contact with the Corporation and Smith. This contact was necessary to complete administrative details, close out Judeann's accounts, and to ensure she received sales commissions due to her. Neither Smith nor the Corporation objected to this continued contact by Judeann, and in fact it was beneficial to them as it allowed all parties to make the necessary transition. On or about July 12 and July 14, 2004, Judeann emailed Smith about the sales accounts and to ascertain information about commissions that Smith still owed to Judeann. (Stipe PI. Aff. ¶ 11.) Again, Smith and the Corporation did not object to this or other contact.

During this transition time period, it was also necessary to briefly access the Corporation's computer system to get information on the commissions that the Corporation still owed and had not paid to Judeann. (Stipe PI. Aff. ¶ 11.) This was a routine matter and neither Smith nor the Corporation made any effort that would lead Judeann to believe she should stop such contact, such as removing her access to company information, changing her password, sending her a letter telling her to cease contact with the Corporation, or verbally telling her not to contact Smith and/or the Corporation. (Stipe PI. Aff. ¶ 11.) In fact, Smith and the Corporation only objected to this contact after Judeann went to work for Acquired Learning, Inc.

Judeann began her new job with Acquired Learning, Inc. in September, 2004, hoping to have a new start. Defendant Dean Novosat ("Dean") was the Chief Operating Officer and co-owner of Acquired Learning, Inc. (Novosat Aff. ¶ 2.) Smith began a protracted campaign to pressure persons associated with the Acquired Learning business. (Stipe PI. Aff. ¶ 6.) That is the reason that Dean is now involved is involved in the current action. Smith's campaign included pressure against those people who did business with Acquired Learning. (Stipe PI. Aff.

¶ 6.)  This campaign is now entering its third year.  The evidence that Smith and the Corporation possess in the third year is the same as that they possessed in the first year; none.  There was no insidious contact by Defendants with the Corporation, just an attempt to disentangle from it.

Because Defendants do not have ample financial resources that Plaintiff has, they at first sought to defend this action themselves.  During the time that they were acting as their own counsel, Plaintiff had a default judgment entered against two companies that Defendants are affiliated with.  Defendants did not fully understand the legal process or the ramifications of their actions at that early point in the litigation, and Plaintiff took full advantage of that inexperience.  Thus, even if Defendants ultimately triumph on the merits of their case, these default judgments will still be outstanding.  It will not prejudice Plaintiff to open these defaults and decide them on the merits.  However, if Defendants win on the merits of this case, yet still are punished because of default judgments that they did not understand, the result will be highly inequitable.

## II.     ARGUMENT

THIS MOTION TO SET ASIDE DEFAULT JUDGMENT HAS BEEN FILED PURSUANT TO FED.R.CIV.P. 55(C)

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  See Fed.R.Civ.P. 55(c); KPS & Associates, Inc. v. Designs By FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003).

> Thus Rule 55(c), [is] an 'express[ion of] the traditional inherent equity power of the federal courts,' 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2692 (1998), [and] permits the consideration of a panoply of 'relevant equitable factors.' Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir.1993). The 'Rule 55(c) determinations are case-specific' and 'must, therefore, be made in a practical, commonsense manner, without rigid adherence to, or undue reliance upon, a mechanical formula.' Gen. Contracting & Trading, 899 F.2d at 112.

KPS & Associates, Inc. v. Designs By FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003).

Moreover, there is precedent for lifting a default judgment where a plaintiff has prevented a defendant from litigating an issue on the merits "[P]laintiff sought to reap tactical advantage from [defendant's] prior neglect by acquiring by stealth a decision sheltered by the rules which protect final judgments. Such practice is what Rule 55 is designed to prevent." Key Bank of Maine v. Tablecloth Textile Co. Corp., 74 F.3d 349, 356 (1st Cir. 1996). It is one thing where a defendant is guilty of "dilatory tactics" and has "no real defense," it is quite another matter where defendants have vigorously defended themselves to their fullest ability, but simply did not fully understand the nuisances of the legal issues before them. See Id. "We reiterate that this rule rests upon the view that the Federal Rules of Civil Procedure are designed to be fair, that Rule 55(b)(2) was promulgated to protect parties who, although delaying in a formal sense by failing to file pleadings . . . have otherwise indicated to the moving party a clear purpose to defend the suit, and our traditional preference for resolution of cases on the merits while giving due consideration to practical requirements of judicial administration." Id. (Internal quotations and citations omitted.)

In this case, aside from the need to advance their case on the merits, opening default judgment would not result in any prejudice to the Plaintiff. Plaintiffs' claim has in no way been impaired, and no relevant evidence has become lost or is otherwise unavailable. Plaintiff has, in fact, demonstrated this point by continuing to aggressively pursue the exact same issues against the individual Defendants. Moreover, the individual Defendants have proffered meritorious defenses to Plaintiff's Complaint, which would also apply to the Defendant corporations. These meritorious defenses, if set forth, would completely bar Plaintiff from any recovery. It would be inequitable to allow Defendants to win on the merits and yet still have outstanding default

judgments that were entered before they had the benefit of legal counsel.  Defendants did the best that they could while defending themselves.  They did not fully realize what peril they were in by defending an action against a Plaintiff that was willing to take advantage of procedural rules to avoid a full hearing on the merits.  This realization came slowly, but now that Defendants have counsel, these issues should be fully and fairly litigated.

### III. CONCLUSION

Having met the standards set forth in Fed.R.Civ.P. 55(c), Defendants respectfully request this Honorable Court to grant their Motion to Set Aside Default Judgment and lift the previously entered default judgment.

|  |  |
|---|---|
| Dated: December 28, 2006 | Respectfully submitted,<br><br>/s/ Steven T. Sager<br>Steven T. Sager, BBO No. 548777<br>Lauren K. Perry , BBO No. 666298<br>Sager & Schaffer LLP<br>182 Turnpike Road, Suite 250<br>Westborough, MA 01581<br> (508) 898-9900<br><br>Local Counsel for the Defendants Acquired Learning, Inc., Judeann Stipe, Dean Novosat and Sage Advice, Ltd.<br><br>/s/ Ronald H. Pollack, Jr.<br>Ronald H. Pollock, Jr., PA I.D. No. 52586<br>Donald R. Geiter, PA I.D. No. 202629<br>Joshua G. Parsons, PA I.D. No. 203211<br>126 East King Street<br>Barley Snyder LLC<br>126 East King Street<br>Lancaster, PA 17602-2893<br>(717) 299-5201<br><br>Counsel for the Defendants Acquired Learning, Inc., Judeann Stipe, Dean Novosat and Sage Advice, Ltd. |

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 28th day of December, 2006

/s/ Steven T. Sager
Steven T. Sager

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACQUIRED LEARNING, INC., )<br>JUDEANN STIPE, DEAN NOVOSAT, )<br>CLARK EDWARDS, SAGE ADVICE, )<br>LTD., and CARL LEINBACH, )<br>)<br>Defendants ) | Civil Action No. 05-11857-JLT |

## **ORDER**

**AND NOW**, this _____ day of _____, 2007, upon consideration of the Motion to set aside Default Judgments against Acquired Learning Inc. and Sage Advice Ltd., it is hereby Ordered that the Default Judgments against Acquired Learning Inc. and Sage Advice, Ltd. are set aside.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| American Graphics Institute,<br><br>Plaintiff,<br>v.<br><br>ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH<br>Defendants. | C.A. No. 05-11857-JLT |

## AFFIDAVIT OF JUDEANN STIPE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

I, Judeann Stipe, hereby depose and state as follows, based on my personal knowledge and my review of documents:

1. I live and reside at 1696 Pioneer Rd. Lancaster PA 17602

2. I was a sales representative for Defendant Acquired Learning, Inc. ("Acquired Learning"). I was hired into that position in September 2004. My position was eliminated Sept 30, 2005. I am currently unemployed. While employed at Acquired Learning, I worked exclusively in the Lancaster, Pennsylvania office. I submit this affidavit in support of Defendants' Opposition to Plaintiffs Motion for Preliminary Injunction.

3. From 1996 through July 2004, I was employed as a sales representative by Plaintiff American Graphics Institute, Inc. ("AGI"), and before that at CyberSolutions, Inc. ("CyberSolutions"), another business venture of Plaintiff Christopher Smith ("Smith"). Inc.

4. On July 2, 2004 I left AGI due to emotional duress and mental anguish stemming from my working relationship with Christopher Smith.

- 2 -

5.  On July 2, 2004, my last day of employment with American Graphics Institute, I turned in my laptop, any sales notes or documentations, software, keys, company credit card, wireless hub and any daily use office supplies that were the property of AGI. I have a signed document stating that indeed all of the above items were returned.

6.  On September 6, 2004 I took a job with Acquired Learning as a sales associate. I would be responsible for building their training market in the Lancaster, Harrisburg, York and Philadelphia, PA markets. Christopher Smith and his wife, Jennifer, did not take this news well. Christopher emailed me and informed me that if I chose to compete with him, this would be unfortunate. (See Exhibit 1, attached hereto.) Jennifer, an officer of AGI and long-time friend, told me that she was "in shock" and felt like she had "been punched in the gut." She warned me that "this is a small industry" and vowed to "do [her] best to let everyone know my disappointment on this matter." She also warned me, "Good luck getting through Chris with this one…I won't even be his voice of reason anymore." (See Exhibit 2, attached hereto.)

Shortly thereafter, Christopher Smith contacted contract instructors who were listed on the Acquired Learning website and threatened to withdraw business from them if they did not remove their names from the Acquired Learning website. He even told one prospective Acquired Learning contract instructor, *a propos* of nothing, that I had filed a personal bankruptcy petition, commenting "When banks, retailers, and lenders are forced to write-off huge amounts of credit and other loans – as they were forced to do with Judeann – it impacts us all." (See Exhibit 3, attached hereto.)

7.  I continued working with Acquired Learning despite the fact that a frivolous lawsuit was launched against me December 2004 stating that I had involvement with copyright infringement regarding our web site. I never had any involvement in the development of our web

site. This attack was merely a way for Christopher and Jennifer Smith to intimidate and scare me from working for Acquired Learning.

8.  Despite the fact that Christopher and Jennifer Smith continued to speak negative about Acquired Learning to clients and contract instructors hoping to force us out of business, we prevailed.

9.  On September 26, 2005 I received the current lawsuit stating I violated trade secret misappropriation, tortuous interference with business advantage, unfair competition and breach of duty of loyalty.

10. I adamantly deny all of the current alleged charges against me. I never stole their customer database or their clients, conspired against AGI to cause them to lose business or practice unfair competition, nor did I willfully engage in the acts complained with oppression, fraud and malice. I have proof supporting all of the alleged charges to be false.

11. I did access the customer database as stated July 12th & 14th from my home using a laptop I borrowed from Sage Advice, for approximately 4 minutes each day. The reason for this was to verify my accounts that commissions were due me. I emailed Christopher Smith on these dates as well to question why I did not receive payment as promised. I did not hack in; the password was never changed or taken away from me. I absolutely did not download any customer information. I was unemployed at this time and not employed by Acquired Learning as stated.

12. Christopher and Jennifer Smith know that I cannot afford to hire legal counsel to defend this case. He so much as stated to his attorneys that his main goal is to have me lose my job and house.

13. Due to these new allegations, Acquired Learning has decided to close their doors. They can no longer afford to defend these frivolous and trumped up charges and try to grow a business. I am now without a job and unable to provide for my family.

14. Mr. Smith has a repetitive habit of suing past employees of AGI. If he so feels inclined he simply files a frivolous lawsuit and misuses our judicial system for his own personal gains. By forcing his hand like this, he is trying to monopolize the software training market.

15. I ask the court to show mercy on me and dismiss all charges.

Signed this 17th day of October 2005 under the pains and penalties of perjury.

*Judeann Stipe*
Judeann Stipe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS INSTITUTE, :
INC., and CHRISTOPHER SMITH, :
        Plaintiffs :
         :
v. : NO. 04-12611 JLT
         :
ACQUIRED LEARNING, INC., SYSTEMS :
SOLUTION INC., JUDEANN STIPE, :
DEAN NOVOSAT, CLARK EDWARDS, :
and RICHARD WEIN, :
        Defendants :

### AFFIDAVIT OF JUDEANN STIPE

I, Judeann Stipe, state that I have personal knowledge of the matters set forth in this Affidavit and testify as follows:

2. From 1996 through July of 2004 I was employed by American Graphics Institute, Inc. ("AGI") as a sales representative.

3. In September of 2004, I was hired by Acquired Learning, Inc. ("Acquired Learning") as a sales representative.

**REDACTED**

63399

I swear under penalty of perjury that the foregoing Affidavit is true and accurate. I have set my hand to this Affidavit on this __19TH__ day of January, 2005.

By: _____
    Judeann Stipe

_____
For Notary Purposes Only
My Commission Expires on: __4-23-07__

> NOTARIAL SEAL
> LIDIA J. GONZALEZ, Notary Public
> City Of Lancaster, Lancaster County
> My Commission Expires April 23, 2007

63399

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC., and CHRISTOPHER SMITH, <br> Plaintiffs <br><br> v. <br><br> ACQUIRED LEARNING, INC., SYSTEMS SOLUTION INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, and RICHARD WEIN, <br> Defendants | NO. 04-12611 JLT |

### AFFIDAVIT OF DEAN NOVOSAT

I, Dean Novosat, state that I have personal knowledge of the matters set forth in this Affidavit and testify as follows:

2. I am Chief Operating Officer and co-owner of Acquired Learning, Inc. ("Acquired Learning"), which is a Pennsylvania corporation engaged in the business of providing computer consulting services and computer training.

**REDACTED**

62987

ACQUIRED LEARNING, INC.

By: _____          _____
    Dean Novosat, individually and           For Notary Purposes Only
    on behalf of Acquired Learning, Inc.    My Commission Expires on: April 23, 2008

Commonwealth of Pennsylvania
NOTARIAL SEAL
BARBARA E. ECENRODE, Notary Public
East Hempfield Twp., Lancaster Co., PA
My Commission Expires April 23, 2008

62987