UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS  INSTITUTE, INC.,

        Plaintiff,

   v.

ACQUIRED LEARNING, INC., JUDEANN
STIPE, DEAN NOVOSAT, CLARK
EDWARDS, SAGE ADVICE, LTD., and
CARL LEINBACH,

        Defendants.

Civil Action No. 05-11857-JLT

**PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS JUDEANN
STIPE, DEAN NOVOSAT, ACQUIRED LEARNING INC., AND SAGE ADVICE,
LTD. TO SET ASIDE DEFAULT JUDGMENT
AGAINST ACQUIRED LEARNING INC., AND SAGE ADVICE, LTD.**

     Plaintiff American Graphics Institute, Inc. ("AGI") hereby opposes Defendants'

Motion to Set Aside Default Judgment Against Acquired Learning, Inc. and Sage Advice,

Ltd. (the "Defaulted Defendants").  Default entered against the Defaulted Defendants

almost fourteen months ago for failure to plead and the Court properly rendered a default

judgment against the Defaulted Defendants more than six months ago.  Now, without

valid excuse and at the eleventh hour, Defendants seek to have this Court set aside the

default judgment.  The request is untimely and meritless.  Moreover, the granting of such

a request would greatly prejudice AGI, who has been preparing for trial against the

individual Defendants in this matter and would have to reopen its trial and investigational

strategies to include these corporate Defendants with only a week before discovery is to

close.

The Defaulted Defendants Motion to Set Aside Default Judgment lacks merit because they have failed to demonstrate good cause and a meritorious defense. Defendants' representations in support of their Motion that they were "acting as their own counsel" during this time and that they did not fully understand the legal issues before them is highly misleading.  Defendants were provided with ample notice of the relevant court proceedings as well as AGI's pleadings at all stages.  Throughout this period, Defendants have been acting on the advice of various attorneys, and appear to have intentionally allowed default to enter, either in an attempt to preserve a defense in a subsequent bankruptcy proceeding or because they intended to go out of business. Moreover, Defendants have been involved in a related matter before this Court since December of 2004 and are not inexperienced litigants.  Finally, in the papers that Defendants have filed, they have not presented a valid defense.  Defendant Judeann Stipe admits that she accessed AGI's customer database in direct violation of 18 U.S.C. §1030 (a).  Accordingly, Defendants' Motion to Set Aside Default Judgment should be denied.

**I.** **Defaulted Defendants Have Failed To Make Any Showing To Entitle Them To The Extraordinary Relief They Seek.**

**A.** **Standard**

"A default judgment may be set aside in accordance with Rule 60(b)."  (Internal quotation marks omitted.) <u>Venegas-Hernandez</u> v. <u>Sonolux Records</u>, 370 F.3d 183, 187 (1st Cir. 2004) (citing Fed. R. Civ. P. 55(c)).  "[T]he standard for setting aside a . . .

judgment by default is more stringent than that for setting aside an entry of default."[1]

Sonus Corp. v. Matsushita Electric Industrial Co., 61 F.R.D. 644, 647 (D. Mass. 1974).

Thus, "Rule 60(b) contains *extraordinary relief* which should be granted *only under*

*exceptional circumstances* . . . ."  (Emphasis added; internal quotation marks omitted.)

United States v. One Urban Lot, 882 F.2d 582, 585 (1st Cir. 1989).

    "To prevail on a Rule 60(b) motion, the party seeking to have the judgment

vacated bears the heavy burden of showing both a good reason for the default and the

existence of a meritorious defense." (Internal quotation marks omitted.)  United States v.

Certain Real Property Located at, 330 Fern St., 1994 U.S. App. LEXIS 6871 (1st Cir.

1994).  "The moving party is required to prove *both* grounds. . .  the district court's

discretion may [also] be guided by the moving party's reasonable promptness or

dilatoriness in seeking relief."  (Citation omitted; emphasis in original; internal quotation

marks omitted.)  Maine Nat'l Bank v. F/V Explorer, 833 F.2d 375, 378 (1st Cir. 1987).


**B.**    **Defaulted Defendants' Purported "Inexperience" Is Baseless As They Have Relied Upon The Advice Of Various Counsel Throughout The Proceedings, Were Fully Apprised Of The Consequences Of Their Actions, Have Prior Litigation Experience Before This Court And Intentionally Allowed The Default And Default Judgment To Enter.**

---

[1]Even under the less stringent standard for a party seeking to set aside the default pursuant to Rule 55 (c), the moving party bears the burden of demonstrating good cause for the removal of a default.  See KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003).  In making its determination, factors that the Court may consider include: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion to set aside entry of default.  See KPS & Assocs., 318 F.3d at 12-13; see also, United States v. $ 23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004).  All the reasons set forth in this Opposition in support of denying the Defendants' Motion are equally applicable to the above standard.  See Venegas-Hernandez v. Sonolux Records, supra, 370 F.3d 187 ("For the same reasons that defendant cannot satisfy the more liberal 'good cause' standard for setting aside the entry of default, defendant cannot show that its actions constituted 'excusable neglect.'").

The bald assertions that the defaults and default judgment were entered as a result of Defendants' purported inexperience and that "plaintiff took full advantage of that inexperience" lack factual support and are simply untrue.  Indeed, despite Defendants' "inexperience" they successfully sought to set aside defaults entered against the individual Defendants, Stipe and Novosat, *one year ago* on January 3, 2006.  Defendants' actions cannot be attributed to inexperience as they have been guided behind the scenes by legal counsel at all relevant stages of this case.

Between this matter and the related copyright matter in Civil Action No. 04-12611-JLT, Defendants Stipe and Novosat have had <u>five</u> separate firms deal with AGI's counsel and have had ample exposure to the legal processes in this Court.[2]  (Fessenden Decl. ¶21.) These include:

- Howard L. Kelin, Esq. of Kegel Kelin Almy & Grimm LLP

- James D. Smeallie of Holland & Knight LLP.

- Jason W. Morgan of Drohan, Hughes, Tocchio & Morgan, P.C.

- Barry A. Solodky, Esquire of Blakinger, Byler & Thomas, P.C.

- Ronald H. Pollack, Jr of Barley Snyder LLC

On September 19, 2005, Attorney Jason Morgan accepted service of the complaint on behalf of Defaulted Defendant Acquired Learning in this case.  (Fessenden Decl. ¶4, Exh. B.)   Although Attorney Morgan never entered an appearance in this matter, he continued to represent Defendants throughout settlement conversations and

---

[2] References to the declaration of Giovanna Fessenden filed herewith are identified by the last name of the declarant followed by "Aff. ¶ __" or "Aff. Exh. __."   References to affidavit of Judeann Stipe filed in this case on October 19, 2005 are identified by the last name of the affiant followed by "Aff. ¶ __" or "Aff. Exh. __."

communicated with AGI's attorneys on behalf of Defendants during the period of

September of 2005 (prior to the entry of default) through at least March 24, 2006[3] (more

than four months after Defaulted Defendants were defaulted for failure to plead).

(Fessenden Decl. ¶12.)    Attorney Morgan had also previously represented Defendants in

the related copyright matter.   (Fessenden Decl. ¶5.)

        AGI's counsel consistently kept both Attorney Morgan and the individual

defendants apprised of AGI's intent to seek default, the status of the default and the intent

to seek a default judgment throughout this period as reflected in a series of email

communications.  On November 3, 2005, for example, AGI's counsel advised Attorney

Morgan that the Motion for Default had been filed the previous day.  (Fessenden Decl.

¶13, Exh. C.)  On November 15, 2005, counsel for AGI sent another communication

advising Attorney Morgan that the Court entered default against Defaulted Defendants

and indicating that AGI was in the process of preparing a Motion for Default Judgment,

which AGI planned to file pending settlement negotiations. (Fessenden Decl. ¶13, Exh.

D.)

        Further, despite yet another bald assertion that AGI took advantage of the

Defaulted Defendants' purported inexperience, no evidence has been presented to suggest

that AGI in any way misrepresented the legal situation in which Defaulted Defendants

found themselves.  To the contrary, AGI's counsel went out of their way to provide

---

[3] On February 15, 2006, Attorney Morgan advised AGI's attorneys that "I will not be formally representing
them, but I am sure that they will ask (and I will provide) my opinion on settlement talks, if there are any."
I will not be entering an appearance and need not receive pleadings, etc.  By all means, feel free to discuss
directly with Judeann and Dean.  Judeann merely informed me about the court's recent ruling on the default
and asked what she should do next to further settlement talks now that she will not be continuing in the
training business.  I told her that I would inquire with you.  Again, feel free to contact her directly."
(Fessenden Decl. Exh. E.)

notice of the proceedings and communicate openly regarding settlement with the individual Defendants and a variety of their legal counsel, as well as consistently encourage Defendants to formally retain counsel.   (Fessenden Decl. ¶¶22-25, Exhs. I, J, K.)

        In any event, the lack of legal sophistication on the part of a corporation and its principal simply cannot form the basis of a claim of excusable neglect or fraud for purposes of Rule 60(b).  See Residential Reroofing Local 30-B v. Mezicco, 55 F.R.D. 516, 517-18 (E.D.Pa.1972) (defendant's claim that he "was not cognizant of the importance of being represented by counsel until after the judgment was entered" insufficient to justify vacating default judgment); Original Appalachian Artworks, Inc. v. Yuil International Trading Corp., 105 F.R.D. 113, 116 (D.N.Y. 1985) (same).

        Moreover, a motion to set aside a default judgment lacks merit where a defendant intentionally allows a default to enter.  Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004) (district court did not abuse its discretion in refusing to set aside default when defendant's failure to appear was intentional).  Here, the evidence suggests that Defaulted Defendant's purposely allowed default to enter either because they believed the corporations would no longer be in business or in an attempt to preserve a defense in a subsequent bankruptcy proceeding.  Why else would Defendants seek to set aside defaults entered against them individually, prior to the entry of the Default Judgment, but not as to the corporate Defendants?

        As noted by Dean Novosat in an affidavit, "Default has been already been filed against Acquired Learning, Inc., because Acquired Learning, Inc. is no longer in business."  (Fessenden Decl. ¶19, Exh. G.)  Further, evidence of email communications

with Dean Novosat's bankruptcy counsel is indicative that Dean Novosat may have tactically allowed default to enter on behalf of Sage Advice.  As stated by Attorney Solodky on September 8, 2006, "*I know that if for some reason a deal fell through and Dean had to file a bankruptcy petition in the event AGI pursued him he would be able to litigate the matter, if necessary, so long as a default judgment has been entered where he has not appeared and raised a defense*.  As a much more recent law school grad than me I am sure you still remember the distinction between res judicata and collateral estoppel which I am sure you [sic] client would raise."  (Fessenden Decl. ¶19, Exh. H.)   In fact, Defendant Novosat had consulted with Attorney Solodky shortly after AGI initiated the instant action because Defendant Novosat was considering filing for bankruptcy in an attempt to evade any kind of damages judgment that would result from this case. (Fessenden Decl. ¶20.)  Two of the individual defendants, Defendant Stipe and Defendant Edwards, have already filed for bankruptcy.

Thus, the Defendants have failed to meet the first prong of demonstrating a good reason to set aside default, which is the first threshold to establish entitlement to this extraordinary remedy.  As such, the Defendants' Motion to Set Aside Default Judgment should be denied for these reasons alone.

**C.**     **Defendants' Six Month Delay In Seeking to Set Aside Is Unreasonable And Prejudicial to AGI And Should Be Denied On This Ground**

A defendant's failure to exercise reasonable promptness can be ground, in and of itself, for denying a motion to set aside a default judgment.  See American Metals Service Export Co. v. Ahrens Aircraft, Inc., 666 F.2d 718, 721 (1st Cir. 1981) (finding no abuse of discretion in the court's weighing heavily against defendant its five-month delay in

seeking relief and discussing that this unexcused delay alone is an adequate basis for affirming).

Here, Defaulted Defendants have waited over six months to seek to set aside the default judgment and have offered virtually no excuse for the delay other than "inexperience." This delay alone should be sufficient to deny the Defendants' Motion. Moreover, Defaulted Defendants seek this relief just weeks before the scheduled final pretrial conference on January 16, 2007, and just a week prior to scheduled depositions in this matter. This eleventh hour request greatly prejudice AGI, on the eve of trial, who must now expand its case to encompass these Defaulted Defendants.

**D.      Defaulted Defendants' Motion To Set Aside Further Reveals That Defendants Have No Meritorious Defense**

In determining whether the defaulted defendant has asserted a meritorious defense, the defaulted defendant bears the burden to set out its defense with "required specificity." American Metals Service Export Co. v. Ahrens Aircraft, Inc., 666 F.2d 718, 721 (1st Cir. 1981). Thus, a defendant must proffer a specific statement of underlying facts to enable a court to appraise the merits of the claimed defense. See id. Here, Defendants' allegations neither address the causes of action set forth in AGI's Complaint nor explain how such allegations comprise a defense to the matter.

It appears, however, that the heart of the defense rests on the unbelievable assertions of Defendant Judeann Stipe. By her own admission, Stipe left AGI in July of 2004, admittedly on bad terms. During this "transition" period in early July 2004, although she claims to have started working for Acquired Learning, Inc. shortly thereafter in September 2004, it is undisputed that Stipe began using an email account of a direct

competitor, Defendant Acquired Learning, and a laptop computer borrowed from

Defendant Sage Advice.  (Fessenden Decl. Exh. L; Stipe Aff. ¶11).  Also throughout this

period, Stipe neglected to mention to anyone at AGI that she was involved with this

competitor, yet claims to have intentionally accessed her former employer's customer

database (without seeking permission from anyone at AGI and without AGI's

knowledge) for the benign reason to get information on commissions that AGI owed to

her.  It should be noted that the factual allegations in Defendants' Motion is worded quite

obviously in an ambiguous manner, euphemistically referring to Stipe's unauthorized

post-employment access of AGI's customer database as "contact" and then building a

straw man by concluding that because AGI did not indicate to her that it objected to this

"contact" (despite that AGI was entirely unaware of Stipe's action at the time) it

somehow acquiesced to it.  In reality, Stipe began working for Acquired Learning in July

of 2004, when she secretly accessed AGI's database, downloading, inter alia, more than

22,500 customer records, including 14,000 e-mail records from AGI's secured servers

and copied them to her laptop computer in order to benefit her new employer, Acquired

Learning, who was AGI's chief competitor.

Thus, none of the allegations set forth in the Defendants' Motion constitute a

meritorious defense.  Specifically, under 18 U.S.C. § 1030 (a) (5), the civil enforcement

provision is satisfied by a showing that the defendant "intentionally [accessed] a

protected computer without authorization, and as a result of such conduct, [caused] . . .

loss to 1 or more persons during any 1-year period (and, for purposes of an investigation,

prosecution, or other proceeding brought by the United States only, loss resulting from a

related course of conduct affecting 1 or more other protected computers) aggregating at

least $ 5,000 in value  . . . ."  <u>See</u> 18 U.S.C. §1030 (a)(5)(A)-(B).  Stipe *admits*

intentionally accessing AGI's database, does not aver that she was given permission and

does not dispute AGI's loss.  Thus, even taking at face value all of the statements set

forth in the Motion, Defendants have presented no meritorious defense.  The evidence,

therefore, is overwhelming as to Defaulted Defendant's liability and Defendants' Motion

should be denied.

### <u>CONCLUSION</u>

For the above-stated reasons, the Defendants have not met their heavy burden of

demonstrating *both* a good reason for the default and the existence of a meritorious

defense.  As such, it is respectfully requested that this Honorable Court deny Defendants'

Motion to Set Aside Default Judgment.


Respectfully submitted,

AMERICAN GRAPHICS INSTITUTE, INC.

By its attorneys,


Dated: January 2, 2007                 /s/ Giovanna H. Fessenden
                                       John L. DuPré   (BBO No. 549659)
                                       David J. Brody   (BBO No. 058200)
                                       Giovanna H. Fessenden (BBO No. 654681)
                                       Hamilton, Brook, Smith & Reynolds, P.C.
                                       530 Virginia Road
                                       P.O. Box 9133
                                       Concord, Massachusetts 01742-9133
                                       Telephone:  (978) 341-0036
                                       Facsimile:   (978) 341-0136

CERTIFICATE OF SERVICE

I, Giovanna Fessenden, hereby certify that on January 2, 2007, service of the foregoing was made on all defendants by mail.

/s/ Giovanna H. Fessenden
Giovanna H. Fessenden

696816