UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS  INSTITUTE, INC.,

       Plaintiff,

   v.

ACQUIRED LEARNING, INC., JUDEANN
STIPE, DEAN NOVOSAT, CLARK
EDWARDS, SAGE ADVICE, LTD., and
CARL LEINBACH,

       Defendants.

Civil Action No. 05-11857-JLT

**DECLARATION OF GIOVANNA FESSENDEN
IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS JUDEANN
STIPE, DEAN NOVOSAT, ACQUIRED LEARNING INC., AND SAGE ADVICE,
LTD.'S MOTION TO SET ASIDE DEFAULT JUDGMENT
AGAINST ACQUIRED LEARNING INC., AND SAGE ADVICE, LTD.**

GIOVANNA H. FESSENDEN states as follows:

    1.     I am an attorney representing Plaintiff American Graphics Institute, Inc.

("AGI") in the above-entitled action.

    2.     On September 14, 2005, AGI filed a Complaint against Defendants,

Acquired Learning, Inc, Judeann Stipe, Dean Novosat, Clark Edwards, Sage Advice,

LTD., and Carl Leinbach, in the United States District Court for the District of

Massachusetts, alleging violation of 18 U.S.C. § 1030(a)(4) and § 1030(a)(5), trade secret

misappropriation, tortious interference with business advantage, unfair competition,

breach of duty of loyalty, violation of 15 U.S.C. § 1125(a)(1), and conversion.

3.    On September 16, 2005, Stacy Novosat accepted service on behalf of Defendant Sage Advice, LTD.  A copy of Sage Advice, Ltd.'s Return of Service is attached as Exhibit A.

4.    On September 19, 2005, attorney Jason Morgan accepted service on behalf of Defendant Acquired Learning, Inc.  A copy of Acquired Learning, Inc.'s Return of Service is attached as Exhibit B.

5.    Jason Morgan was the attorney of record for Defendants Acquired Learning, Inc. in the co-pending lawsuit, Civil Action No. 04-12611 JLT.

6.    Attorney Morgan advised me that he was authorized to accept service in this case on behalf of Acquired Learning, Inc.

7.    Pursuant to the provisions of Rule 12 of the Federal Rules of Civil Procedure, Defendants had twenty days after being served with the summons and complaint within which to serve an answer to AGI's Complaint.

8.    To date, Acquired Learning, Inc. and Sage Advice, Ltd. have failed to file an answer to AGI's complaint or to otherwise defend against AGI's claims.

9.    On November 2, 2005, AGI filed a Motion for Request for Notice of Default against Defendants and sent a copy of such Motion to Defendants at that time.

10.    On November 8, 2005, default was entered against Acquired Learning, Inc. and Sage Advise, Ltd. by this Court pursuant to Federal Rule of Civil Procedure 55(a).

11.    On June 29, 2006, default judgment was entered by this Court against Acquired Learning, Inc. and Sage Advise, Ltd.

12.     Although Attorney Morgan never entered an appearance in this matter, he continued to represent all Defendants throughout settlement conversations and communicated with AGI's attorneys on behalf of the Defendants during the period of September of 2005 (prior to the entry of default) through at least March 24, 2006 (more than four months after the Defendants were defaulted for failure to plead).

13.     I consistently kept Attorney Morgan and the individual Defendants apprised of AGI's intent to seek default, the status of the default and the intent to seek a default judgment.  On November 3, 2005, for example, I advised Attorney Morgan that the Motion for Default had been filed the previous day.  (See Exhibit C.)  On November 15, 2005, I sent another email advising Attorney Morgan that the Court entered default against the defaulted Defendants and indicated that AGI was in the process of preparing a Motion for Default Judgment, which AGI planned to file pending settlement negations. (See Exhibit D.)

14.     On February 15, 2006, Attorney Morgan sent me an email, which is attached as Exhibit E, in which he advised me "I will not be formally representing them, but I am sure that they will ask (and I will provide) my opinion on settlement talks, if there are any.  I will not be entering an appearance and need not receive pleadings, etc. By all means, feel free to discuss directly with Judeann and Dean.  Judeann merely informed me about the court's recent ruling on the default and asked what she should do next to further settlement talks now that she will not be continuing in the training business.  I told her that I would inquire with you.  Again, feel free to contact her directly."

<u>I kept Defendants Novosat and Stipe apprised of AGI's intent to seek default, the status of default and AGI's intent to seek default judgment.</u>

15.     I held my Rule 7.1 Conferences with both Defendants Novosat and Stipe regarding the AGI's Motion for Default and AGI's Motion for Default Judgment.

16.     I discussed AGI's intent to seek default judgment with Dean Novosat throughout settlement conversations.

17.     Attached as Exhibit F is the Notice of the Default Judgment that I served on Defendants Stipe and Novosat, respectively.

18.     Attached is an affidavit filed by Defendant Novosat in which he states, "Default has been already been filed against Acquired Learning, Inc., because Acquired Learning, Inc. is no longer in business."  (See attached Exhibit G, Affidavit Of Dean Novosat.)

19.     Dean Novosat's bankruptcy counsel indicated in an email to me that Dean Novosat may have allowed default to enter on behalf of Sage Advice.  As stated by Attorney Solodky on September 8, 2006, "*I know that if for some reason a deal fell through and Dean had to file a bankruptcy petition in the event AGI pursued him he would be able to litigate the matter, if necessary, so long as a default judgment has been entered where he has not appeared and raised a defense*.  As a much more recent law school grad than me I am sure you still remember the distinction between res judicata and collateral estoppel which I am sure you [sic] client would raise."  (Barry Solodky Sept. 8, 2006 email attached as Exhibit H.)

20.     In settlement talks, Defendant Novosat indicated to me that he had consulted with Attorney Solodky shortly after AGI had initiated the instant action

because Defendant Novosat was considering filing for bankruptcy in an attempt to evade

any kind of damages judgment that would result from this case.

I have dealt with five different firms representing Defendants Stipe and Novosat.

21.    Between this matter and the related copyright matter in Civil Action No.

04-12611-JLT, Defendants have had five separate firms contact me on their behalf.

- Howard L. Kelin, Esq.
  Kegel Kelin Almy & Grimm LLP
  24 North Lime Street
  Lancaster, Pennsylvania  17602
  (717) 392-1100

- James D. Smeallie
  Holland & Knight LLP.
  10 St. James Avenue
  Boston, MA  02116
  (617) 523-2700

- Jason W. Morgan
  Drohan, Hughes, Tocchio & Morgan, P.C.
  175 Derby Street, Suite 30
  Hingham, MA 02043
  (781) 749-7200

- Barry A. Solodky, Esquire
  Blakinger, Byler & Thomas, P.C.
  28 Penn Square
  Lancaster, PA  17603
  (717) 509-7273

- Ronald H. Pollack, Jr
  Barley Snyder LLC
  126 East King Street
  Lancaster, PA 17602-2893
  (717) 299-5201

<u>I consistently encouraged Defendants Novosat and Stipe to retain counsel.</u>

22.    Throughout my dealings with Defendants, I consistently encouraged them to formally retain counsel.

23.    For example, attached as Exhibit I is a June 28, 2006 email I sent to Defendants Novosat and Stipe in which I explained to them that "[a]s you know, I do not represent you, and I encourage you to secure representation.  I can not provide you with any legal advice . . . ."

24.    Attached as Exhibit J is an August 3, 2006 letter forwarding settlement papers to Defendant Stipe in which I explain to her, [r]emember that we represent AGI and do not represent you, and we cannot provide you with any legal advice.  We encourage you to seek the advice of counsel for this case, and review these settlement papers with your attorneys."

25.    Attached as Exhibit K is an August 14, 2006 letter forwarding settlement papers to Defendant Novosat in which I explain to him, [r]emember that we represent AGI and do not represent you, and we cannot provide you with any legal advice.  We encourage you to seek the advice of counsel for this case, and review these settlement papers with your attorneys."

<u>Emails from Defendant Stipe indicate that she was using an Acquired Learning Email Address in July 2004.</u>

26.    Attached as Exhibit L are July 2004 emails from Judeann Stipe using an acquiredlearning.com email address.

Signed this 2nd day of January 2007 under the pains and penalties of perjury.

   /s/ Giovanna H. Fessenden
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:  (978) 341-0136

696817

## CERTIFICATE OF SERVICE

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 2, 2007.

**Exhibit A**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ MASSACHUSETTS _____

AMERICAN GRAPHICS INSTITUTE, INC.

**SUMMONS IN A CIVIL ACTION**

V.

ACQUIRED LEARNING, INC., JUDEANN STIPE,
DEAN NOVOSAT, CLARK EDWARDS,
SAGE ADVICE, LTD., AND CARL LEINBACH

CASE NUMBER:

## 05 CA 11857 JLT

TO: (Name and address of Defendant)

DEAN NOVOSAT
1514 QUARRY LANE
LANCASTER, PA

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

John L. DuPre, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.



SARAH A. THORNTON

SEP 1 4 2005

CLERK                                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | September 16, 2005 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Melissa I. Baten | Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify):   Served Stacy Novosat at 1514 Quarry Lane, Lancaster, PA, in person, who accepted service for her husband Dean Novosat.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___9/16/05___    _Melissa I Baten_
               Date              *Signature of Server*

5235 N. Front St., Harrisburg, PA  17110
*Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Exhibit B**

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ MASSACHUSETTS _____

AMERICAN GRAPHICS INSTITUTE, INC.

**SUMMONS IN A CIVIL ACTION**

V.

ACQUIRED LEARNING, INC., JUDEANN STIPE,
DEAN NOVOSAT, CLARK EDWARDS,
SAGE ADVICE, LTD., AND CARL LEINBACH

CASE NUMBER:

## 05 CA 11857 JLT

TO: (Name and address of Defendant)

> ACQUIRED LEARNING, INC.
> 1861 CHARTER LANE, SUITE 105
> LANCASTER, PA

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> John L. DuPre, Esq.
> Hamilton, Brook, Smith & Reynolds, P.C.
> 530 Virginia Road
> P.O. Box 9133
> Concord, MA 01742-9133

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.



SARAH A. THORNTON

SEP 14 2005

_____
CLERK                                          DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE September 19, 2005 | |
| NAME OF SERVER *(PRINT)* Giovanna H. Fessenden | TITLE Attorney | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify):   Defendant Acquired Learning, Inc.'s attorney, Jason Morgan, accepted service on Defendant Acquired Learning, Inc.'s behalf.

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  9/23/05
_____
Date

_____
*Signature of Server*

530 Virginia Road
Concord, MA 01742-9133
_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Exhibit C**

**Exhibit D**

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Giovanna Fessenden |
| **Sent:** | Tuesday, November 15, 2005 8:41 PM |
| **To:** | 'Jason Morgan' |
| **Cc:** | John DuPre |
| **Subject:** | Settlement Papers for Computer Fraud Case |

**Attachments:**     2005.11.15 Trade Secret Case - Consent Judgment.doc; 2005.11.15 SSI, ALI, and Individual Defendants -TS Settlement Agreement.doc

  

2005.11.15 Trade   2005.11.15 SSI,
Secret Case -...     ALI, and Indiv...

Jason,

Attached are drafts of the Order and Judgment on Consent and the Settlement Agreement for the computer fraud case.

We still need to prepare other papers, for example, the Joint Motion for Entry of Order and Judgment on Consent and the Stipulation.  The substantive information for the stipulation is already set forth in the Consent Judgment.

My client is still deciding whether to file its customer lists under seal or to institute a procedure that would permit attorneys from both sides to maintain a copy of the customer list, and require the defendants to contact the plaintiffs' attorney in order to determine whether a company is on the customer list before soliciting business.  The latter is preferred because it would avoid further disclosure of the plaintiff's customer list to the defendants.

The court has already entered Default against ALI and Sage Advice, and I am in the process of preparing the Motion for Default Judgment.  We do plan to file these papers if settlement does not come to fruition soon.

Let me know if you have any questions.

Giovanna H. Fessenden, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Tel.:    (978) 341-0036 (ext. 3466)
Direct: (978) 202-3466
Fax.:   (978) 341-0136
email:  giovanna.fessenden@hbsr.com
http://www.hbsr.com/

**Exhibit E**

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Jason Morgan [jmorgan@dhtmlaw.com] |
| **Sent:** | Wednesday, February 15, 2006 3:25 PM |
| **To:** | Giovanna Fessenden |
| **Cc:** | John DuPre |
| **Subject:** | RE: Trade Secret Case |

I will not be formally representing them, but I am sure that they will ask (and I will provide) my opinion on settlement talks, if there are any. I will not be entering an appearance and need not receive pleadings, etc. By all means, feel free to discuss directly with Judeann and Dean. Judeann merely informed me about the court's recent ruling on the default and asked what she should do next to further settlement talks now that she will not be continuing in the training business. I told her that I would inquire with you. Again, feel free to contact her directly.

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:    (781) 749-7200
Fax:    (781) 740-4335
jmorgan@dhtmlaw.com

-----Original Message-----
**From:** Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
**Sent:** Wednesday, February 15, 2006 2:55 PM
**To:** Jason Morgan
**Cc:** John DuPre
**Subject:** RE: Trade Secret Case

Jason,

There is nothing left to do in the copyright case.

Regarding the trade secret/computer fraud case, do you intend to represent the defendants in that case? If you do not represent them, we were planning on discussing that case directly with the defendants.

Thanks,
Giovanna

-----Original Message-----
**From:** Jason Morgan [mailto:jmorgan@dhtmlaw.com]
**Sent:** Wednesday, February 15, 2006 10:15 AM
**To:** Giovanna Fessenden
**Subject:** Trade Secret Case

Giovanna,

Judeann sent me an email informing me that the default had been lifted, but wondering what comes next. Obviously, I am not sure what you have in store, but I know that Smith had wanted to settle on terms that prevented Judeann from competing in the field. If that is something that is still on the table, I suggest that you contact Judeann (and Dean) to figure out how to resolve this – I don't think the limited noncompete really affected Dean all that much.

Is there anything left to do with the copyright case?

Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:   (781) 740-4335
jmorgan@dhtmlaw.com

*********************************************************************
This email and any files transmitted with it are confidential and may contain attorney-client privileged
information. These materials are intended solely for the use of the intended recipient. If you are not the intended
recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in
error, please immediately notify the sender and delete the message from your system.

This footnote also confirms that this email message has been swept by
MIMEsweeper for the presence of computer viruses.

www.mimesweeper.com
Mail System HBSR
*********************************************************************

1/2/2007

**Exhibit F**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS  INSTITUTE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH, <br><br> Defendants. | Civil Action No. 05-11857-JLT |

## NOTICE OF DEFAULT JUDGMENT AGAINST DEFENDANTS ACQUIRED LEARNING, INC. AND SAGE ADVICE, LTD.

To:  Acquired Learning, Inc.
     1861 Charter Lane, Suite 105
     Lancaster, PA 17601

     Sage Advice, Ltd.
     1514 Quarry Lane
     Lancaster, PA 17603

     Ms. Judeann Stipe
     1696 Pioneer Road
     Lancaster, PA 17602

     Mr. Dean Novosat
     1514 Quarry Lane
     Lancaster, PA 17603-2467

     Mr. Clark Edwards
     495 North Oak Street
     Lititz, PA 17543

Notice is hereby given that the attached Order issued for Default Judgment

against Acquired Learning, Inc. and Sage Advice, Ltd. in the above-captioned case.

AMERICAN GRAPHICS  INSTITUTE, INC.

By their attorneys,

Dated: July 13, 2006

/s/ Giovanna H. Fessenden
John L. DuPré   (BBO No. 549659)
David J. Brody   (BBO No. 058200)
Giovanna H. Fessenden (BBO No. 654681)
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:  (978) 341-0136

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by First Class U.S. Mail and/or e-mail to those indicated as non registered participants on July 13, 2006.

/s/ Giovanna H. Fessenden
Giovanna H. Fessenden

636269_1.DOC

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN GRAPHICS  INSTITUTE, INC.,

Plaintiff,

v.

ACQUIRED LEARNING, INC., JUDEANN
STIPE, DEAN NOVOSAT, CLARK
EDWARDS, SAGE ADVICE, LTD., and
CARL LEINBACH,

Defendants.

Civil Action No. 05-11857-JLT

## DEFAULT JUDGMENT AGAINST DEFENDANTS
## ACQUIRED LEARNING, INC. AND SAGE ADVICE, LTD.

Tauro ,D.J.

Defendants Acquired Learning, Inc. and Sage Advice, Ltd. having failed to plead
or otherwise defend in this action and their defaults having been entered,

Now, upon application of plaintiff and affidavits demonstrating that neither
defendant Acquired Learning, Inc. nor Sage Advice, Ltd. is an infant or incompetent
person or in the military service of the United States, and that plaintiff has incurred
damages as a result of defendants' actions.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     This Court has jurisdiction over the defendants, and over the subject matter of
        this action.

2.      The plaintiff American Graphics Institute, Inc. ("AGI") owns and controls
        trade secrets and confidential customer information in its customer lists and
        customer databases it maintains on a protected computer system ("Customer

Information"), which is essential to the operation of AGI's business. AGI's Customer Information constitutes protected trade secrets under Massachusetts law and defendants disclaim any and all right, claim, title, and interest in the trade secrets.

3.     At all relevant times, AGI had and continues to have economically beneficial business relationships with its customers, including but not limited to Education Testing Systems, Inc. and Adobe Systems, Inc., and anticipates a reasonable expectancy of financial benefit to be derived from its business relationships with its customers.

4.     Plaintiff AGI has been operating under the name AGI for approximately five years. During that time, AGI has become highly respected and accumulated good will in association with its name.

5.     Defendants Dean Novosat and Clark Edwards operate Acquired Learning, Inc. ("Acquired"). Judeann Stipe is a former employee of Acquired. Defendant Dean Novosat is a former consultant to Plaintiff AGI, and also operates Sage Advice, Ltd. ("Sage Advice"). Defendant Clark Edwards is the former treasurer of AGI.

6.     Agents of defendants Acquired and Sage Advice on numerous occasions in July of 2004, intentionally accessed AGI's protected computers in Massachusetts without authorization, and obtained information including AGI's valuable trade secrets, confidential business information, and other proprietary information, including AGI's Customer Information thereby causing losses and harm to AGI in excess of $5,000, including but not limited to, harm to AGI's reputation, goodwill, and business

2

relationships. Such actions by defendants Acquired and Sage Advice constitute violations of 18 U.S.C. § 1030.

7.     Defendants Acquired and Sage Advice beginning in the year 2004 and continuing through 2005, willfully misappropriated AGI's Customer Information and used that Customer Information to solicit customers who would otherwise purchase courses or publications offered by AGI, all in competition with AGI, and AGI has been damaged thereby. Defendants Acquired and Sage Advice at all relevant times, had knowledge of AGI's relationships with its customers and interfered with AGI's business relationships by improperly obtaining AGI's Customer Information and using that Customer Information to steer business away from AGI to defendants, and as a direct result of such acts, AGI suffered losses of its advantageous business relationship with its customers.

8.     As a direct and proximate result of the above acts, defendants Acquired and Sage Advice have realized and retained profits and other benefits rightfully belonging to AGI and has caused, and are in a position to continue to cause, substantial and irreparable harm to AGI's reputation, goodwill, and business relationships.

9.     Based on the alleged foregoing stipulated facts, the Court hereby orders and enjoins defendants Acquired and Sage Advice and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination with them:

> a. From accessing or attempting to access AGI's computer systems, and from using directly or indirectly any information they obtained, learned or derived from accessing AGI's computer systems in the past;

3

Case 1:05-cv-11857-JLT   Document 51   Filed 06/29/2006   Page 4 of 6

b.   From making any use, either directly or indirectly, of AGI's Customer
Information, including without limitations initiating any contact with any
persons, businesses, entities, agents, or anyone else associated with AGI's
customers;

c.   From making any use, either directly or indirectly, of AGI's Customer
Information, including without limitations initiating contact with any
persons, businesses, entities, agents, or anyone else associated with AGI;
and

d.   To deliver to counsel of record for AGI forthwith all copies of AGI's
Customer Information in his or her or its possession, custody or control,
including without limitation any and all information contained in
computer files, diskettes, backups, course materials, and marketing
materials.

10.    Pursuant to Fed. R. Civ. P. 55(b)(2), the Court shall conduct hearings as it
deems necessary and proper for the purpose of:

a.   determining and awarding AGI its damages and injunctive relief as set forth in
18 U.S.C. 1030(g) for defendants' deliberate and willful violation of 18
U.S.C. § 1030(a)(4) as alleged in Count I of the complaint;

b.   determining and awarding AGI its damages and injunctive relief as set forth in
18 U.S.C. 1030(g) for defendants' deliberate and willful violation of 18
U.S.C. § 1030(a)(5) as alleged in Count II of the complaint;

c.   determining and awarding AGI its damages and injunctive relief for
defendants' deliberate and willful misappropriation of trade secrets as alleged

in Count III of the complaint;

d.  determining and awarding AGI its damages and statutory double damages for

defendant's deliberate and willful misappropriation of trade secrets in

violation of Mass. G.L. ch. 93, §42 as alleged in Count IV of the complaint;

e.  determining and awarding AGI its damages for defendants' deliberate and

willful tortious interference with AGI' business advantage as alleged in Count

V of the complaint;

f.  determining and awarding AGI its damages for defendants' deliberate and

willful unfair competition and conscious disregard of the rights of AGI as

alleged in Count VII of the complaint;

g.  determining and awarding AGI its damages and awarding statutory treble

damages for defendants' deliberate and willful violation of Mass. G.L. ch.

93A, §11 as alleged in Count VIII of the complaint;

h.  determining and awarding AGI its damages as set forth in 15 U.S.C. § 1117(a)

for defendants' deliberate and willful violation of 15 U.S.C. §1125(a)(1) as

alleged in Count IX of the complaint;

i.  determining and awarding AGI its damages for defendants' deliberate and

willful conversion of AGI's property as alleged in Count X of the complaint;

and

j.  awarding AGI its cost of suit and attorneys' fees.

11.     This Court hereby sets a time period of ninety (90) days for the plaintiff

American Graphics Institute, Inc. to conduct discovery on the above referenced damages

and amount of damages.

ENTERED this ___ day of JUN, 2006, at Boston, Massachusetts.

_____
United States District Judge

634341

**<u>Exhibit G</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AMERICAN GRAPHICS INSTITUTE, INC.
　　　　　　Plaintiff,

v.

ACQUIRED LEARNING, INC., JUDEANN
STIPE, DEAN NOVOSAT, CLARK
EDWARDS, SAGE ADVICE LTD. and
CARL LEINBACH,
　　　　　　　　Defendants.

Civil Action No. 05-11857 JLT

---

## **AFFIDAVIT OF DEAN NOVOSAT IN OBJECTION TO PLAINTIFF AMERICAN GRAPHIC INSTITUTES OBJECTION TO DEFENDANTS REQUEST TO SET ASIDE DEFAULT**

I, Dean Novosat, hereby oppose the objection of Plaintiff American Graphics Institute to set aside the default based upon the following facts:

1. Default has been already been filed against Acquired Learning, Inc because Acquired Learning, Inc. is no longer in business.

2. Default has been already been filed against Sage Advice Ltd. because Sage Advice Ltd. does not have the financial resources to mount a defense, not for reasons of admission to guilt.

3. There is good cause for the removal of default since I was never notified either by telephone, email, fax, or letter, that a hearing had been scheduled. If I had been notified that a hearing was to be held, I could have represented myself, or hired counsel to represent me at the hearing. This, in itself, is sufficient reason to remove the default.

4. I was totally unaware that a hearing had been scheduled and I was unaware that I needed to be present at any such hearings.

5. In Plaintiff's affidavit "Plaintiff American Graphic Institute's Objection to Defendants Judeann Stipe and Dean Novosat's Request to Set Aside Default", page three and four incorrectly states that Attorney Jason Morgan represents me in this case. This is false. Attorney Morgan represents me in another case in the Court, Civil Action No. 04-12611-JLT. Attorney Morgan has already contacted Plaintiff's counsel to correct this inaccurate information.

6. Defendant's Stipe's admission to accessing the AGI database in no way implies that Sage Advice Ltd or I, Dean Novosat, ever accessed AGI's database. In fact, I have vehemently opposed and continue to oppose any such charges. I simply did no wrongdoing in this case, which a trial would prove.

## CONCLUSION

For the above stated reasons, Plaintiff Dean Novosat demonstrates good cause for

removal of default. Since there was no notice given to Plaintiff of any hearing, whether

mandatory or not, the default judgment must be lifted.

Dated December 28, 2005

Dean Novosat

Notary Witness

Defendant
1514 Quarry Lane
Lancaster, PA 17603
717-390-9024

Commonwealth of Pennsylvania
NOTARIAL SEAL
BARBARA E. ECENRODE, Notary Public
East Hempfield Twp., Lancaster Co., PA
My Commission Expires April 23, 2006

## CERIFICATE OF SERVICE

I, Dean Novosat, hereby certify that on December 28, 2005, service of the
foregoing was made on Plaintiff's counsel by email.

**Exhibit H**

**Giovanna Fessenden**

---

**From:**       Giovanna Fessenden
**Sent:**       Friday, September 08, 2006 6:21 PM
**To:**         'Barry A. Solodky'
**Subject:**    RE: AGI v. ALI et al.


Barry,

We appreciate that you are advising your client, but the revisions you are requesting
simply cannot be made.  Dean and Judeann have already agreed in principle to the agreement
as proposed and it is consistent with the Orders already entered by the Court.  You can
either advise your client not to sign the settlement papers and he will continue as a
defendant in the federal court proceedings here in MA, or you can advise him to sign the
settlement papers and make peace with AGI and conclude the MA proceeding.

If we cannot get this matter resolved, we will request the Court to schedule a hearing for
further proceedings in MA.

Please confirm that you will be representing Dean in the MA case, or that we are able to
talk with Dean directly.  If you are representing Dean in the MA case, please file your
appearance.

Also, with your experience in Bankruptcy law, I think you are aware that willful
misconduct cannot be absolved by bankruptcy.

Thanks,
Giovanna


-----Original Message-----
From: Barry A. Solodky [mailto:bas@bbt-law.com]
Sent: Friday, September 08, 2006 5:03 PM
To: Giovanna Fessenden
Subject: RE: AGI v. ALI et al.


Dear Giovanna,

Thanks for your e-mail.

Please understand that I don't wish to create problems but I can't tell my client to
voluntarily sign a document admitting to a crime no matter what the Court has ordered when
the defendant did not appear.  I know that if for some reason a deal fell through and Dean
had to file a bankruptcy petition in the event AGI pursued him he would be able to
litigate the matter, if necessary, so long as a default judgment has been entered where he
has not appeared and raised a defense.  As a much more recent law school grad than me I am
sure you still remember the distinction between res judicata and collateral estoppel which
I am sure you client would raise.

By using the term "alleged" throughout the agreements he is protecting himself while still
giving you everything your client desires.

As a BU undergrad I had a fraternity brother who taught at the Fessenden School.  Are you
from the family for which the school is named?

Hopefully we can quickly resolve this matter.

Barry A. Solodky, Esquire
Blakinger, Byler & Thomas, P.C.
28 Penn Square

1

Lancaster, PA  17603
(717) 509-7273
E-mail: bas@bbt-law.com


-----Original Message-----
From: Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
Sent: Friday, September 08, 2006 4:27 PM
To: Barry A. Solodky
Subject: AGI v. ALI et al.


Hi,

Thanks for your time on the phone right now.

Attached are the court orders.

I will get back to you regarding your proposed settlement terms.

-Giovanna

Giovanna H. Fessenden, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Tel.:   (978) 341-0036 (ext. 3466)
Direct: (978) 202-3466
Fax.:   (978) 341-0136
email:  giovanna.fessenden@hbsr.com
http://www.hbsr.com/


************************************************************************

This email and any files transmitted with it are confidential and may contain attorney-
client privileged information. These materials are intended solely for the use of the
intended recipient. If you are not the intended recipient, any use, distribution, or
disclosure of this transmission is prohibited. If you have received this email in error,
please immediately notify the sender and delete the message from your system.


************************************************************************

**Exhibit I**

**Giovanna Fessenden**

| | |
|---|---|
| **From:** | Giovanna Fessenden |
| **Sent:** | Wednesday, June 28, 2006 5:10 PM |
| **To:** | 'dnovosat@sageadviceltd.com'; Judeann |
| **Subject:** | RE: Settlement Papers and Notice of Hearing for next Thursday, June 29, 2006 at 12:30 |
| **Importance:** | High |
| **Attachments:** | 2006.06.27 Settlement Agreement.doc; 2006.06.27 Final Order and Judgment on Consent1.doc |


2006.06.27
ettlement Agreemen


2006.06.27 Final
Order and Jud...

Attached are the revised settlement papers.  Please let me know if they are acceptable.

Dean - As you will see, Exhibit H is included, and the list of customers is provided as Exhibit I.  Also, regarding ALI's financial records, AGI will pay for shipping.  I revised the order to address this. Now, I believe I have addressed all of your concerns.

Judeann - I have removed all references to Morgan in the papers.  In addition, you had some concerns in your voicemail message as to whether "If we sign these documents, is this it, it's done, it's over with, we don't have to deal with him anymore?"  As you know, I am not your attorney.  I do not represent you, and I encourage you to secure representation. I can not provide you with any legal advise with respect to this question you have raised. Please review the documents with your attorney, and note that AGI does provide you with a release (See Exhibit G).

-Giovanna


-----Original Message-----
From: Dean Novosat [mailto:dnovosat@sageadviceltd.com]
Sent: Friday, June 23, 2006 3:36 PM
To: Giovanna Fessenden
Subject: RE: Settlement Papers and Notice of Hearing for next Thursday, June 29, 2006 at 12:30


Giovanna,

A couple of things:

1. I can't access the Notice that you attached. It looks like a password is needed to access this site. Can you email me a copy of it or will the court be sending it to me via USPS?

2.  In the Final Order para 12, Chris is asking for a non-compete with the clients listed in Appendix A. Appendix A is not attached. How can I possible sign anything stating that I won't compete with clients on a list I haven't seen? How do I know my Father's business or Uncle's business isn't on the list? Can't I train my own family?

3. In the Settlement Agreement para 6 it talks about Exhibit H. What is Exhibit H? I don't see it.

4. If Chris wants all of Acquired's assets, he will need to arrange to pay for shipping. I couldn't afford to box it all up and ship it. This needs to be in there as well.

I will be reading this more in-depth over the weekend and will be back with you.

As far as Clark goes, I haven't seen him in months.

Thank you,

Dean


-----Original Message-----
From: Giovanna Fessenden [mailto:Giovanna.Fessenden@hbsr.com]
Sent: Friday, June 23, 2006 1:01 PM
To: Dean Novosat; Judeann; Jason Morgan
Subject: Settlement Papers and Notice of Hearing for next Thursday, June 29, 2006 at 12:30
Importance: High


Dean and Judeann,

Please note that the court has scheduled a hearing for next Thursday at 12:30 regarding the pending motions.  A copy of the notice is attached.

Attached are the proposed settlement papers along the lines we have discussed.

Can you please forward me Clark Edward's address so I can send him the papers?

Please get back to me as soon as possible.


-Giovanna

Giovanna H. Fessenden, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA 01742-9133
Tel.:    (978) 341-0036 (ext. 3466)
Direct: (978) 202-3466
Fax.:   (978) 341-0136
email:  giovanna.fessenden@hbsr.com
http://www.hbsr.com/


*********************************************************************

This email and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are intended solely for the use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.


*********************************************************************

**Exhibit J**

BROOK

SMITH &

REYNOLDS, P.C.

*PATENTS, TRADEMARKS*
*COPYRIGHTS & LITIGATION*

530 VIRGINIA ROAD
P.O. BOX 9133
CONCORD, MA 01742-9133
TEL (978) 341-0036
FAX (978) 341-0136
www.hbsr.com

MUNROE H. HAMILTON
(1906-1984)
—
DAVID E. BROOK
JAMES M. SMITH
JOHN L. DUPRÉ
DAVID J. BRODY
MARY LOU WAKIMURA
ALICE O. CARROLL
N. SCOTT PIERCE
SUSAN G. L. GLOVSKY
DOREEN M. HOGLE
DAVID J. THIBODEAU, JR.
ANNE J. COLLINS
TIMOTHY J. MEAGHER
STEVEN G. DAVIS
DEIRDRE E. SANDERS
MARY K. MURRAY
MARK B. SOLOMON
BRIAN T. MORIARTY*
—
THOMAS J. ARRIA
MICHAEL J. BADZINSKI
SUMEDHA A. BAHRI
SETH M. CANNON
JEAN-PAUL CASS
MARIA CEDRONI
H. JOON CHUNG
F. JAMES COE
KRISTIN A. CONNARN
CHRISTINE M. DOE
COLIN C. DURHAM
CAROL A. EGNER
GIOVANNA FESSENDEN
JERRY KAZANJIAN
KEVIN T. SHAUGHNESSY
ROBERT H. UNDERWOOD
KEITH J. WOOD
MICHAEL M. YAMAUCHI
—
OF COUNSEL
LEO R. REYNOLDS
ELIZABETH W. MATA
DARRELL L. WONG
—
PATENT AGENTS
SUSAN M. ABELLEIRA
ALEXANDER AKHIEZER
KAMILAH ALEXANDER
ERIC M. BALICKY
MICHAEL GOTTSELIG
SUSAN C. KELLY
VIVIEN J. TANNOCH-MAGIN
PAMELA A. TORPEY
—
TECHNOLOGY SPECIALISTS
JOHN T. HURLEY
SARAH J. RODRIGUEZ
BOOYONG SHIM LIM
BENJAMIN J. SPARROW
CHRISTIANA ZHANG
—
MICHAEL KEWESHAN
ADMINISTRATIVE DIRECTOR
—
BARBARA J. FORGUE
ADMINISTRATOR OF
PATENT AND
TRADEMARK PRACTICE

*NOT ADMITTED IN MA

August 3, 2006

*Via U.S. Mail*

Ms. Judeann Stipe
1696 Pioneer Road
Lancaster, PA 17602

Re:    American Graphics Institute, Inc. v. Acquired Learning, Inc., *et al.*
          Civil Action No.: 05-11857 JLT - Notice of Conference

Dear Judeann:

Enclosed for your signature are three (3) original copies of the Final Order and Judgment on Consent and Settlement Agreement for this civil action.

If the settlement papers are acceptable, please sign them and return them to me in the enclosed, self-addressed, stamped envelope. Once all the parties have signed the papers, we will file the executed Final Order and Judgment on Consent with the court.

Remember that we represent AGI and do not represent you, and we cannot provide you with any legal advice. We encourage you to seek the advice of counsel for this case, and review these settlement papers with your attorneys.

Very truly yours,

Giovanna H. Fessenden

GHF/lb
Enclosures

@PFDesktop\:ODMA/MHODMA/HBSR05;iManage;641040;1

**<u>Exhibit K</u>**

**HAMILTON**
**BROOK**
**SMITH &**
**REYNOLDS, P.C.**

*PATENTS, TRADEMARKS*
*COPYRIGHTS & LITIGATION*

530 VIRGINIA ROAD
P.O. BOX 9133
CONCORD, MA 01742-9133
TEL (978) 341-0036
FAX (978) 341-0136
www.hbsr.com

MUNROE H. HAMILTON
(1906-1984)

DAVID E. BROOK
JAMES M. SMITH
JOHN L. DuPRÉ
DAVID J. BRODY
MARY LOU WAKIMURA
ALICE O. CARROLL
N. SCOTT PIERCE
SUSAN G. L. GLOVSKY
DOREEN M. HOGLE
DAVID J. THIBODEAU, JR.
ANNE J. COLLINS
TIMOTHY J. MEAGHER
STEVEN G. DAVIS
DEIRDRE E. SANDERS
MARY K. MURRAY
MARK B. SOLOMON
BRIAN T. MORIARTY*

THOMAS J. ARRIA
MICHAEL J. BADZINSKI
SUMEDHA A. BAHRI
SETH M. CANNON
JEAN-PAUL CASS
MARIA CEDRONI
H. JOON CHUNG
F. JAMES COE
KRISTIN A. CONNARN
CHRISTINE M. DOE
COLIN C. DURHAM
CAROL A. EGNER
GIOVANNA FESSENDEN
JERRY KAZANJIAN
KEVIN T. SHAUGHNESSY
ROBERT H. UNDERWOOD
KEITH J. WOOD
MICHAEL M. YAMAUCHI

OF COUNSEL
LEO R. REYNOLDS
ELIZABETH W. MATA
DARRELL L. WONG

PATENT AGENTS
SUSAN M. ABELLEIRA
ALEXANDER AKHIEZER
KAMILAH ALEXANDER
ERIC M. BALICKY
MICHAEL GOTTSELIG
SUSAN C. KELLY
VIVIEN J. TANNOCH-MAGIN
PAMELA A. TORPEY

TECHNOLOGY SPECIALISTS
JOHN T. HURLEY
SARAH J. RODRIGUEZ
BOOYONG SHIM LIM
BENJAMIN J. SPARROW
CHRISTIANA ZHANG

MICHAEL KEWESHAN
ADMINISTRATIVE DIRECTOR

BARBARA J. FORGUE
ADMINISTRATOR OF
PATENT AND
TRADEMARK PRACTICE

*NOT ADMITTED IN MA

August 14, 2006

*Via U.S. Mail*

Mr. Dean Novosat
1514 Quarry Lane
Lancaster, PA 17603-2467

Re:    American Graphics Institute, Inc. v. Acquired Learning, Inc., *et al.*
       Civil Action No.: 05-11857 JLT - Notice of Conference

Dear Dean:

Enclosed for your signature are three (3) original copies of the Final Order and Judgment on Consent and Settlement Agreement for this civil action.

If the settlement papers are acceptable, please sign them and return them to me in the enclosed, self-addressed, stamped envelope. Once all the parties have signed the papers, we will file the executed Final Order and Judgment on Consent with the court.

Remember that we represent AGI and do not represent you, and we cannot provide you with any legal advice. We encourage you to seek the advice of counsel for this case, and review these settlement papers with your attorneys.

Very truly yours,

Giovanna H. Fessenden

GHF/lb
Enclosures

@PFDesktop\::ODMA/MHODMA/HBSR05;iManage;643320;1

**Exhibit L**

**From:**     Judeann Stipe [sales@acquiredlearning.com]
**Sent:**     Sunday, July 11, 2004 10:07 AM
**To:**       Schenkel, Leslie
**Subject:** Training

Hi Leslie,

I wanted to make sure you got my earlier email? I was having problems
setting up my new system. Please respond to this email and let me know you
got it.

Also, I really want to thank you for the support you have provided so far.
It means a lot to me to have you follow me and help get things off to a
great start. I am coming down to meet with you soon and lunch is on me!

Thanks,
Judeann

**From:**   Judeann Stipe [sales@acquiredlearning.com]

**Sent:**   Monday, July 12, 2004 1:39 PM

**To:**   Schenkel, Leslie

**Subject:** Re: Training

Hi Leslie,

I was reviewing pricing options and wanted to run some prices by you. Would
$1200/day for up to 6 attendees on PC's and $1500 per day for up to 6
attendees on Mac's work? We would supply 6 Mac laptops for the training.
Software would be installed as well.

Let me know and then we can go from here.

Thanks,
Judeann

On 7/12/04 9:14 AM, "Schenkel, Leslie" <lschenkel@ets.org> wrote:

> Got it!!!
>
> and Your Welcome!!!
>
> Leslie
>
> -----Original Message-----
> From: Judeann Stipe [mailto:sales@acquiredlearning.com]
> Sent: Sunday, July 11, 2004 10:07 AM
> To: Schenkel, Leslie
> Subject: Training
>
>
> Hi Leslie,
>
> I wanted to make sure you got my earlier email? I was having problems
> setting up my new system. Please respond to this email and let me know you
> got it.
>
> Also, I really want to thank you for the support you have provided so far.
> It means a lot to me to have you follow me and help get things off to a
> great start. I am coming down to meet with you soon and lunch is on me!
>
> Thanks,
> Judeann
>
>
>
>
> ********************************************************************

> This e-mail and any files transmitted with it may contain privileged or
> confidential information. It is solely for use by the individual for whom
> it is intended, even if addressed incorrectly. If you received this e-mail
> in error, please notify the sender; do not disclose, copy, distribute, or
> take any action in reliance on the contents of this information; and delete
> it from your system. Any other use of this e-mail is prohibited. Thank you
> for your compliance.
>
>

**From:**     Judeann Stipe [sales@acquiredlearning.com]
**Sent:**     Monday, July 12, 2004 1:34 PM
**To:**       Mccray, Sonya; Schenkel, Leslie
**Subject:**  Re: Form

Hi Sonia and Leslie,

I have asked Clark to check the fax and verify it was received.

Thanks,
Judeann

On 7/12/04 12:04 PM, "Mccray, Sonya" <smccray@ets.org> wrote:

> Good Morning Judeann:
>
> I've faxed over the form, please fill it out and fax it back to me at
> 609-497-6072 also please include the W9 form as well.
> Thanks.
>
>
> Educational Testing Service
> Printing & Publishing Service
> Telephone# 609-406-5202
> Fax# 609-497-6072
>
>
>
>
> ********************************************************************
> This e-mail and any files transmitted with it may contain privileged or
> confidential information. It is solely for use by the individual for whom
> it is intended, even if addressed incorrectly. If you received this e-mail
> in error, please notify the sender; do not disclose, copy, distribute, or
> take any action in reliance on the contents of this information; and delete
> it from your system. Any other use of this e-mail is prohibited. Thank you
> for your compliance.
>
>
>

**From:**     Judeann Stipe [sales@acquiredlearning.com]
**Sent:**     Monday, July 12, 2004 4:31 PM
**To:**       Schenkel, Leslie
**Cc:**       Delate-Miller, Laura
**Subject:**  Re: Training

Hi,

The software should be installed by ETS for the PC's.

So, I guess the next step is getting some dates nailed down, What do you
want to have happen in August and September?

Thanks,
Judeann

On 7/12/04 2:06 PM, "Schenkel, Leslie" <lschenkel@ets.org> wrote:

> The pricing is very fair.
> Would you be supplying software for the PCs or do I need to have that
> pre-loaded on our training machines?
>
> Leslie
>
> -----Original Message-----
> From: Judeann Stipe [mailto:sales@acquiredlearning.com]
> Sent: Monday, July 12, 2004 1:39 PM
> To: Schenkel, Leslie
> Subject: Re: Training
>
>
> Hi Leslie,
>
> I was reviewing pricing options and wanted to run some prices by you. Would
> $1200/day for up to 6 attendees on PC's and $1500 per day for up to 6
> attendees on Mac's work? We would supply 6 Mac laptops for the training.
> Software would be installed as well.
>
> Let me know and then we can go from here.
>
> Thanks,
> Judeann
>
> On 7/12/04 9:14 AM, "Schenkel, Leslie" <lschenkel@ets.org> wrote:
>
>> Got it!!!
>>
>> and Your Welcome!!!
>>

>> Leslie
>>
>> -----Original Message-----
>> From: Judeann Stipe [mailto:sales@acquiredlearning.com]
>> Sent: Sunday, July 11, 2004 10:07 AM
>> To: Schenkel, Leslie
>> Subject: Training
>>
>>
>> Hi Leslie,
>>
>> I wanted to make sure you got my earlier email? I was having problems
>> setting up my new system. Please respond to this email and let me know you
>> got it.
>>
>> Also, I really want to thank you for the support you have provided so far.
>> It means a lot to me to have you follow me and help get things off to a
>> great start. I am coming down to meet with you soon and lunch is on me!
>>
>> Thanks,
>> Judeann
>>
>>
>>
>>
>> ************************************************************************
>> This e-mail and any files transmitted with it may contain privileged or
>> confidential information. It is solely for use by the individual for whom
>> it is intended, even if addressed incorrectly. If you received this e-mail
>> in error, please notify the sender; do not disclose, copy, distribute, or
>> take any action in reliance on the contents of this information; and
> delete
>> it from your system. Any other use of this e-mail is prohibited. Thank you
>> for your compliance.
>>
>>
>
>
>
> ************************************************************************
> This e-mail and any files transmitted with it may contain privileged or
> confidential information. It is solely for use by the individual for whom
> it is intended, even if addressed incorrectly. If you received this e-mail
> in error, please notify the sender; do not disclose, copy, distribute, or
> take any action in reliance on the contents of this information; and delete
> it from your system. Any other use of this e-mail is prohibited. Thank you
> for your compliance.
>
>

**From:**     Judeann Stipe [sales@acquiredlearning.com]
**Sent:**     Tuesday, July 13, 2004 9:25 AM
**To:**       Schenkel, Leslie
**Subject:** Re: Training

Hi,

I am checking with the instructor for availability, but, think we can do the
week you have listed below.

I will get back to you shortly with a confirmation.

Thanks,
Judeann

On 7/13/04 8:48 AM, "Schenkel, Leslie" <lschenkel@ets.org> wrote:

> I'm going to need 4 mac sessions and 1 pc session before August 18th. Prefer
> the week of Aug 9-13.
> Let me know the dates that are good and I'll arrange the names and training
> room.
>
> Leslie
>
> -----Original Message-----
> From: Judeann Stipe [mailto:sales@acquiredlearning.com]
> Sent: Monday, July 12, 2004 4:31 PM
> To: Schenkel, Leslie
> Cc: Delate-Miller, Laura
> Subject: Re: Training
>
>
> Hi,
>
> The software should be installed by ETS for the PC's.
>
> So, I guess the next step is getting some dates nailed down, What do you
> want to have happen in August and September?
>
> Thanks,
> Judeann
>
> On 7/12/04 2:06 PM, "Schenkel, Leslie" <lschenkel@ets.org> wrote:
>
>> The pricing is very fair.
>> Would you be supplying software for the PCs or do I need to have that
>> pre-loaded on our training machines?
>>
>> Leslie

>>
>> -----Original Message-----
>> From: Judeann Stipe [mailto:sales@acquiredlearning.com]
>> Sent: Monday, July 12, 2004 1:39 PM
>> To: Schenkel, Leslie
>> Subject: Re: Training
>>
>>
>> Hi Leslie,
>>
>> I was reviewing pricing options and wanted to run some prices by you.
> Would
>> $1200/day for up to 6 attendees on PC's and $1500 per day for up to 6
>> attendees on Mac's work? We would supply 6 Mac laptops for the training.
>> Software would be installed as well.
>>
>> Let me know and then we can go from here.
>>
>> Thanks,
>> Judeann
>>
>> On 7/12/04 9:14 AM, "Schenkel, Leslie" <lschenkel@ets.org> wrote:
>>
>>> Got it!!!
>>>
>>> and Your Welcome!!!
>>>
>>> Leslie
>>>
>>> -----Original Message-----
>>> From: Judeann Stipe [mailto:sales@acquiredlearning.com]
>>> Sent: Sunday, July 11, 2004 10:07 AM
>>> To: Schenkel, Leslie
>>> Subject: Training
>>>
>>>
>>> Hi Leslie,
>>>
>>> I wanted to make sure you got my earlier email? I was having problems
>>> setting up my new system. Please respond to this email and let me know
> you
>>> got it.
>>>
>>> Also, I really want to thank you for the support you have provided so
> far.
>>> It means a lot to me to have you follow me and help get things off to a
>>> great start. I am coming down to meet with you soon and lunch is on me!
>>>
>>> Thanks,
>>> Judeann
>>>
>>>
>>>
>>>

>>>
> ********************************************************************
>>> This e-mail and any files transmitted with it may contain privileged or
>>> confidential information. It is solely for use by the individual for whom
>>> it is intended, even if addressed incorrectly. If you received this
> e-mail
>>> in error, please notify the sender; do not disclose, copy, distribute, or
>>> take any action in reliance on the contents of this information; and
>> delete
>>> it from your system. Any other use of this e-mail is prohibited. Thank
> you
>>> for your compliance.
>>>
>>>
>>
>>
>>
>> ********************************************************************
>> This e-mail and any files transmitted with it may contain privileged or
>> confidential information. It is solely for use by the individual for whom
>> it is intended, even if addressed incorrectly. If you received this e-mail
>> in error, please notify the sender; do not disclose, copy, distribute, or
>> take any action in reliance on the contents of this information; and
> delete
>> it from your system. Any other use of this e-mail is prohibited. Thank you
>> for your compliance.
>>
>>
>
>
>
> ********************************************************************
> This e-mail and any files transmitted with it may contain privileged or
> confidential information. It is solely for use by the individual for whom
> it is intended, even if addressed incorrectly. If you received this e-mail
> in error, please notify the sender; do not disclose, copy, distribute, or
> take any action in reliance on the contents of this information; and delete
> it from your system. Any other use of this e-mail is prohibited. Thank you
> for your compliance.
>
>

**From:**    Judeann Stipe [sales@acquiredlearning.com]
**Sent:**    Tuesday, July 13, 2004 6:28 PM
**To:**      Schenkel, Leslie
**Subject:** Re: Training

Hi,

Brian is available Aug 11,12 & 13 as well as the entire week following.
I have him on hold for the dates until you get back to me. He will also be
calling you to touch base prior to the July 20th session.

Did Sonia get the papers we sent back? Should we send you an invoice via
email? I need to get the 20th listed first and then you and I can get the
other dates lined up. Is it possible to get a credit card payment for the
first session?

I will be home tomorrow, if you are available I will call you to finalize
all of this. Let me know.

Thanks,
Judeann


On 7/13/04 10:58 AM, "Schenkel, Leslie" <lschenkel@ets.org> wrote:

> Updates:
>
> I have reserved a room for Mac training for August 9-13.
> August 10th we can only use it until 2:30.
>
> I have August 16th for PC training.
>
> I hope this works for you cause rooms are getting scarse
>
> -----Original Message-----
> From: Judeann Stipe [mailto:sales@acquiredlearning.com]
> Sent: Tuesday, July 13, 2004 9:25 AM
> To: Schenkel, Leslie
> Subject: Re: Training
>
>
> Hi,
>
> I am checking with the instructor for availability, but, think we can do the
> week you have listed below.
>
> I will get back to you shortly with a confirmation.
>

> Thanks,

> Judeann

>

> On 7/13/04 8:48 AM, "Schenkel, Leslie" <lschenkel@ets.org> wrote:

>

>> I'm going to need 4 mac sessions and 1 pc session before August 18th.
> Prefer

>> the week of Aug 9-13.

>> Let me know the dates that are good and I'll arrange the names and
> training

>> room.

>>

>> Leslie

>>

>> -----Original Message-----

>> From: Judeann Stipe [mailto:sales@acquiredlearning.com]

>> Sent: Monday, July 12, 2004 4:31 PM

>> To: Schenkel, Leslie

>> Cc: Delate-Miller, Laura

>> Subject: Re: Training

>>

>>

>> Hi,

>>

>> The software should be installed by ETS for the PC's.

>>

>> So, I guess the next step is getting some dates nailed down, What do you

>> want to have happen in August and September?

>>

>> Thanks,

>> Judeann

>>

>> On 7/12/04 2:06 PM, "Schenkel, Leslie" <lschenkel@ets.org> wrote:

>>

>>> The pricing is very fair.

>>> Would you be supplying software for the PCs or do I need to have that

>>> pre-loaded on our training machines?

>>>

>>> Leslie

>>>

>>> -----Original Message-----

>>> From: Judeann Stipe [mailto:sales@acquiredlearning.com]

>>> Sent: Monday, July 12, 2004 1:39 PM

>>> To: Schenkel, Leslie

>>> Subject: Re: Training

>>>

>>>

>>> Hi Leslie,

>>>

>>> I was reviewing pricing options and wanted to run some prices by you.
>> Would

>>> $1200/day for up to 6 attendees on PC's and $1500 per day for up to 6

>>> attendees on Mac's work? We would supply 6 Mac laptops for the training.

>>> Software would be installed as well.

>>>
>>> Let me know and then we can go from here.
>>>
>>> Thanks,
>>> Judeann
>>>
>>> On 7/12/04 9:14 AM, "Schenkel, Leslie" <lschenkel@ets.org> wrote:
>>>
>>>> Got it!!!
>>>>
>>>> and Your Welcome!!!
>>>>
>>>> Leslie
>>>>
>>>> -----Original Message-----
>>>> From: Judeann Stipe [mailto:sales@acquiredlearning.com]
>>>> Sent: Sunday, July 11, 2004 10:07 AM
>>>> To: Schenkel, Leslie
>>>> Subject: Training
>>>>
>>>>
>>>> Hi Leslie,
>>>>
>>>> I wanted to make sure you got my earlier email? I was having problems
>>>> setting up my new system. Please respond to this email and let me know
>> you
>>>> got it.
>>>>
>>>> Also, I really want to thank you for the support you have provided so
>> far.
>>>> It means a lot to me to have you follow me and help get things off to a
>>>> great start. I am coming down to meet with you soon and lunch is on me!
>>>>
>>>> Thanks,
>>>> Judeann
>>>>
>>>>
>>>>
>>>>
>> *************************************************************************
>>>> This e-mail and any files transmitted with it may contain privileged or
>>>> confidential information. It is solely for use by the individual for
> whom
>>>> it is intended, even if addressed incorrectly. If you received this
>> e-mail
>>>> in error, please notify the sender; do not disclose, copy, distribute,
> or
>>>> take any action in reliance on the contents of this information; and
>>> delete
>>>> it from your system. Any other use of this e-mail is prohibited. Thank
>> you
>>>> for your compliance.
>>>>



```
>>>>
>>>
>>>
>>>
>>>
> ***********************************************************************
>>> This e-mail and any files transmitted with it may contain privileged or
>>> confidential information. It is solely for use by the individual for whom
>>> it is intended, even if addressed incorrectly. If you received this
> e-mail
>>> in error, please notify the sender; do not disclose, copy, distribute, or
>>> take any action in reliance on the contents of this information; and
>> delete
>>> it from your system. Any other use of this e-mail is prohibited. Thank
> you
>>> for your compliance.
>>>
>>>
>>
>>
>>
>> ***********************************************************************
>> This e-mail and any files transmitted with it may contain privileged or
>> confidential information. It is solely for use by the individual for whom
>> it is intended, even if addressed incorrectly. If you received this e-mail
>> in error, please notify the sender; do not disclose, copy, distribute, or
>> take any action in reliance on the contents of this information; and
> delete
>> it from your system. Any other use of this e-mail is prohibited. Thank you
>> for your compliance.
>>
>>
>
>
>
> ***********************************************************************
> This e-mail and any files transmitted with it may contain privileged or
> confidential information. It is solely for use by the individual for whom
> it is intended, even if addressed incorrectly. If you received this e-mail
> in error, please notify the sender; do not disclose, copy, distribute, or
> take any action in reliance on the contents of this information; and delete
> it from your system. Any other use of this e-mail is prohibited. Thank you
> for your compliance.
>
>
```