UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN GRAPHICS INSTITUTE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ACQUIRED LEARNING, INC., JUDEANN STIPE, DEAN NOVOSAT, CLARK EDWARDS, SAGE ADVICE, LTD., and CARL LEINBACH,<br><br>Defendants. | Civil Action No. 05-11857-JLT |

## FINAL ORDER AND JUDGMENT ON CONSENT

The parties hereto having agreed to settle the matters at issue, and to the entry of this Final Judgment on Consent,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the defendants, and over the subject matter of this action issue.

2. The parties have stipulated to the facts set forth in paragraphs 3-11 below and the Court accepts these stipulated facts as its findings of fact in this action.

3. The plaintiff American Graphics Institute, Inc. ("AGI") owns and controls trade secrets and confidential customer information in its customer lists and customer databases it maintains on a protected computer system ("Customer Information") which is essential to the operation of AGI's business. AGI's Customer Information constitutes protected trade secrets under Massachusetts law and defendants disclaim any and all right, claim, title, and interest in the trade secrets.

1

4. Plaintiff AGI, in 2004, had economically beneficial business relationships with its customers, including but not limited to Education Testing Systems, Inc. and Adobe Systems, Inc., and anticipates a reasonable expectancy of financial benefit to be derived from its business relationships with its customers.

5. Plaintiff AGI has been operating under the name AGI for over five years. During that time, AGI has become highly respected and accumulated good will in association with its name.

6. Defendants Dean Novosat and Clark Edwards operated the defendant corporation, Acquired Learning, Inc. ("Acquired"). Judeann Stipe is a former employee of Acquired. Defendant Dean Novosat operates Sage Advice, Ltd. ("Sage Advice").

7. Agents of defendant Acquired, on numerous occasions in July of 2004, intentionally accessed AGI's protected computers in Massachusetts without authorization, and obtained information including AGI's valuable trade secrets, confidential business information, and other proprietary information, including AGI's Customer Information thereby causing losses and harm to AGI in excess of $5,000, including but not limited to, harm to AGI's reputation, goodwill, and business relationships. Such actions by Agents of defendant Acquired caused AGI to sustain a loss of money, securities and other tangible property with intrinsic value.

8. Agents of defendant Acquired, beginning in 2004, willfully misappropriated AGI's Customer Information and used that Customer Information to solicit customers who would otherwise purchase courses or publications offered by AGI, all in competition with AGI, and AGI has been damaged thereby.

9. Agents of defendant Acquired, at all relevant times, had knowledge of AGI's relationships with its customers and interfered with AGI's business relationships by improperly

obtaining AGI's Customer Information and using that Information to steer business away from AGI to Acquired, and as a direct result of Acquired's such acts, AGI suffered losses of its advantageous business relationship with its customers.

    10.    Agents of defendant Acquired embarked on a course of conduct in 2004 to compete unfairly with AGI by misdirecting customers that would otherwise purchase courses or publications offered by AGI. As part of this scheme of misdirecting customers, defendant Acquired has willfully engaged in the following acts that were likely to lead to consumer confusion:

    a.    Agents of defendant Acquired misappropriated AGI's proprietary content, including AGI's confidential Customer Information, in undertaking a venture to compete with AGI;

    b.    Acquired operated its business from the same location previously occupied by plaintiff AGI, offering services identical to those of AGI, using a business name, "ALI", that is strikingly similar to plaintiff's business name, AGI, and using instructors and employees formerly associated with AGI;

    c.    Agents of defendant Acquired used AGI's course titles and course descriptions on defendant Acquired's website and on defendant Acquired's advertising materials; and

    d.    Agents of defendant Acquired undertook actions designed or intended to hide their conduct, including but not limited to making changes to AGI's computer systems.

    11.    As a direct and proximate result of the above acts, defendant Acquired has realized and has retained profits and other benefits rightfully belonging to AGI and has caused,

and are in a position to continue to cause, substantial and irreparable harm to AGI's reputation, goodwill, and business relationships.

12. Based on the alleged foregoing stipulated facts, the Court hereby orders and enjoins each of the defendants Acquired, Judeann Stipe, Dean Novosat, Sage Advice, and Clark Edwards, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination with them:

   a. From accessing or attempting to access AGI's computer systems, and from using directly or indirectly any information they obtained, learned or derived from accessing AGI's computer systems in the past;

   b. From engaging in any conduct or actions to compete with AGI in the computer software training business for a period of thirty-six (36) months from the date of entry of this Order and Judgment on Consent;

   c. From making any use, either directly or indirectly, of AGI's Customer Information;

   d. For a period of thirty-six (36) months from the date of entry of this Order and Judgment on Consent, from engaging in the computer software training business and from responding to any request to perform any computer software training services for any persons, businesses, entities, agents, or anyone else associated with AGI's customers who are listed in Exhibit H of the Settlement Agreement entered into by the parties; and

   e. To deliver to AGI any and all copies of AGI's Customer Information in his or her or its possession, custody or control, including without limitation any

and all information contained in computer files, diskettes, backups, course materials, and marketing materials.

13. The Court further orders and enjoins the defendants as follows:

   a. The defendant Acquired shall cease all operations forthwith; and

   b. Within thirty days from the entry of this Final Order and Judgment on Consent, defendants Acquired and Dean Novosat, shall deliver to AGI all assets of Acquired in Dean Novosat's possession, custody, or control, including but not limited to, database files and copies of all financial documents and business records.

14. This Court retains jurisdiction of this action to enforce this Final Order and Judgment on Consent.

ENTERED this 10Tl day of JAN, 2007, at Boston, Massachusetts.

_____
United States District Judge

| | |
|---|---|
| Approved on behalf of the Plaintiff<br>AMERICAN GRAPHICS INSTITUTE, INC., | Approved on behalf of the Defendants<br>ACQUIRED LEARNING, INC.,<br>JUDEANN STIPE, DEAN NOVOSAT,<br>and SAGE ADVICE, LTD, |
| /s/ Giovanna H. Fessenden<br>John L. DuPré (BBO No. 549659)<br>David J. Brody (BBO No. 058200)<br>Giovanna H. Fessenden (BBO# 654681)<br>Hamilton, Brook, Smith & Reynolds, P.C.<br>530 Virginia Road<br>P.O. Box 9133<br>Concord, Massachusetts 01742-9133<br>Telephone: (978) 341-0036<br>Facsimile: (978) 341-0136<br><br>Attorneys for Plaintiff | /s/ Lauren K. Perry<br>Steven T. Sager (BBO No. 548777)<br>Lauren K. Perry (BBO No. 666298)<br>Sager & Schaffer LLP<br>182 Turnpike Road, Suite 250<br>Westborough, MA 01581<br><br>/s/ Ronald H. Pollock, Jr.<br>Ronald H. Pollock, Jr. (PA I.D. No. 52586)<br>Donald R. Geiter (PA I.D. No. 202629)<br>Joshua G. Parsons (PA I.D. No. 203211)<br>Barley Snyder LLC<br>126 East King Street<br>Lancaster, PA 17602-2893<br><br>Attorneys for Defendants |

697541